Bradley J. Epstein (CA State Bar No. 171567)
bepstein@angius-terry.com
Susana C. Cendejas (CA State Bar No. 236316)
scendejas@angius-terry.com
ANGIUS & TERRY LLP
3001 Lava Ridge Court, Suite 130
Roseville, CA 95661
Telephone:  (916) 567-1400
Facsimile:  (916) 567-1401

Attorneys for Defendant
Auburn Lake Trails Property Owners Association

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

| | |
|---|---|
| IN RE DANIEL MAJOR EDSTROM | Case No.:  12-29353-B-11 |
| Debtor, | Chapter 11 |
| DANIEL MAJOR EDSTROM | Adv. Proc. No.:  13-02132-B |
| Plaintiff, | Docket Control No.  ATL-1 |
| v. | **NOTICE OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT** |
| AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, a California non-profit mutual benefit corporation; et al. | |
| Defendants. | Hearing date: July 23, 2013 |
| | Time:  9:32 a.m. |
| | Courtroom: 32 |
| | Department: B |
| | Hon. Thomas C. Holman |

PLEASE TAKE NOTICE that on July 23, 2013, at 9:32 a.m., or as soon thereafter as the matter may be heard, in Courtroom 32, of the above entitled Court located at 501 I Street, 6th Floor, Sacramento, CA, before the Honorable Thomas C. Holman, Defendant, Auburn Lake Trails Property Owners Association (the "Association") will move this Court for an Order dismissing the Complaint, or in the alternative for a more definite statement.

//

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

NOTICE OF MOTION TO DISMISS
1

1    If Plaintiff-Debtor opposes the Association's motion, such opposition shall be in writing

2  and shall be served and filed with the court by the responding party at least fourteen (14) days

3  preceding the date or continued date of the hearing.  The Association's counsel Bradley J.

4  Epstein and Susana C. Cendejas with the law firm of Angius & Terry LLP, must be served with

5  any opposition at Angius & Terry LLP. 3001 Lava Ridge Court, Suite 130, Roseville, CA

6  95661.

7    Failure to file timely written opposition may result in the motion being resolved without

8  oral argument and the striking of untimely written opposition.

9    Tentative rulings, dispositions without oral argument, matters resolved without oral

10  argument, and matters continued for evidentiary hearings are posted prior to the scheduled

11  hearing on the Court's Internet site, www.caeb.uscourts.gov, at the "Pre-hearing Dispositions"

12  link. Parties appearing by telephone must download and review all pre-hearing dispositions

13  before the hearing. Failure to do so may result in the imposition of sanctions, including taking

14  the matter as submitted without oral argument or continuing the hearing.

15    This motion is based on the this Notice of Hearing, the accompanying Motion and

16  Memorandum of Points & Authorities, the pleadings, papers and records on file in this action,

17  and such oral argument as may be presented at the time of the hearing.

18

19  Dated: May 17, 2013                    ANGIUS & TERRY LLP

20

21                              By: _____

22                              Bradley J. Epstein
                                Susana C. Cendejas
23                              Attorneys for Defendant,
                                Auburn Lake Trails Property
24                              Owners Association

25

26

27

28

**NOTICE OF MOTION TO DISMISS**

Bradley J. Epstein (CA State Bar No. 171567)
bepstein@angius-terry.com
Susana C. Cendejas (CA State Bar No. 236316)
scendejas@angius-terry.com
ANGIUS & TERRY LLP
3001 Lava Ridge Court, Suite 130
Roseville, CA 95661
Telephone: (916) 567-1400
Facsimile: (916) 567-1401

Attorneys for Defendant
Auburn Lake Trails Property Owners Association

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

| | |
|---|---|
| IN RE DANIEL MAJOR EDSTROM | Case No.: 12-29353-B-11 |
| Debtor, | Chapter 11 |
| DANIEL MAJOR EDSTROM | Adv. Proc. No.: 13-02132-B |
| Plaintiff, | Docket Control No.: ATL-1 |
| v. | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT** |
| AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, a California non-profit mutual benefit corporation; et al. | |
| Defendants. | Hearing date: July 23, 2013 |
| | Time: 9:32 a.m. |
| | Courtroom: 32 |
| | Department: B |
| | Hon. Thomas C. Holman |

//
//
//
//
//

ANGIUS & TERRY LLP
3001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

On April 18, 2013, Plaintiff-Debtor filed an adversary complaint against Defendants Auburn Lake Trails Property Owners Association (the "Association"), Allied Trustee Services ("Allied"), and G&P Enterprises, LLC ("G&P"), (collectively referred to herein as "Defendants"). In Plaintiff-Debtor's rambling and conclusory seventy-eight (78) page complaint, he alleges twenty-one (21) causes of action Defendants.

No lien has been filed against Plaintiff-Debtor by any Defendants. The Association is an unsecured creditor whose debt will most likely be discharged in the bankruptcy proceeding. The complaint does not qualify as an adversary proceeding and fails to state any claim upon which relief can be granted. Plaintiff-Debtor's complaint is so vague and ambiguous, that the Association cannot reasonably prepare a response.

The Association requests that the Court dismiss the complaint because it is not an adversary proceeding and for failure to state a claim; or in the alternative require Plaintiff to provide a more definite statement.

### II. RELEVANT FACTS & PROCEDURAL HISTORY

The Association is a homeowners association formed to manage the affairs and common area, including assessment collection of the Auburn Lake Trails development. Through about January 2012 to the present, Plaintiff-Debtor failed to pay Association's monthly assessments of $169.00 per month. (See Itemized Statement as of 04/17/12, attached as Exhibit 6 to Complaint).

Before any further collection action could be taken and before any lien could be filed against Plaintiff-Debtor or his property, Plaintiff-Debtor field for Chapter 11 bankruptcy on May 15, 2012. On or around May 23, 2012, the Association received notice that Plaintiff-Debtor had filed for Chapter 11 bankruptcy. (See Association's letter to Plaintiff-Debtor dated June 12, 2012, attached as Exhibit 10 to Complaint).

On or around June 8, 2013, Plaintiff-Debtor sent a letter to the Association threatening the Association with alleged collection practices violations and other alleged wrongdoings by the Association. (See Plaintiff-Debtor's letter to the Association dated June 8, 2012, attached as

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS
2

1    Exhibit 10 to the Complaint). In his June 8th letter, Plaintiff-Debtor also specifically states,

2    "You are once again urged to contact me at your earliest convenience so we can correct the

3    deficiencies in the ALT collections policy."(*Id.*)

4         On or around June 12, 2012, the Association responded to Plaintiff-Debtor's letter and

5    informed him that because of the "automatic stay" all proceedings against Plaintiff-Debtor and

6    his property would be suspended. (See Association's letter to Plaintiff-Debtor dated June 12,

7    2012, attached as Exhibit 10 to Complaint). The Association's June 12th letter also specifically

8    states, "We will monitor the bankruptcy and will not move forward until we receive the courts

9    decision and the BK is closed." (*Id.*)

10        On April 18, 2013, Plaintiff Debtor filed a complaint for adversary proceeding (the

11    "Complaint") against Defendants. A majority of Plaintiff-Debtor's claims are not related to his

12    bankruptcy action, they are merely attenuated state law claims that Plaintiff-Debtor is

13    attempting to lump together with his bankruptcy action.

14                      **III.  LEGAL ARGUMENT**

15   **A.**     **THE COMPLAINT DOES NOT QUALIFY AS AN ADVERSARY**

16         **PROCEEDING BECAUSE NO LIEN HAS BEEN FILED AND NO CONTENTION HAS BEEN MADE THAT THE CLAIM CANNOT BE**

17         **RESOLVED THROUGH THE BANKRUPTCY ACTION**

18         Federal Bankruptcy Rule 7001 provides which actions qualify as adversary

19    proceedings. Pursuant to Federal Bankruptcy Rule 7001(1)-(10) any of the

20    following qualifies as an adversary proceeding: (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver

21    property to the trustee; (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a pro-ceeding under Rule

22    4003(d); (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property; (4) a proceeding to object

23    to or revoke a discharge, other than an objection to discharge under §§ 727(a)(8), (a)(9), or 1328(f); (5) a proceeding to revoke an order of confirmation of a

24    chapter 11, chapter 12, or chapter 13 plan; (6) a proceeding to determine the dischargeability of a debt; (7) a proceeding to obtain an injunction or other

25    equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief; (8) a proceeding to subordinate any allowed claim or

26    interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination; (9) a proceeding to obtain a declaratory judgment

27    relating to any of the foregoing; or (10) a proceeding to determine a claim or

28    cause of action removed under 28 U.S.C. § 1452.

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

**MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS**
3

No lien has been filed against Plaintiff-Debtor or his property.  The Association is an unsecured creditor, and the pre-petition amounts owed to the Association will most likely be discharged in the bankruptcy proceeding.  The bulk of Plaintiff-Debtor's "claims" are attenuated state law claims that Plaintiff-Debtor is attempting to lump together with his bankruptcy action in order to avoid the fees and costs associated with filing a separate lawsuit against Defendants.

Plaintiff-Debtor claims that he is requesting injunctive relief to "forever" enjoin Defendants from "taking any action to perfect a lien or foreclose non-judicially on Plaintiff-Debtor's real property." (See Complaint at para. 239, lines 19-20)  He further states that his request for injunctive relief is necessary because, "once outside the purview of the bankruptcy court, Plaintiff-Debtor will be unable to declare bankruptcy again and will be vulnerable to retaliation." (See Complaint at para. 239, lines 22-24).  Again, there is no lien currently in place against Plaintiff-Debtor or his property.  Plaintiff-Debtor is attempting to manipulate the bankruptcy process to avoid Association assessments forever, and seeking extraordinary relief for speculatory "retaliation" that he perceives could be take place against him once the bankruptcy has been discharged.

Plaintiff-Debtor has not alleged any facts as to why the Association's claim would not be resolved through the Chapter 11 bankruptcy plan, or that the Association's claim has not already been subordinated as part of the Chapter 11 bankruptcy plan.  The law provides that an adversary proceeding is only necessary when a creditor's claims have not already been subordinated.

Therefore, an adversary proceeding is simply not necessary to resolve Plaintiff-Debtor's claims and must be dismissed.

**B.    THE COMPLAINT MUST BE DISMISSED BECAUSE EACH OF PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW**

The Association seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.

//

ANGIUS & TERRY LLP
1001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
4

1.    **Pleading Standards**

The following sets forth the legal standard on a motion to dismiss for failure to state a

claim on which relief may be granted Fed. R. Civ. P. 12(b)(6):

> The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of
> Civil Procedure, made applicable here under Fed. R. Bankr. P. 7012, is to test the
> legal sufficiency of a plaintiff's claims for relief.  In determining whether a
> plaintiff has advanced potentially viable claims, the complaint is to be construed
> in a light most favorable to the plaintiff and its allegations taken as true.  *Scheuer
> v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Church of
> Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir.1984). . .

*Quad-Cities Constr., Inc. v. Advanta Bus. Servs. Corp.* (*In re Quad-Cities Constr., Inc.*), 254

B.R. 459, 465 (Bankr. D. Idaho 2000).

A plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general

allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S.Ct

1937, 1954 (2009).  Instead, a complaint must set forth enough factual matter to establish

plausible grounds for the relief sought. See *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-66

(2007).  ("[A] plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do.").  Factual allegations must be enough to raise a right to relief above the speculative

level. Id., citing to 5 C. Wright & A. Miller, Fed. Practice and Procedure § 1216, at 235-36 (3d

ed. 2004) ("[T]he pleading must contain something more. . . than . . . a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action").

> A dismissal under Rule 12(b)(6) may be based on the lack of cognizable legal
> theory or on the absence of sufficient facts alleged under a cognizable legal
> theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v.
> Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). . . the Court is not
> required "to accept as true allegations that are merely conclusory, unwarranted
> deductions of fact, or unreasonable inferences." *Sprewell v. Golden State
> Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Courts will not "assume the truth
> of legal conclusions merely because they are cast in the form of factual
> allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th
> Cir. 2003); accord *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
> Furthermore, courts will not assume that plaintiffs "can prove facts which [they]
> have] not alleged, or that the defendants have violated . . . laws in ways that have
> not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of
> Carpenters*, 459 U.S. 519, 526; 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). . .

*Toscano v. Ameriquest Mortg. Co.*, 2007 U.S. Dist. LEXIS 81884 (E.D. Cal. 2007).

    **2.**    <u>**The Complaint Fails to State Any Claim Against the Association**</u>

        a.    <u>The First Cause of Action Fails to State a Claim for Violation of the Automatic Stay because No Post-Petition Actions Have Been Taken Against Plaintiff-Debtor</u>

11 U.S.C. 362 states, in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities,…

Automatic stay serves only as restraint on acts to gain possession of or control over property of estate, **but it does not create affirmative duty to remedy past acts of fraud, bias, or harassment as soon as debtor files bankruptcy petition--stay applies only to acts taken after petition is filed.** *United States v Inslaw, Inc.* (1991, App DC) 289 US App DC 383, 932 F2d 1467. [emphasis added]

In the Complaint, Plaintiff-Debtor alleges that prior to filing for bankruptcy the Association had restricted his access to Association common areas including access to certain vehicle entry gates. (See Complaint at para. 121, lines 17-20). Plaintiff-Debtor also specifically alleges that the Association had pre-petition authority to restrict access to Association common areas. (See Complaint at para. 121, lines 20-21).

Plaintiff-Debtor has not alleged any facts that support this claim that Defendants took any post-petition actions against him. In fact, it was Plaintiff-Debtor that attempted to further harass and communicate with the Association after his bankruptcy petition had been filed. The Association's response to his actions was to send him a letter specifically stating, that because of the "automatic stay" all proceedings against Plaintiff-Debtor and his property would be suspended.

Clearly, there is no violation of the automatic stay, and Plaintiff-Debtor's claim fails as a matter of law.

//

**MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS**

1          b.       The Second Cause of Action Fails to State a Claim for Objection and

2  Disallowance of a Claim because His Complaint Does Not Qualify as an Adversary Proceeding

3          Federal Bankruptcy R 3007(b) provides:

4          Demand for relief requiring an adversary proceeding.  A party in interest shall
           not include a demand for relief of a kind specified in Rule 7001 in an objection
5          to the allowance of a claim, but may include the objection in an adversary
6          proceeding.

7          Federal Bankruptcy R 7001 provides, in relevant part:

8          An adversary proceeding is governed by the rules of this Part VII. The following
           are adversary proceedings:
9

10         …

11             (2) a proceeding to determine the validity, priority, or extent of a lien or
12         other interest in property, other than a pro-ceeding under Rule 4003(d);

13         …

14             (7) a proceeding to obtain an injunction or other equitable relief, except
15         when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the
           relief;
16
               (8) a proceeding to subordinate any allowed claim or interest, except
17         when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for
18         subordination;…

19         Fed. R. Bankr. P. 3007 provides that claim objection is not adversary proceeding if it has

20  not been joined with demand for any of relief described in Fed. R. Bankr. P. 7001; that is, under

21  Fed. R. Bankr. P. 3007 and Fed. R. Bankr. P. 9014, objection to claim does not give rise to

22  adversary proceeding but to contested matter unless objection seeks relief other than

23  disallowance of claim.  *In re FV Steel & Wire Co.* (2007, BC ED Wis) 372 BR 446.

24         Adversary proceeding is only required for claim subordination if subordination is not

25  provided for under Chapter 11 plan; in this case, debtors' plan provided for class of

26  subordinated claims; therefore, adversary proceeding was not required to reach issue of claim

27  subordination. *In re Wash. Mut., Inc.* (2011, BC DC Del) 462 BR 137, 55 BCD 252.

28  //

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
7

No lien has been filed against Plaintiff-Debtor or his property. Therefore, there is no lien to challenge. Plaintiff-Debtor also claims that he is requesting injunctive relief pursuant FRBP 7001(7). However, Plaintiff-Debtor's request for injunctive relief is to "forever" enjoin the Defendants from "taking any action to perfect a lien or foreclose non-judicially on Plaintiff-Debtor's real property." (See Complaint at para. 239, lines 19-20). Again, there is no lien in place against Plaintiff-Debtor or his property and the Association is an unsecured creditor.

Plaintiff-Debtor has not alleged any facts as to why the Association's claim would not be resolved through the Chapter 11 bankruptcy plan or that its claim has already been subordinate as part of the Chapter 11 bankruptcy plan. The law provides that a adversary proceeding is only necessary when a creditor's claims have not already been subordinated. Therefore, an adversary proceeding is simply not necessary to resolve Plaintiff-Debtor's claims, and his Complaint must be dismissed.

      c.   <u>The Third Cause of Action Fails to State a Claim for Breach of Contract</u>

A breach of contract claim requires allegations of (1) existence of a contract, (2) plaintiffs performance or excuse for non-performance, (3) the defendant's breach and (4) plaintiff's damages. *Reichart v. General Ins. Co.* (1968), 68 Cal.2d 822, 830.

In Plaintiff's-Debtor's confusing and rambling claim for breach of contract, he states that the CC&Rs are a contract between him and the Association. However, nowhere does Plaintiff-Debtor state which provisions of the CC&Rs have been allegedly breached. Instead, Plaintiff-Debtor makes allegations that the Association breached the CC&Rs by: failing to take action when Allied ceased to exist in or around 2007; by ratifying an publishing an assessment collection policy; failing to protect the Association's membership by requiring Allied to maintain "adequate insurance"; by failing to maintain control over Association member's identifying information; and failing to have "appropriate controls" over "critical" operational procedures and processes. (See Complaint at para. 138).

The Association is unaware of any provisions of the CC&Rs which, if Plaintiff-Debtor's allegations were true, would constitute a breach of contract. The CC&Rs do provide that Plaintiff-Debtor is obligated to pay assessments when due. (See attached as Exhibit 1 to

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

**MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS**
8

Complaint, the Association's CC&Rs). Specifically, the CC&Rs at Article IV, Section 1(a) provide, in relevant part:

> Each Owner of a Lot by acceptance of a deed therefor (whether or not it shall be so expressed in such deed), covenants and agrees, to pay to the Association the Regular Assessments and Special Assessments hereinafter provided for…

California law also provides that an owner may not withhold assessments owed to the association on the grounds that the owner is entitled to recover money or damages from the association for some other obligation. *Park Place Estates Homeowners Assn. v. Naber* (1994) 29 Cal.App.4th 427.

Plaintiff-Debtor claims that his performance under the CC&Rs was "excused" because the Association supposedly breached the CC&Rs first. (See Complaint at para. 137, lines 14-17). Even if the Association had breached the CC&Rs as alleged in the Complaint, the law specifically provides that Plaintiff-Debtor's failure to pay assessments is not excused. Therefore, Plaintiff-Debtor's breach of contract claim fails as a matter of law.

> d.    The Fourth Cause of Action Fails to State a Claim for Specific Performance because It Is a Remedy not a Cause of Action

A claim for specific performance is a remedy not a separate cause of action. California law at Civil Code Section 3387 provides that specific performance is a remedy for breach of contract:

> It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation. In the case of a single-family dwelling which the party seeking performance intends to occupy, this presumption is conclusive. In all other cases, this presumption is a presumption affecting the burden of proof.

Since specific performance is a remedy not a cause of action Plaintiff-Debtor has not stated a claim for specific performance.

> e.    The Fifth Cause of Action Fails to State a Claim for Violation of Fair Debt Collection Practices Act

FDCPA was enacted in order to eliminate abusive debt collection practices by debt collectors. Specifically, Federal law at 15 U.S.C. 1692(e) provides:

1
2
3
It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4    Plaintiff-Debtor alleges that the Association is "using and impersonating Allied Trustee
5  Services, Inc. in the collection of its own debts", and is "hiding behind this alias".  However,
6  Plaintiff-Debtor fails to state how the Association is "using and impersonating Allied Trustee
7  Services, Inc." or how its actions can be construed as "hiding behind" an alias.

8    Plaintiff-Debtor has also failed to allege which provisions of the FDCPA were violated
9  by the Association and how.  Nor does Plaintiff-Debtor state why or how the FDCPA applies to
10  the Association.  Therefore, his Complaint must be dismissed.

11    f.    The Sixth Cause of Action Fails to State a Claim for Violation of
12  Rosenthal Fair Debt Collection Practices Act

13    The Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") is California's
14  version of the Federal FDCPA.  The Rosenthal Act was enacted to prohibit debt collectors from
15  engaging in unfair or deceptive acts.  Specifically, California Civil Code Section 1788.1(b)
16  provides:

17
18
19
It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

20    Plaintiff-Debtor alleges that the "foregoing acts and omissions of the Defendant
21  constitute numerous and multiple violations of the RFDCPA."

22    Again, Plaintiff-Debtor does not specifying which acts or omission of the Association
23  are violations of the Rosenthal Act.  Nor does he state which provisions of the Rosenthal Act
24  have been violated.  Plaintiff-Debtor's claim for violation of the Rosenthal Act is so vague that
25  it is clear from the pleadings that no such cause of action can exist against the Association.

26    g.    The Seventh Cause of Action Fails to State a Claim for California
27  Business & Professions Code 17200

28    California Business & Professions Code Section 17200 states:

ANGIUS & TERRY LLP
1001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS
10

1      As used in this chapter, unfair competition shall mean and include any unlawful,
2   unfair or fraudulent business act or practice and unfair, deceptive, untrue or
    misleading advertising and any act prohibited by Chapter 1 (commencing with
3   Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

4      To state a claim under California's Unfair Competition Law (UCL), a plaintiff must

5   plead that: (1) defendant engaged in one of the practices prohibited by the statute, and (2)

6   plaintiff suffered actual injury in fact as a result of defendant's actions; while fraud is not a

7   necessary element of a successful UCL claim, when fraud is alleged, the heightened pleading

8   standard applies. *Marolda v. Symantec Corp.*, N.D.Cal.2009, 672 F.Supp.2d 992.  Allegations

9   by mortgagors that mortgagee made false representations about the mortgage loan terms did not

10  satisfy heightened pleading requirement that fraud claims be stated with particularity, and thus,

11  did not state claim for fraud, under California law, absent allegations as to what the

12  misrepresentations were, who made them, when and where they were made, and why

13  mortgagors' reliance on the statements was reasonable. *Kelley v. Mortgage Electronic Regis-*

14  *tration Systems, Inc.*, N.D.Cal.2009, 642 F.Supp.2d 1048.

15     Plaintiff-Debtor alleges that, "Defendants acts and practices are likely to deceive,

16  constituting fraudulent business act or practice."  (See Complaint at para. 156, lines 1-2).

17  However, despite making an allegation for "fraudulent" business acts or practices, Plaintiff-

18  Debtor has failed to satisfy the heightened pleading standard required to support an allegation

19  for fraudulent business practices or acts.  Plaintiff-Debtor fails to allege what representations

20  where made to him, by whom, when, and where they were made.  Most importantly, Plaintiff-

21  Debtor does not allege any facts to support a claim that he reasonably relied on any statements

22  made by Defendants.

23     Therefore, Plaintiff-Debtor's claim for violation of California Business & Professions

24  Code 17200 fails as a matter of law, and his Complaint must be dismissed.

25        h.   The Eighth Cause of Action Fails to State a Claim for Breach of

26  Fiduciary Duty

27     Directors of nonprofit corporations such as association are fiduciaries who are required

28  to exercise their powers in accordance with the duties imposed by the Corporations Code. This

    fiduciary relationship is governed by the statutory standard that requires directors to exercise

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

**MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS**
11

1    due care and undivided loyalty for the interests of the corporation. *Frances T. v. Village Green*

2    *Owners Ass'n.* (1986) 42 Cal.3d 490.

3        In paragraph 171 of the Complaint, Plaintiff-Debtor alleges constructive fraud against

4    the Association for failure to take certain acts with respect to co-defendant Allied.  However,

5    Plaintiff-Debtor fails to state whether those acts occurred and whether they were a breach of the

6    Association's fiduciary duty.

7        In his typical conclusory manner, Plaintiff-Debtor also alleges that "Defendants should

8    be disgorged of their funds that have converted to their personal use, and those funds should be

9    returned to their rightful owners."  (See Complaint at para. 172, lines 27-28).  First, it is

10   impossible to ascertain which funds Plaintiff-Debtor is referring to.  Second, Plaintiff-Debtor

11   makes a serious allegation against the Association will respect to the use of funds for its

12   personal use without any facts whatsoever to support the claim.

13       In addition, Plaintiff-Debtor makes allegations regarding the alleged "longstanding

14   mismanagement" of the Association, claiming that it is insolvent and incapable of self-

15   management.  He further requests that the court appoint a receiver and/or conservator to oversee

16   the affairs of the Association.  Here again, Plaintiff-Debtor provides no facts to support his

17   allegation that the Association is being "mismanagement", or "incapable of self-management".

18   Nor does he clearly state which acts by the Association are an alleged breach of its fiduciary

19   duty.  Therefore, Plaintiff-Debtor fails to state a claim upon which relief can be granted

20           i.     The Ninth Cause of Action Fails to State a Claim for Fraudulent

21   Misrepresentation

22       A fraud claim requires allegations of (1) misrepresentation, (2) its falsity, (3) the

23   defendant's knowledge of its falsity, (4) the defendant's intent to induce reliance on the false

24   statement, (5) justifiable reliance on plaintiff on the false statement, and (6) resulting damages.

25   5 Witkin, *Summary of California law, Torts §772* (10th Ed. 2005).  In alleging fraud or mistake,

26   a party must state with particularity the circumstances constituting fraud or mistake. Malice,

27   intent, knowledge, and other conditions of a person's mind may be alleged generally.  (FRCP

28   Rule 9(b).

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS
12

1    Through, Plaintiff-Debtor's ramblings of the alleged wrongs done to him by the

2 Association there is no clear indication that he has met the stringent pleading standards for a

3 fraudulent misrepresentation claim.  He states that he was ordered to pay "Allied Trustee

4 Services, Inc.", however, nowhere in his Complaint does he state that he in fact justifiably relied

5 on any statement made by the Association or that he paid any sum of money to the Association

6 or Allied.  (See Comaplaint at para. 176, lines 12-14).  Nor is it clear what damages, if any,

7 have been suffered by Plaintiff-Debtor for allegedly fraudulent statements made by the

8 Association.

9    As a matter of law, Plaintiff-Debtor has failed to establish a claim for fraudulent

10 misrepresentation.

11        j.    The Tenth Cause of Action Fails to State a Claim for Negligence

12    There are five distinct elements essential to a tort cause of action, including an action

13 based on negligence: (1) duty on the part of defendant to use due care; (2) breach of that duty;

14 (3) detriment to plaintiff (that is, plaintiff's loss or harm suffered in person or property); (4)

15 plaintiff's detriment being a proximate result of defendant's breach of duty; and (5) damages

16 (that is, the measure of the detriment in terms of money).  1-1 California Torts § 1.01

17    Plaintiff-Debtor alleges that the Association breached its duty to him when Allied

18 ceased to exist.  However, Plaintiff-Debtor has submitted information showing that Allied was

19 registered and validly doing business in Placer County. (See Exhibit 4 to Complaint).  When

20 Plaintiff-Debtor failed to pay monthly assessments his case was referred to Allied, and Allied

21 sent him a letter specifically stating that they represented the Association. (See Allied's letter to

22 Plaintiff-Debtor dated April 17, 2013, attached as Exhibit 6 to Complaint).  Plaintiff-Debtor

23 alleges that this letter alone caused him severe emotional distress.  However, Plaintiff-Debtor

24 has failed to state what damages he has suffered as result of the Association's alleged

25 negligence.  Plaintiff-Debtor has been avoiding his Association assessment payments for well

26 over a year, he clearly has not been damaged by any alleged negligence by the Association.

27    Therefore, Plaintiff-Debtor's claim for negligence fails as a matter of law.

28 //

1       k.      The Eleventh Cause of Action Fails to State a Claim for Slander of Title

2       In order to have a claim for slander of title pursuant to California law Plaintiff-Debtor

3   must show: "Disparagement or slander of title is a publication made without a privilege or

4   justification of matter that is untrue and is disparaging to another's property in land, chattels or

5   intangible things under such circumstances as would lead a reasonable man to foresee that the

6   conduct of a third person as a purchaser or lessee thereof might be determined thereby and that

7   results in pecuniary loss from the impairment of vendability thus caused." (Rest. Torts, § 624,

8   quoted *in Gudger v. Manton* (1943), 21 Cal.2d 537, 541.  The burden of proof of the lack of

9   privilege is on the plaintiff.  *Spencer v. Harmon Enterprises, Inc.* (1965) 234 Cal.App.2d 614,

10  622.

11      Since no lien has been filed there can be no claim for slander of title.

12      l.      The Twelfth Cause of Action Fails to State a Claim for Intentional

13  Infliction of Emotional Distress

14      To state a claim for intentional infliction of emotional distress, a plaintiff must plead and

15  prove: (a) extreme and outrageous conduct with the intention of causing, or reckless disregard

16  for the probability of causing, emotional distress; (b) the suffering of severe or extreme

17  emotional distress; and (c) actual proximate causation of the emotional distress by the

18  defendant's outrageous conduct.  *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.

19  The intentional conduct complained of must exceed "all bounds of usually tolerated by decent

20  society, of a nature which is *especially calculated to cause*, and does cause, mental distress of a

21  very serious kind."  *Id.*, 54 Cal.3d at 904-905 (quoting *Ochoa v. Superior Court* (1985) 39

22  Cal.3d 159, 165).  Severe emotional distress means "emotional distress of such substantial

23  quality or enduring quality that no reasonable [person] in civilized society should be expected to

24  endure it."  *Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1004.

25      Plaintiff-Debtor's twelfth cause of action simply does not meet these pleading

26  requirements.  Instead he makes allegations unsupported by fact that Defendants incessantly

27  harassed him both before and after he filed for bankruptcy, and that he fears for his safety and

28  that of his family. (See the Complaint at para. 200, lines 18-19, see also para. 199, lines 8-9)  He

further alleges that he is "constantly worried, anxious and nervous that he will not only be

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS
14

1    deprived of access to the automated bar code gates, but denied access to his property." (See

2    Complaint at para. 200, lines 26-28).  However, he fails to state any facts which support his

3    allegations.

4        Although a court assumes the truth of properly pled factual allegations, it need not

5    accept as true conclusory statements, unwarranted deductions of fact, unreasonable inferences,

6    or conclusions of law. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678-79.

7        While Plaintiff-Debtor's dispute with the Association may be "stressful" he has not

8    alleged any facts that would support a claim for intentional infliction of emotional distress.

9            m.    The Thirteenth Cause of Action Fails to State a Claim for Negligent

10   Infliction Emotional Distress

11       Unless the defendant has assumed a duty to plaintiff in which the emotional condition of

12   the plaintiff is an object, recovery is available only if the emotional distress arises out of  the

13   defendant's breach of some other legal duty and the emotional distress is proximately caused by

14   that breach of duty.  Even then, with rare exceptions, a breach of the duty must threaten

15   physical injury, not simply damage to property or financial interests. *See Cooper v. Superior*

16   *Court* (1984) 153 Cal.App.3d 1008, 1012-1013; *Quezada v. Hart* (1977) 67 Cal.App.3d 754,

17   761-763.

18       Plaintiff-Debtor again alleges that he has suffered emotional distress at the hands of the

19   Association.  Plaintiff-Debtor states that he was "nervous" and "embarrassed" because he was

20   denied access to the gate most conveniently located to his home.  (See Complaint para. 210,

21   lines 15-20).  He further alleges that he "suffered severe agitation, nervousness…" "never

22   knowing if he was going to be denied entry on to his own property."(See Complaint at para.

23   210, lines 25-28)

24       However, he states no facts of that support a claim that any action was performed by the

25   Association to support his alleged fears and concerns, or to reasonable justify his "nervousness"

26   and agitation.  While he may have been inconvenienced and his dispute with the Association

27   may have been stressful, he has not stated a claim for negligent infliction of emotional distress.

28   //

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

**MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS**
15

n.    The Fourteenth Cause of Action Fails to State a Claim for Harassment

California Code of Civil Procedure Section 527.6(b)(3) provides:

"Harassment" is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

Plaintiff-Debtor has stated no facts that the Association took any acts of unlawful violence against him, or even a credible threat of violence against him.  Nor has he provided any facts that would support an allegation that the Association knowingly or willfully engaged in a course of conduct that seriously alarmed, annoyed, or harassed him, that served no legitimate purpose.  Any action taken by the Association was taken in attempt to obtain Plaintiff-Debtors compliance with the Association's CC&Rs, which he refused and continues to refuse to do.

Plaintiff-Debtor has not alleged any facts to support a claim for harassment by the Association.

o.    The Fifteenth Cause of Action Fails to State a Claim for Good Faith and Fair Dealing

There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658.

Again, Plaintiff- Debtor makes conclusory statements regarding the Association alleged breach of contract with respect to the CC&Rs and using Allied to assist in collecting his delinquent assessments.  Plaintiff-Debtor has not and cannot cite any provision of the Association's CC&Rs which support his contention that the Association's retention of Allied was a breach of contract.  If there has been any breach of the good faith and fair dealing it has been Plaintiff-Debtor's adamant refusal to pay assessments as required by the CC&Rs on a flimsy excuse regarding alleged issues with Allied's business status.

//

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS
16

1    Plaintiff-Debtor has failed to allege sufficient facts to support a claim for breach of good

2    faith and fair dealing, and his Complaint must be dismissed.

3            p.      The Sixteenth Cause of Action Fails to State a Claim for Respondeat

4    Superior

5    Civil Code section 2295 provides: "An agent is one who represents another, called the

6    principal, in dealings with third persons. Such representation is called agency." "The rule of

7    respondeat superior is familiar and simply stated: an employer is vicariously liable for the torts

8    of its employees committed within the scope of the employment. Equally well established, if

9    somewhat surprising on first encounter, is the principle that an employee's willful, malicious

10   and even criminal torts may fall within the scope of his or her employment for purposes of

11   respondeat superior, even though the employer has not authorized the employee to commit

12   crimes or intentional torts." *Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12

13   Cal.4th 291, 296-297.

14   Plaintiff-Debtor attempts to make a claim for respondeat superior most likely in an

15   attempt to impute the actions of Allied and G&P onto the Association.  However, Plaintiff-

16   Debot fails to provide any facts to support his claim.  Instead Plaintiff-Debtor supplies evidence

17   that Allied is registered to do business in Placer County and that G&P Enterprises LLC is doing

18   business as Allied.  (See Complaint's Exhibit 3)  He again states that it is a "breach of contract"

19   to engage Allied, however, he cites no facts to support his claim.  (See Complaint at para. 232)

20   lines 21-23).  He further states that Allied's "Initial Communication" is a violation of FDCPA

21   and the Rosenthal Act but again provides no facts to support his allegation.  (See Complaint at

22   para. 232, lines 26-28).  Plaintiff-Debtor has failed to provide facts to show that Allied

23   performed any tortious acts against him which could be imputed to the Association.

24   Therefore, Plaintiff-Debtor's claim for respondeat superior fails and his Complaint must

25   be dismissed.

26           q.      The Seventeenth Cause of Action Fails to State a Claim for Injunctive

27   Relief

28   An injunction should issue only where the intervention of a court of equity "is essential

in  order  effectually  to  protect  property  rights  against  injuries  otherwise  irremediable."

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS
17

1   *Cavanaugh v. Looney*, 248 U. S. 453, 248 U. S. 456 (1919).  The Court has repeatedly held that

2   the basis for injunctive relief in the federal courts has always been irreparable injury and the

3   inadequacy of legal remedies. *Rondeau v. Mosinee Paper Corp.*, 422 U. S. 49, 422 U. S. 61

4   (1975); *Sampson v. Murray*, 415 U. S. 61, 415 U. S. 88 (1974*); Beacon Theaters, Inc. v.*

5   *Westover*, 359 U. S. 500, 359 U. S. 506-507 (1959); *Hecht Co. v. Bowles*, supra, at 321 U. S.

6   329.

7        Plaintiff-Debtor has not alleged any facts which support his claim for injunctive relief.

8   He requests that the Court grant him the extraordinary remedy of injunctive relief by "forever"

9   enjoining the Association and Allied from "taking any action to perfect a lien or foreclose non-

10  judicially on Plaintiff-Debtors real property."  (See Complaint at para. 239, lines, 18-20).

11       Again, no lien has been filed against Plaintiff-Debtor's property therefore there can be

12  no irreparable injury when the Association has no lien to foreclose upon.  Instead, Plaintiff-

13  Debtor is using the bankruptcy process to avoid his obligation to the Association to pay

14  assessments, and now seeking an order that would forever preclude the Association from

15  collecting delinquent assessments from him.

16       Plaintiff-Debtor's claim for injunctive relief fails as a matter of law, and his Complaint

17  must be dismissed.

18            r.        The Eighteenth Cause of Action Fails to State a Claim for Conspiracy

19       "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on

20  persons who, although not actually committing a tort themselves, share with the immediate

21  tortfeasors a common plan or design in its perpetration.  By participation in a civil conspiracy, a

22  co-conspirator effectively adopts as his or her own the torts of other co-conspirators within the

23  ambit of the conspiracy. In this way, a co-conspirator incurs tort liability co-equal with the

24  immediate tortfeasors." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th

25  503, 510-511.

26       Plaintiff-Debtor has not stated any facts to support a claim that any conspiracy existed

27  between the Association and Allied.  In addition, California law does not recognize conspiracy

28  as a separate cause of action but as a measure of allocating damages among joint tort-feasors.

          Therefore, Plaintiff-Debtor's claim for conspiracy fails as a matter of law.

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

**MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS**
18

1          s.        <u>The Nineteenth Cause of Action Fails to State a Claim for Invasion of</u>

2  <u>Privacy, additionally and alternatively Intrusion into Seclusion</u>

3       The right of privacy has been described as "independent of the common rights of

4  property, contract, reputation and physical integrity, ... 'the right to live one's life in seclusion,

5  without being subjected to unwarranted and undesired publicity. In short it is the right to be let

6  alone.'" *Gill v. Curtis Publishing Co.* (1952) 38 Cal. 2d 273, 276.

7       Plaintiff-Debtor specifically acknowledges that the Association's CC&Rs and collection

8  policy state that Plaintiff-Debtor could be denied use and enjoyment of Association common

9  areas. (See Complaint at para. 249, lines 1-3). Plaintiff-Debtor does not dispute the validity of

10  the CC&Rs. Regardless of whether Plaintiff-Debtor disputes the validity of the Association's

11  collection policy, he was aware that the Association could deny him access to Association

12  common areas for failure to pay assessments.

13       Plaintiff-Debtor has not alleged any facts to support a claim for invasion of privacy or

14  intrusion into seclusion. He states that his "privacy and seclusion" were intruded upon when he

15  was denied access to "ALT common areas". (See Complaint at para. 249, lines 8-10).

16  However, he does not state, nor can he state that he had any reasonable expectation of privacy

17  in "ALT common areas". In fact his description shows that the area in questions belongs to the

18  Association.

19       Therefore, his claim for invasion of privacy and intrusion into seclusion fail as a matter

20  of law.

21          t.        <u>The Twentieth Cause of Action Fails to State a Claim for Quiet Title</u>

22       When a plaintiff failed to allege precisely what adverse interest she was seeking to quiet

23  title against and which party held the claims asserted against her title, in keeping with CCP §

24  760.020(c), her failure to satisfy those require-ments was fatal to her quiet title claim. *Hafiz v.*

25  *Greenpoint Mortgage Funding, Inc.* (2009, ND Cal) 652 F Supp 2d 1039, 2009 US Dist LEXIS

26  60818.

27       Plaintiff-Debtor cannot state which adverse interest he is seeking to quiet title against

28  because no lien has been filed against his property and there is no adverse interest. Therefore,

his claim for quiet title fails as a matter of law, and his Complaint must be dismissed.

ANGIUS & TERRY LLP
001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

**MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS**
19

1        u.      The Twenty-First Cause of Action Fails to State a Claim for Actual

2 and/or Constructive Easement

3        While it does not appear that California recognizes a claim for actual and/or constructive

4 easement, it does recognize a claim for prescriptive easement.  In order for someone to prove he

5 has a prescriptive easement, he must prove, by clear and convincing evidence, that: (1) the

6 alleged easement area was used in a manner which was adverse and hostile to the owner of the

7 property; (2) the use of the alleged easement area was continuous and uninterrupted for more

8 than five years; and (3) the owner of the property had actual notice of the adverse use, or the

9 adverse use was so open, unequivocal, obvious, and notorious that owner must have known

10 about it. [Code Civ. Proc. § 321; Civ. Code § 1007; *Sufficool v. Duncan* (1960) 187 Cal.App.2d

11 544, 549; *Lindsay v. King* (1956) 138 Cal.App.2d 333, 335-336; *Gilardi v Hallam* (1981) 30

12 Cal.3d 317, 321-322; *Nelson v. Robinson* (1941) 47 Cal.App.2d 520, 526; *Hahn v. Curtis*

13 (1946) 73 Cal.App.2d 382, 389; *Shelton v. Malette* (1956) 144 Cal.App.2d 370, 376; *Kraemer*

14 *v,* Kraemer (1959) 167 Cal.App.2d 291, 306; Miller & Starr, California Real Estate (3rd ed.) §

15 15:38, p. 15-144.]

16        Plaintiff-Debtor has failed state any facts to support this claim.  His cause of action for

17 actual and/or constructive easement is limited to a request that the Court grant him such an

18 easement.  However, he fails to state any facts to support that he has any claim for any kind of

19 easement.  Therefore, his claim for actual and/or constructive easement fails as a matter of law.

20                              **IV.  CONCLUSION**

21        Since Plaintiff-debtor's complaint does not satisfy the requirements of an adverse

22 proceeding and he has failed to state any claim upon which relief can be granted, the

23 Association respectfully requests that Plaintiff-Debtor's complaint be dismissed.

24

Dated:  May 17, 2013                          ANGIUS & TERRY LLP

25

26

27        By:    _____
                 Bradley J. Epstein
                 Susana C. Cendejas

28               Attorneys for Defendant,
                 Auburn Lake Trails Property
                 Owners Association

MEMORANDUM OF POINTS & AUTHORTIES IN SUPPORT OF MOTION TO DISMISS

1  Bradley J. Epstein (CA State Bar No. 171567)
   bepstein@angius-terry.com
2  Susana C. Cendejas (CA State Bar No. 236316)
   scendejas@angius-terry.com
3  ANGIUS & TERRY LLP
   3001 Lava Ridge Court, Suite 130
4  Roseville, CA 95661
   Telephone: (916) 567-1400
5  Facsimile: (916) 567-1401

6  Attorneys for Defendant
   Auburn Lake Trails Property Owners Association
7

8                  UNITED STATES BANKRUPTCY COURT

9           EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

10

11  IN RE DANIEL MAJOR EDSTROM        )  Case No.: 12-29353-B-11
                                      )
12          Debtor,                   )  Chapter 11
                                      )
13  DANIEL MAJOR EDSTROM              )  Adv. Proc. No.: 13-02132-B
                                      )
14                                    )  Docket Control No. ATL-1
            Plaintiff,                )
15  v.                                )  **PROOF OF SERVICE BY MAIL**
                                      )
16                                    )  Hearing date: July 23, 2013
    AUBURN LAKE TRAILS PROPERTY       )  Time: 9:32 a.m.
17  OWNERS ASSOCIATION, a California non- )  Courtroom: 32
    profit mutual benefit corporation; et al. )  Department: B
18                                    )
                                      )  Hon. Thomas C. Holman
19          Defendants.               )
                                      )
20  ─────────────────────────────────── )

21          I am employed in the County of Sacramento; my business address is 3001 Lava Ridge Ct., Suite

22  130, Roseville, CA 95661. I am over the age of eighteen years and not a party to the foregoing action.

23          I am readily familiar with the business practice at my place of business for collection and

24  processing of correspondence for mailing with the United States Postal Service that same day in the

25  ordinary course of business.

26          On the date set forth below, I served the following:

27  **NOTICE OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR IN
    THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**
28                              **&**
    **MEMORANDUM OF POINTS & AUTHORITITES IN SUPPORT OF DEFENDANT
    AUBURN LAKE RAILS PROPERTY OWNERS ASSOIACATION'S MOTION TO**

**PROOF OF SERVICE BY MAIL**

1    **DISMISS FOR FIALURE TO STATE A CLAIM, OR IN THE ALTERNATIVE FOR A**
     **MORE DEFINITE STATEMENT**

2

3    [ x ]    **by US Mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure
              § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for

4             outgoing mail, addressed as set forth, below. The mail placed in that designated area is given the
              correct amount of postage and deposited that same day, in the ordinary course of business, in a

5             United States mailbox in the City of Sacramento, California upon the following:

6                                    DANIEL MAJOR EDSTROM
                                       2690 Brown Bear Court
7                                        Cool, CA 95614

8
         [ ]    **by electronic service** based on a court order or an agreement of the parties to accept
9               service by electronic transmission, I caused the document(s) to be sent to the persons at the
                electronic notification address listed in the service list. I did not receive within a
10              reasonable time after the transmission, any electronic message or other indication that the
                transmission was not successful.
11

12       [ ]    **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011,
                to the person(s) and at the address(es) set forth below.
13

14       [ ]    **by overnight delivery** on the following party(ies) in said action, in accordance with Code Civil
                Procedure § 1013 (c), by placing a true copy thereof enclosed in a sealed envelope, with deliver
15              fees paid or provided for, and delivering that envelope to an overnight express service carrier as
                defined in Code of Civil Procedure § 1013 (c).
16
         [ ]    **by facsimile transmission**, accordance with Code Civil Procedure § 1013 (c), to the following
17              party(ies) at the facsimile number(s) indicated upon:

18       I declare under penalty of perjury under the laws of the state of California that the foregoing is

19    true and correct and that this document was executed on May 17, 2013.

20

21

22                                                          Teresa Baird Gordon, R.P.

23

24

25

26

27

28

                                    PROOF OF SERVICE
                                           2