

DANIEL MAJOR EDSTROM
2690 BROWN BEAR COURT
COOL, CA 95614
TEL: 916/207-6706 | FAX: 888/552-2503
E-Mail: dmedstrom@hotmail.com

Plaintiff and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re DANIEL MAJOR EDSTROM,<br><br>Debtor-in-possession. | CASE NO.: 12-29353-B-11<br><br>CHAPTER 11<br><br>A.P. NO. 13-02132-B |
| In re DANIEL MAJOR EDSTROM,<br><br>Debtor-in-possession. | DC NO. DME-1<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANT AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION'S MOTION TO DISMISS;**<br><br>Hearing:<br>Date: July 23, 2013<br>Time: 9:32 a.m.<br>Ctrm.: 32<br>Dept: B<br><br>Hon. Thomas C. Holman<br>501 I Street, 6th Floor, Sacramento, California 95814, Tel.: (916) 930-4473 |
| DANIEL MAJOR EDSTROM, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION A CALIFORNIA CORPORATION; ALLIED TRUSTEE SERVICES A CALIFORNIA CORPORATION, *a Fictitious or Ghost Entity*; G&P ENTERPRISES A CALIFORNIA LIMITED LIABILITY COMPANY; and DOES 1-100,<br><br>Defendants. | |

Case 13-02132    Filed 07/08/13    Doc 18

FILED
JUL -8 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

WLOS

## INTRODUCTION

Defendant Auburn Lake Trail's Property Owners Association ("**Association**" or "**ALT**") motion to dismiss is a thinly disguised attempt to obtain a summary-judgment style dismissal. The motion should be overruled because the allegations of the Adversary Proceeding control and there are material facts in dispute making this motion, or summary judgment, inappropriate. Further, Plaintiffs statements are definite.

One of the central points of the Adversary Proceeding is that at the time the above captioned bankruptcy was filed on May 15, 2012, Plaintiff had a fractional, undivided real property interest in the common areas of Auburn Lake Trails Property Owners Association, and in violation of this Court's order for relief dated May 15, 2012, ALT denied Plaintiff of the use and enjoyment of this real property in order to intimidate and humiliate Plaintiff into paying pre-petition assessments to the association. ALT conveniently fails to address this point. Instead, it appears that ALT has simply filed a boilerplate motion in the hopes of a quick dismissal with prejudice.

## FACTUAL BACKGROUND

Plaintiff and his non-filing spouse own the property located at 2690 Brown Bear Court, Cool, CA 95614 with APN # 073-141-03-100 ("**Subject Property**"), see Adv. Proc. ¶ 28. At the time Plaintiff acquired his interest in the Subject Property on or about August 10, 2004, Plaintiff also entered into a contractual relationship with ALT through the Second Restated Declaration of Covenants, Conditions and Restrictions of Auburn Lake Trails ("**CC&R's**") (Adv. Proc. ¶¶ 29-30). The contract with ALT gave Plaintiff an interest in real property to the common areas of Auburn Lake Trails (Adv. Proc. ¶ 30). The CC&R's contract also gave ALT an interest in real property or encumbrance on Plaintiffs Subject Property (Adv Proc. ¶ 29). At some point in 2007 ALT breached contractual provisions of the CC&R's Collection Policy (Adv. Proc. ¶¶ 33-34) ("**Breach**" or "**First Breach**"). The CC&R's Collections Policy identifies ALT's agent and Trustee as Allied Trustee Services, Inc. (Adv. Proc ¶¶ 24, 25, 31, 35, 38, 56, 83, 103, 122, 123, 138). This First Breach was the first material breach of the contract and as such, ALT's right to

-2-
PLAINTIFFS OPPOSITION TO DEFENDANT AUBURN LAKE TRAIL'S MOTION TO DISMISS

lawfully enforce the ALT Collections Policy were rendered unenforceable (Adv. Proc. ¶¶ 34, 47, 60, 129 vi, 131 C, 137, 157 n, 194, 197, 208, 223, 249, 251, 257). All of ALT's attempts to collect a debt were contractually and legally flawed because of the First Breach, and thus Defendant and their alleged agents and trustees had no right to intrude into Plaintiffs affairs.

The Adv. Proc. seeks, among other things, to recover money and property interests from Defendant, which cannot be done as part of any plan of reorganization or by motion ( see Adv. Proc. Page 31 lines 27-28, page 32 lines 1-12; page 35 lines 23-28; page 36 lines 1-27; etc.). Defendant repeatedly picks and chooses individual statements from Plaintiffs adversary proceeding, while ignoring others, including the many instances Plaintiff seeks damages not available by motion or through a plan of reorganization. In *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173, CA Civ. Code section 3381 defines "damages": "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." The Court concluded that damages, thus broadly defined, "may include a restitutionary element." (*Cortez*, supra, 23 Cal.4th at p. 174.) Further, defendant fails to conform to bankruptcy requirements and procedures, such as not specifying whether or not the Motion they bring forth is a core or non-core proceeding pursuant to 28 USC §157(b), by what authority this court has jurisdiction over Defendants Motion, and whether or not Defendant consents to the authority of this Court (which cannot be determined because movant fails to state whether or not their motion is a core proceeding).

## TYPE OF PROCEEDING AND JURISDICTION

PLAINTIFFS adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K). This court has jurisdiction over PLAINTIFF's case pursuant to 28 USC 1331 based on federal subject matter jurisdiction because this action concerns, inter alia, property of a bankruptcy estate and pursuant to 28 U.S.C. §1334 as this Court has exclusive jurisdiction of all cases under the bankruptcy code (i.e. Title 11), there are exceptions, but they do not apply, ". . . **the District Courts shall have original and exclusive jurisdiction of all cases under Title 11 [i.e. the Bankruptcy Code].**" 28 U.S.C. §1334(a) (emphasis added).

"The District Court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction - (1) of all the property, wherever located, of the Debtor as of the commencement of such case, and of all property of the Estate . . ." 28 U.S.C. §1334(e)(1) (emphasis added). Daniel Major Edstrom filed a Chapter 11 voluntary Petition on May 15, 2012, case # 12-29353-B-11 in the Sacramento Division of the United States Bankruptcy Court, Eastern District of California ("**Edstrom Bankruptcy**"). The filing of a Petition creates an estate comprised of "all legal and equitable interests of the Debtor in property as of the commencement of the case" [11 U.S.C. §541(a)(1)] which definition must be broadly interpreted because "Congress intended a broad range of property . . . to be included in the Estate." United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983).

A "debt" is a liability on a claim. 11 U.S.C. § 101(12). A "creditor" is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor," 11 U.S.C. § 101(10)(A), and a "claim" is a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A). The Supreme Court has explained that the definition of "claim" is to be construed broadly, and that a "right to payment" means "nothing more, nor less, than an enforceable obligation." *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 559 (1990); *Premier Capital, LLC v. Gavin (In re Gavin)*, 319 B.R. 27, 31 (B.A.P. 1st Cir. 2004). "Absent an overriding federal interest, the existence of a claim in bankruptcy is generally determined by state law." *Securities Exchange Comm'n v. Cross (In re Cross)*, 218 B.R. 76, 78 (B.A.P. 9th Cir. 1998) (analyzing whether plaintiff had standing to bring § 523(a)(2)(A) action against chapter 7 debtor). State law applies in this instance because the underlying transaction is purely commercial in nature and there is no apparent federal interest, overriding or otherwise. Defendants insistence that Plaintiffs adversary proceeding is "state law" related is irrelevant as it involves debts, claims, creditors, and property of the bankruptcy estate, all as these terms are defined by statute.

## CONCLUSION

Since Plaintiff's Adversary Proceeding does satisfy the requirements of an adversary proceeding and the Adversary Proceeding sufficiently states claims upon which relief can be granted, Plaintiff respectfully requests that Defendant's motion be denied. To the extent the

Court rules Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff requests leave to amend.

Dated: July 8, 2013

Respectfully submitted,

_____
DANIEL EDSTROM,
Plaintiff and Debtor-in-possession