

1
2
3
4
5

DANIEL MAJOR EDSTROM
2690 BROWN BEAR COURT
COOL, CA 95614
TEL: 916/207-6706 | FAX: 888/552-2503
E-Mail: dmedstrom@hotmail.com

Plaintiff and Debtor-in-Possession

**FILED**

JUL - 8 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

WLOS

6
7
8
9
10

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In re DANIEL MAJOR EDSTROM,

   Debtor-in-possession.

_____

DANIEL MAJOR EDSTROM, **and all others**
**similarly situated,**

       **Plaintiffs,**

v.

**AUBURN LAKE TRAILS PROPERTY**
**OWNERS ASSOCIATION A CALIFORNIA**
**CORPORATION; ALLIED TRUSTEE**
**SERVICES A CALIFORNIA**
**CORPORATION,** *a Fictitious or Ghost*
*Entity;* **G&P ENTERPRISES A**
**CALIFORNIA LIMITED LIABILITY**
**COMPANY; and DOES 1-100,**

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 12-29353-B-11

CHAPTER 11

A.P. NO. 13-02132-B

DC NO. DME-1

**MEMORANDUM OF POINTS &**
**AUTHORITIES IN SUPPORT OF**
**PLAINTIFFS OPPOSITION TO**
**DEFENDANT AUBURN LAKE TRAILS**
**PROPERTY OWNERS**
**ASSOCIATION'S MOTION TO**
**DISMISS;**

<u>Hearing:</u>
Date: July 23, 2013
Time: 9:32 a.m.
Ctrm.: 32
Dept: B

Hon. Thomas C. Holman
501 I Street, 6th Floor, Sacramento,
California 95814, Tel.: (916) 930-4473

# Table of Contents

ARGUMENT ...................................................................................................................... 3

    I.     MINIMUM PLEADING REQUIREMENTS ........................................................ 3

    II.    FIRST MATERIAL BREACH DOCTRINE................................................................ 3

    III.   DOCTRINE OF INCONSISTENT STATEMENTS OR POSITIONS ..................... 4

    IV.   AFFIRMATIVE RELIEF ......................................................................................... 4

    V.    DEFENDANTS LEGAL ARGUMENTS ................................................................ 5

CONCLUSION ................................................................................................................... 20

## CASES

Angell v. Superior Court (Verdugo Trustee Service Corp.) (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657] --------------------------------------------------------------------------------------------------------12

City of Los Angeles v. Morgan, 105 Cal. App. 2d 726 (1951) ----------------------------------12

Cockerall v. Title Insurance and Trust Company, 42 Cal.2d 284 (1954)----------------------12

Daro v. Superior Court (Foy) (2007) 151 Cal.App.4th 1079, 1093----------------------------13

Daugherty v. American Honda Motor Co., Inc. (2006) 144 Cal.App.4th 824, 839------------------------10

FDCPA-------------------------------------------------------------------------------------------------passim

Fletcher v. Western National Life Ins. Co. (1970) 10 Cal.App.3d 376,395-396------------------18

Global Mins. & Metals Corp. v Holme, 35 AD3d 93 [1st Dept 2006], lv denied 8 NY3d 804 [2007] ----------16

In re Apte, 180 B.R. 223 (9th Cir. BAP 1995) --------------------------------------------------16

In re Eashai, 87 F.32 1082, 1090-91 (9th Cir. 1996) --------------------------------------------16

In RE Ruth M. Deamicis, Document 121, Case #11-11495 Bankr. E.D. Cal. Fresno Division July 26, 2011 (FOR PUBLICATION)--------------------------------------------------------------------------------5

In RE Yellowstone Mountain Club LLC, USBC, D. Montana, February 25, 2011 Memorandum of Decision of the Hon. Ralph B. Kirscher-----------------------------------------------------------------7

Jones v. Wells Fargo Home Mortgage, Case No. 03-16518, Ad. Proc. No. 06-01093 (Bankr. E.D. La, April 5, 2012, Doc 470) ----------------------------------------------------------------------------------17

Kasky v. Nike, Inc. (2002) 27 Cal.4th 939----------------------------------------------------------11

Keystone Driller Co. v. General Excavator Co., 290 U.S. 240 (1933) ------------------------------ 4

Kwikset Corp. v. Superior Court (2011) 51 Cal.4th 310 ------------------------------------------11

Ross v. Creel Printing & Pub. Co., Inc., (2002) 100 Cal.App.4th 736, 744-745 --------------------17

Scripps Clinic v. Superior Court (2003) 108 Cal.App.4th 917, 940----------------------------------11

Smith v. State Farm Mutual Automobile Ins. Co. (2001) 93 Cal.App.4th 700, 719----------------11

Tomczak v. Ortega, 50 Cal. Rptr. 20, 240 Cal. App. 2d 902 -------------------------------------11

West v. JPMorgan Chase Bank, N.A., ___ Cal.App.4th ___ , Mar. 18, 2013 -------------------10

Wolfe v. Lipsy (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5)-------------12

## STATUTES

11 U.S.C. 362----------------------------------------------------------------------------------------- 6

15 U.S.C. § 1692e(14)------------------------------------------------------------------------------ 9

B&P Code 17200 ----------------------------------------------------------------------------------10

CA Civ. Code § 1702 ------------------------------------------------------------------------------16

CA Civ. Code § 1710 ------------------------------------------------------------------------------16

CA Civ. Code 1558 ---------------------------------------------------------------------------------------11, 15
CA Govt. Code 27201 et seq.-----------------------------------------------------------------------------11
Federal Bankruptcy Rule 7001(1) ----------------------------------------------------------------------5
Federal Bankruptcy Rule 7001(2) ----------------------------------------------------------------------5
Federal Bankruptcy Rule 7001(7) ----------------------------------------------------------------------5
Federal Bankruptcy Rule 7001(8) ----------------------------------------------------------------------5
Penal Code §530.5-----------------------------------------------------------------------------------------11
RFDCPA------------------------------------------------------------------------------------------------------10

## ARGUMENT

### I.   MINIMUM PLEADING REQUIREMENTS

In discussing the minimum pleading requirement for a complaint (which only requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 7(a)(2), the Supreme Court reaffirmed that more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" is required. *Ashcroft v. Iqbal*, 556 U.S. at 678-679 (2009). A complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that is plausible on its face." Id. It need not be probable that the plaintiff will prevail, but there are sufficient grounds that a plausible claim has been pled.  Plaintiffs have alleged conduct which, if accepted as true, does state a claim to relief that is plausible on its face.  The complaint lists a series of facts followed by the causes of action.

### II.   FIRST MATERIAL BREACH DOCTRINE

Plaintiff clearly states in the Adversary Proceeding that the CC&R's Collections Policy was unenforceable as Allied Trustee Services, Inc. did not exist (Adv. Proc. ¶¶ 15, 31, 33, 34, 37, 43, 47, 49, 60, 82, 96, 103 d and f, 129 iii 1, 138, 157a, 161, 176, 183, 190, 223, 230, 231).  And thus ALT was in first material breach of contract prior to any action taken (or not taken) by Plaintiff, and thus Plaintiff alleges that the contract CC&R's were unenforceable and Defendant ALT had no private right of action to enforce the CC&R's (Adv. Proc. ¶¶ 34, 47, 89, 90, 91, 92, 110, 129 ii, 129 xi, 129 xii 2, 131 B, 131 C, 131 I 2, 195, 197, 208, 249, 251, 257). The CC&R's Collection Policy clearly states that ALT will engage Allied Trustee Services, Inc., which does not exist and is not identifiable.  Nowhere in their response does ALT state that G&P Enterprises LLC dba Allied Trustee Services is the same as Allied Trustee Services, Inc.  This omission is fatal to ALT's motion.

## III.   DOCTRINE OF INCONSISTENT STATEMENTS OR POSITIONS

Defendant continually states that no lien exists prior to the time Plaintiff filed the above-captioned bankruptcy. This misconstrues Plaintiffs position that ALT held a lien on Plaintiffs real property through the CC&R's recorded September 12, 1990. The CC&R's are deed Covenants, Conditions, and Restrictions that serve as a lien on Plaintiffs real property (a lien being simply an interest in real property). Without such a lien, Defendant would never have the authority to place assessments on Plaintiffs, nor to enforce the non-payment of such assessments. Defendant's position is self-refuting, illogical and inconsistent from Defendants previously published statements, including the 1990 CC&R's recorded in the Official Records of the El Dorado County Recorder's Office. Further Defendant's position violates California Evidence Code 623: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it."

## IV.   AFFIRMATIVE RELIEF

Although Plaintiff is the party filing the adversary proceeding, this is only in response to the affirmative relief sought by Defendant. Defendant is the party seeking to enforce rights through a contractual written agreement containing an interest in real property. Further, Defendant is the Movant for this motion and bears the burden of proof. It is Defendants duty to prove up the recitals contained in their instruments, as well as their duty to show compliance with the statute of frauds, and finally their duty to show standing, including the condition precedent that they have clean hands[1], and authority under inquiries for both prudential and Constitutional standing. See *In re Jackson*, ___ B.R. ___, 2011 WL 2247816 (Bankr. E.D. Cal. June 6, 2011)(Holman, J.); *In re Veal*, 450 B.R. 897 (BAP 9th Circuit, AZ. June 10, 2011). A

---

[1] The United States Supreme Court says in *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933): "The meaning and proper application of the maxim are to be considered. As authoritatively expounded, the words and the reasons upon which it rests extend to the party seeking relief in equity. 'It is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have a standing in court he must first show that not only has he a good and meritorious cause of action, but he must come into court with clean hands. He must be frank and fair with the court, nothing about the case under consideration should be guarded, but everything that tends to a full and fair determination of the matters in controversy should be placed before the court.' Story's Equity Jurisprudence (14th Ed.) 98."

1  rebuttable presumption exists that the preliminary factual recitals contained in the CC&R's

2  Collection Policy are true. Plaintiff has clearly rebutted these presumptions by a showing that

3  Allied Trustee Services, Inc. does not exist. Neither Allied Trustee Services, Inc. in its corporate

4  capacity nor Allied Trustee Services, Inc. in its capacity as Trustee exists and is identifiable

5  pursuant to CA Civ. Code § 1558 and *In RE Ruth M. Deamicis*, Document 121, Case #11-11495

6  Bankr. E.D. Cal. Fresno Division July 26, 2011 (FOR PUBLICATION) The burden of proof has

7  shifted upon Defendant to prove that Allied Trustee Services, Inc. does in fact exist or that

8  somehow G&P Enterprises LLC has the authority to make use of the name Allied Trustee

9  Services, Inc. as an agent and as trustee.

10  ## V.    DEFENDANTS LEGAL ARGUMENTS

11      Under section III A defendant ALT states that the complaint does not qualify as an

12  adversary proceeding. ALT conveniently ignores that (i) Federal Bankruptcy Rule 7001(1) is

13  used to recovery money or property, of which Plaintiff is seeking to recover both property and

14  money (all causes of action seek money and/or money damages); (ii) Federal Bankruptcy Rule

15  7001(2) is used to determine the validity, priority, or extent of a lien or other interest in real

16  property, of which Plaintiff is seeking a determination on Plaintiffs interest in real property (the

17  ALT common areas), and ALT's interest in Plaintiffs real property through Quiet Title; (iii)

18  Federal Bankruptcy Rule 7001(7) is a proceeding to obtain an injunction or other equitable relief,

19  of which Plaintiff seeks through an Injunctive Relief Cause of Action starting on page 69 of the

20  Adversary Proceeding; (iv) Federal Bankruptcy Rule 7001(8) is a proceeding to subordinate any

21  allowed claim or interest, of which Plaintiff is seeking Defendants claims be subordinated to the

22  extent they are considered allowed claims (Cause of action for Objection and Disallowance of

23  Claim). Defendant holds two claims, one is an unsecured non-priority claim, and the other claim

24  is an unsecured priority claim. Debtor-Plaintiff seeks to subordinate both claims to the extent the

25  Court determines both claims are allowed.

26      Defendant attempts to confuse the court by referencing the lien perfection process, which

27  is only required by statute in order for ALT to foreclose. Although this statutory lien required by

28

1  this process has not been perfected, the CC&R's are deed Covenants, Conditions and

2  Restrictions upon Plaintiffs real property, and thus a lien or encumbrance in favor of ALT has

3  always existed on Plaintiffs real property.  Defendants seem to concede that ALT holds no

4  interest in Plaintiffs real property, which would mean Defendants never had any right to collect

5  any assessments from Plaintiff, and Defendants have no claim whatsoever against Plaintiff.

6  Defendant has abandoned their contractual interest in Plaintiffs real property and appears to be

7  stipulating to Plaintiffs Quiet Title claim through Defendants absurd claim.  Defendant goes on

8  to state no lien exists on Plaintiffs property and so Plaintiffs injunctive cause of action is

9  inappropriate.  If this absurd position is true, again, Defendant admits it has no authority to place

10  assessments on Plaintiff.  This admission by Defendant is an admission that Plaintiffs causes of

11  action for, inter alia, (i) violation of the automatic stay; (ii) Quiet Title; and/or (iii) disallowance

12  of claim are completely valid.  If ALT has no lien, ALT has no authority.  Defendants absurd

13  statements are self-refuting.

14      ALT also references Plaintiffs speculatory retaliation, when Plaintiff contends ALT has

15  already retaliated against Plaintiff (Adv. Proc. ¶¶ 104, 121-122, 215, 256).

16      At section III B 2 a (**First Cause of Action: Violation of Automatic Stay**) of the MTD

17  Defendant states Plaintiff specifically alleges that the Association had pre-petition authority to

18  restrict access to the Association common areas by referencing Plaintiffs complaint at para. 121,

19  lines 20-21.  This is not true as the same paragraph referenced by Defendant states ALT violated

20  the law pre-petition.  The adversary proceeding actually states ALT had no authority to enforce

21  the ALT Collections Policy pre-petition because, inter alia, ALT was in First Material Breach of

22  Contract.  Plaintiff contends in the Adv. Proc. that ALT's actions pre-petition and post-petition

23  were not lawful, and ALT had no authority to bar Plaintiff access to his real property (the ALT

24  common areas) (Adv. Proc. ¶¶ 27, ).  Thus, once the bankruptcy was filed, ALT's actions in

25  specifically disallowing Plaintiff access to the ALT common areas was a violation of the

26  automatic stay, as ALT was exercising control over property of the estate, specifically in

27  violation of 11 U.S.C. 362.  Plaintiff does not seek any remedy for any violation of the automatic

28

1  stay that happened prior to the filing of the petition as no stay can be violated where no stay

2  exists.

3       Plaintiff clearly states in the adversary proceeding that immediately upon filing for the

4  above-captioned bankruptcy (filed May 15, 2012) he went and personally delivered notice to

5  ALT (Adv. Proc. ¶ 97). Plaintiff was refused access to property of the bankruptcy estate

6  repeatedly until on or about June 13, 2012 (Adv. Proc. ¶ 102).  The only reason for denying

7  Plaintiff access to Plaintiffs property (property of the bankruptcy estate), is clearly given in the

8  Adv. Proc. ¶ 121 ("the right of the use and enjoyment of the recreational common areas and

9  common facilities [..] shall be suspended until payment is made so that no delinquency exists.").

10  Defendants do not refute that Plaintiff noticed them on May 15, 2012, and also state that they

11  received notice from the bankruptcy court of Plaintiffs bankruptcy on May 23, 2012.  Defendants

12  do not provide any plausible reason why access was not restored to the automatic gates until June

13  12 or June 13, 2012, nor does defendant address Plaintiffs claim that the refusal of access to the

14  common areas was to collect a debt.   Plaintiff alleges a violation of the automatic stay.

15  Defendants deny this.  Clearly a dispute exists that needs to be resolved.  Plaintiff's First Cause

16  of Action is both certain and adequately alleges facts sufficient to constitute a cause of action

17  against Defendant.

18       At section III B 2 b (**Second Cause of Action: Objection and Disallowance of Claim**)

19  Defendant states again that the complaint is not an adversary proceeding.  This is not true and

20  has already been discussed above.  The adversary proceeding seeks relief not afforded by motion

21  or by a plan of reorganization.  Further Plaintiff seeks to equitably subordinate the claims of

22  ALT because of ALT's breach of contract and unlawful actions.  Equitable subordination can be

23  granted by Bankruptcy Courts, see *In RE Yellowstone Mountain Club LLC*, USBC, D. Montana,

24  February 25, 2011 Memorandum of Decision of the Hon. Ralph B. Kirscher, referencing the

25  May 12, 2009 partial and interim order equitably subordinating Credit Suisse's claim (Proof of

26  Claim 633-1 filed March 16, 2009).  Plaintiff's Second Cause of Action is both certain and

27  adequately alleges facts sufficient to constitute a cause of action against Defendant.

28

At section III B 2 c (**Third Cause of Action: Breach of Contract**) Defendant states no cause of action for breach of contract. Plaintiff fully lays for the contract between ALT and Plaintiff, and lists the four elements referenced by ALT. ALT states Plaintiff has not identified any breach by ALT, which is ridiculous. Plaintiff cannot restate all breaches here without inserting the entire adversary proceeding. Here is a small listing that is not all-inclusive: Failing to replace Allied Trustee Services, Inc. with an entity that exists and is identifiable; violation of the statute of frauds; sending Plaintiffs personal identifying information to an not authorized by the ALT Collections Policy, failing to maintain control over their agents, violating the autoomatic stay, violating numerous provisions of the FDCPA, violating numerous provisions of the RFDCPA, impersonating Allied Trustee Services, Inc., mail fraud, Breach of Fiduciary Duty, etc.

Plaintiff clearly shows that G&P Enterprises is not Allied Trustee Services, Inc., however Defendant alleges that G&P is the agent of ALT. Defendants fail to provide any contractual provision or authority, or any instance of any party granting G&P Enterprises LLC dba Allied Trustee Services any agency authority whatsoever, including an agency agreement in writing as required pursuant to the statute of frauds. If in fact G&P Enterprises is Allied Trustee Services, Inc., then they are a party to the CC&R's Collection Policy contract (by contract and/or conduct). Specific performance applies in that the contract should be changed to show G&P Enterprises LLC instead of Allied Trustee Services, Inc. or G&P Enterprises LLC should show how it has the authority to make use of the name Allied Trustee Services, Inc. as authorized in writing by the ALT Collections Policy. In fact Defendant admits G&P is not a party to the contract admitting that ALT had no authority to use G&P as an Agent for collections. However, in violation of the Doctrine of Inconsistent Positions or Inconsistent Statements, Defendant states that Plaintiff says Allied does not exist, but then Plaintiff shows that Allied is registered to do business. Of course Plaintiff never says this, but Defendant uses subterfuge by referencing the ambiguous name "Allied" instead of the two very different names for Allied referenced by Plaintiff. The Court should construe this deliberate mis-direction as Defendants admission

against interest that G&P Enterprises LLC dba Allied Trustee Services is the same entity as Allied Trustee Services, Inc. Plaintiff's Third Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 d (**Fourth Cause of Action: Specific Performance**) Defendant states that Specific Performance is a remedy under California state law, and not a cause of action. To the extent the Court takes this representation as true, Plaintiff should be allowed to amend the Adversary Proceeding to move specific performance to the remedy portion of the Breach of Contract claim. Plaintiff maintains Specific Performance is a cause of Action in California and Plaintiff's Fourth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 e (**Fifth Cause of Action: FDCPA**) Defendant does not understand what Plaintiffs FDCPA claims are or how they apply to Defendant. Apparently Defendant only reads the headings and failed to read the adversary proceeding. Plaintiffs clearly allege that the dunning letter dated April 17, 2012 allegedly authorized by ALT and sent by G&P Enterprises, LLC to Plaintiff has an excessive number of statutory violations of the FDCPA and RFDCPA (Adv. Proc. ¶¶ 85-93, 145-148 and 149-151). ALT states the letter is authorized by contract. A dispute clearly exists as to whether or not the letter violates the FDCPA and the RFDCPA. Further Defendants insist that an adversary proceeding is inappropriate (ALT MTD section III A) and these claims should be resolved through motions and plan confirmation. However, this ignores the fact that Plaintiff seeks monetary damages which cannot be obtained by motion or through a plan of reorganization. Plaintiff cannot arbitrarily award himself damages, money or property in a plan of reorganization. Further, because Allied Trustee Services, Inc. does not exist, Plaintiff Adversary Proceeding contends that ALT and its agents are impersonating and otherwise acting unfairly and deceptively, and thus using a different name to collect a debt (Adv. Proc. ¶¶ 15-18, 34, 47, 49, 59, 68, 72, 74, 77, 79, 81, 85-88, 93, 105, 112, 122, 126, 131 F, 131 I, 146, 155, 157 b, 157 h, 157 n, 160, 161, 163, 176, 177, 198, 234, 236, 239, 244). When a creditor uses a different name to collect a debt, they subject themselves to the provisions of the

FDCPA and/or RFDCPA.  15 U.S.C. § 1692e(14) states the following in regards to a 3rd party debt collector: "Do not use a business, company or organization other then the true name of the debt collector's business, company or organization."  Allied Trustee Services, Inc. does not exist and is not identifiable, and yet ALT is attempting to use this name to collect a debt. Plaintiff's Fifth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 f (**Sixth Cause of Action: RFDCPA**) Defendant alleges that Plaintiff has not specified which acts or omissions of ALT violated the Rosenthal Act.  Pursuant to the RFDCPA, any violation of the FDCPA results in a violation of the RFDCPA specifically because CA Civ. Code 1788.17 states in relevant part:

> "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

Defendant's violations, as alleged by Plaintiff above and in the Adversary Proceeding, establish violations of the RFDCPA.  Thus Plaintiff's Sixth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 g (**Seventh Cause of Action: B&P Code § 17200**) Defendant alleges that Plaintiff heightened pleading requirements for fraud.  Plaintiff denies that the heightened pleading requirements for fraud are present.  But even if they are, Plaintiff has specified the heighted requirements in the adversary proceeding.  See Adversary Proceeding ¶¶ 174-180 (among others).

In *West v. JPMorgan Chase Bank, N.A.*, ___ Cal.App.4th ___ , Mar. 18, 2013, the Court of Appeal (Fourth Appellate District, Division Three) summarized the three-way split in authority on "unfair" conduct in UCL consumer actions:

Several definitions of "unfair" under the UCL have been formulated.  They are:

1. "An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the

consumers themselves could reasonably have avoided." (*Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839.)

2. "'[A]n "unfair" business practice occurs when that practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." [Citation.]' [Citation.]" (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 719.)

3. An unfair business practice means "'the public policy which is a predicate to the action must be "tethered" to specific constitutional, statutory or regulatory provisions.'" (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940.)

In this instance, as Plaintiff alleges conduct by Defendant, which, among other things, affects Plaintiff's title to the property, Plaintiff has demonstrated that a "present or future property interest" has been diminished, sufficient to support standing under the UCL. *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310. Furthermore Plaintiff brings this action with others who are similarly situated (Adv. Proc. ¶¶ 4-10), that being classes of ALT members who have been subjected to the conduct specified in the Adversary Proceeding such as Adv. Proc. ¶¶ 41 and 47.

Further, Plaintiff asserts numerous unfair and deceptive claims pursuant to the UCL, such as, inter alia, Penal Code §530.5 violations[2], CA Civ. Code 1558 violations, FDCPA violations, RFDCPA violations, etc.

Penal Code §115 states the following:

> Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.

As Plaintiff alleges Defendant caused false documents (i.e. Notices of Default and Notices of Trustee's Sale) to be recorded, Plaintiff sufficiently alleges a violation of this provision. Additionally, this allegation sufficiently establishes an unfair or deceptive act or practice, for purposes of §17200, as the recording of these documents (Notice of Default and Notices of Trustee's Sale) is likely to deceive members of the public. Plaintiff alleges this conduct for other ALT members who faced ALT collections. Plaintiff received a false document through instrumentalities of Interstate Commerce or the mails resulting in mail fraud. Defendant

---

[2] Pursuant to *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, a private right is not required

authorized recording a slander of title against Plaintiff forcing Plaintiff to alter his position to his detriment by filing the above captioned bankruptcy.

CA Govt. Code 27201 et seq. sets forth the requirement of the recording statutes. Pursuant to *Tomczak v. Ortega*, 50 Cal. Rptr. 20, 240 Cal. App. 2d 902, "no substantial evidence to support such recital" was found and the notice of default and subsequent trustee's deed upon sale were determined as void and of no legal effect for lack of evidence." See: *Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5); *Angell v. Superior Court (Verdugo Trustee Service Corp.)* (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657]; *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments are recorded, no notice is given." Plaintiff and all others similarly situated were entitled to valid notice under statute and were denied such valid notice by Defendant.  The California Supreme Court said it all in *Cockerall v. Title Insurance and Trust Company*, 42 Cal.2d 284 (1954):

> For the above reasons it appears that plaintiffs failed to prove a valid assignment of the note and third trust deed to them. As assignees they stand in the same position as their assignor, the Crestmore Company, and must prove their chain of title to the note in question. [10] As was said in *Brown v. Ball*, supra, 123 Cal.App. 758, "… we think that it would be a dangerous innovation to hold that on such proof, without more, an assignment purporting to be executed by an agent, as each of these were, could be introduced into evidence. We are asked to presume not only that the persons whose names are subscribed actually executed the assignments, but also that they had authority to do so merely because they were received through the mail in their present form after having been mailed to the alleged assignors with a request that they be executed." In the present case, we would have to assume the position of Russ and Ethyl Green in the chain of title, that the Crestmore Company had complied with the statutory provisions relating to the use of a fictitious name, and that P. H. Wierman was a member of the firm with the authority to execute an assignment of the note made payable to that firm. Such assumptions, would indeed, constitute a "dangerous innovation."

Plaintiff alleges that no agency agreement in writing exists between ALT and G&P (Adv. Proc. ¶¶ 61-62) allowing G&P to invoke the statutory scheme of non-judicial foreclosure for ALT members (Adv. Proc. ¶¶ 80, 104 f, 104 g, 129 xii 2, 157 l, 183, 188, 239), which includes the statutory lien perfection process (based on an interest in real property).  Plaintiff alleges that the period of time for these defective procedures was from some point in 2007 until (at a minimum)

the Adversary Proceeding date (Adv. Proc. ¶¶ 4, 14, 19-20, 31, 33, 36, 44, 45, 60, 96, 129 vi, 131 C, 137-138, 169, 177, 223, 230, 231, 240, 244-245).

While Defendant asserts that Plaintiff failed to allege sufficient facts, within the Adversary Proceeding, for a UCL claim, this argument fails.

Plaintiff clearly demonstrates that the Defendants lacked authority to (i) use the defective ALT Collections Policy; (ii) use G&P Enterprises LLC instead of Allied Trustee Services, Inc.; (mail dunning letters violating the FDCPA and RFDCPA; (iv) record collection notices, trustee sale dates and Trustee's Deed Upon Sale instruments; and (v) perform invalid non-judicial sales of ALT members properties.

Finally see *Daro v. Superior Court* (Foy) (2007) 151 Cal.App.4[th] 1079, 1093 ["unlawful" conduct within the meaning of California's unfair competition statutes embraces anything that can properly be called a business practice that is also forbidden by law]. Plaintiff's Seventh Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 h (**Eighth Cause of Action: Breach of Fiduciary Duty**) Defendant alleges Plaintiff fails to state numerous required elements for this claim. However, in the Eighth Cause of Action for Breach of Fiduciary Duty plaintiff provides the following in paragraph 164 (much the same as in all of the other causes of action):

> Plaintiff incorporates by reference all of the above and below paragraphs of this Adversary Proceeding as though fully stated herein and brings this cause of action against Auburn Lake Trails Property Owners Association and DOES 1-100 for breach of fiduciary duty, by Plaintiffs and all others similarly situated.

(emphasis added). Defendants continue to pick and choose what to include in their motion to dismiss / motion for summary judgment. Plaintiff clearly lays the ALT Boards Breach of Fiduciary Duty as this is one of Plaintiffs primary claims. See Adv. Proc. ¶¶ 19-21, 33-35, 37-38, 40, 42-43, 46, 48-50, 52, 82, 99, 103 a-k, 105, 107, 108, 116, 118-122, 137-138, 165-173, 182, 187-189, 195, 197, 204, 217-218, 222, 226-234, 239, 242, 246). Plaintiff's Eighth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

1     At section III B 2 i (**Ninth Cause of Action: Fraudulent Misrepresentation**) Defendant

2  alleges that Plaintiff "stated that he was ordered to pay 'Allied Trustee Services, Inc.', however,

3  nowhere in his Complaint does he state that he justifiably relied on any statement made by the

4  Association or that he paid any  sum of money to the Association or Allied." Defendants can

5  refer to, inter alia, the Adv. Proc. ¶¶ 82 and 118.  Plaintiff relied on the communication from

6  ALT, that he was ordered to pay Allied Trustee Services, Inc., who Plaintiff knew was a non-

7  existent entity.  Relying on the representations of ALT, Plaintiff took the action of filing for

8  bankruptcy protection as ALT authorized a lien to perfect foreclosure if Plaintiff failed to

9  following ALT's instructions in the defective "Initial Communication".   Plaintiff alleges

10  numerous damages in the Adversary Proceeding including the actual filing of the bankruptcy and

11  the resultant fees and costs, and damage to Plaintiffs credit, reputation, well being, emotional

12  distress, vehicle wear and tear, gas, printing costs, US Trustee fees, lost time and wages,

13  agitation, nervousness, worry, fear, grief, anxiety, shock, shame, humiliation, distress,

14  sleeplessness, embarrassment, nervous tension, etc. See Adv. Proc. ¶¶ 94, 97, 105, 122, 124, 139,

15  184, 198, 209, 250, 256.

16     Defendant made and published representations they knew or should have known were

17  false, and Defendant had no reasonable ground for believing them to be true.   The

18  representations were made for the sole purpose of inducing reliance and confusing Plaintiffs.

19  Plaintiffs did rely on the statements, were extremely confused, and took actions based on

20  Defendant's wrongful representations, including sending numerous dispute and objection letters,

21  declaring bankruptcy to stop the invalid statutory lien perfection process, and finally, after

22  waiting almost one year for Defendants to make inquiry and fix the issues identified by Plaintiff,

23  to initiate this litigation.  Plaintiff's Ninth Cause of Action is both certain and adequately alleges

24  facts sufficient to constitute a cause of action against Defendant.

25     At section III B 2 j (**Tenth Cause of Action: Negligence**) Defendant states that Plaintiffs

26  complaint first states that Allied does not exist, and then shows that Allied was registered and

27  validly doing business.  Defendants again twist and turn Plaintiffs Adversary Proceeding to fit

28

1  their needs.  The ALT Collections Policy names Allied Trustee Services, Inc. as the 3rd party

2  debt collector agent of ALT (Adv. Proc. ¶¶ 33).  Allied Trustee Services, Inc. ceased to exist in

3  2007 and still does not exist to this day (Adv. Proc. ¶¶ 15-18, 31, 34, 37, 138).  CA Civ. Code

4  1558 states that the parties to a contract must not only exist but be identifiable.  Additionally the

5  CC&R's place deed restrictions on Plaintiffs real property (Adv. Proc. ¶¶ 29, 117) requiring that,

6  pursuant to the statute of frauds, all parts of the CC&R's Collections Policy must be in writing

7  (Adv. Proc. ¶¶ 58, 61, 62).  For some unknown reason ALT has decided to enter into non-written

8  agreements with G&P Enterprises LLC to handle assessment collections for ALT (Adv. Proc. ¶¶

9  31, 35, 83, 103).  G&P Enterprises LLC has no agreement in writing with ALT, nor has the ALT

10  Board of Directors authorized the association to use G&P Enterprises LLC, nor has ALT board

11  or the ALT members authorized anyone to pass ALT members personal identifying information

12  to G&P Enterprises LLC (Adv. Proc. ¶¶ 35, 75, 76, 93, 104 b, 138, 157 d, 157 o, 159, 183, 188-

13  190, 195, 206, 208, 223, 250).  Plaintiff's Tenth Cause of Action is both certain and adequately

14  alleges facts sufficient to constitute a cause of action against Defendant.

15      At section III B 2 k (**Eleventh Cause of Action: Constructive Slander of Title**)

16  Defendants claim no lien has been filed.  Plaintiff stopped the statutory lien from being filed by

17  filing the above-captioned bankruptcy.  This claim is for <u>constructive</u> slander of title because

18  Plaintiff took defendants at their word that they would file a lien, regardless of Defendants duty

19  to inquire into Plaintiffs research that Allied Trustee Services, Inc. did not exist and that G&P

20  Enterprises LLC communications had violated the FDCPA and RFDCPA.  Plaintiff's Eleventh

21  Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of

22  action against Defendant.

23      At section III B 2 l (**Twelfth Cause of Action: Intentional Infliction of Emotional

24  Distress**) Defendant argues only that Plaintiff has not met the pleading requirements.  Plaintiff

25  has brought the pleading requirements and has stated that Defendants conduct was outrageous.

26  Defendant lists the following elements, which Plaintiff lists some of the relevant paragraphs in

27  response:    (a) extreme and outrageous conduct with the intention of causing, or reckless

28

1  disregard for the probability of causing (Adv. Proc.¶¶ 49, 84, 112, 189, 190, 195-202, 234),

2  emotional distress (Adv. Proc.¶¶ 195-196, which summarizes Defendants conduct as previously

3  listed in the Adv. Proc.); (b) the suffering of severe or extreme emotional distress (Adv. Proc.¶¶

4  95, 98, 106, 123, 125, 140, 185, 195-202); and (c) actual proximate causation of the emotional

5  distress by the defendant's outrageous conduct (Adv. Proc.¶¶ 127, 133, 141, 144, 164, 174, 181,

6  195-202, 211, 219, 221, 225, 237, 241, 247, 253, 263).

7          Plaintiff was injured from Defendants outrageous actions.  Defendant was immediately

8  put on notice of the above-captioned bankruptcy case and this Courts order for relief, and chose

9  to deny Plaintiff access to property of the estate (real property) in exercising control over

10  property of the estate.  Prior to the filing of the above captioned bankruptcy, Defendant was put

11  on notice that Allied Trustee Services, Inc. ceased to exist at some point on or before 2007.

12  Further, prior to the filing of the above captioned petition, Defendant was put on notice that G&P

13  Enterprises LLC had violated numerous FDCPA and RFDCPA provisions in the dunning letter

14  sent to Plaintiff in April 2012 at the request of ALT.  Instead of investigating Plaintiffs research,

15  Defendant without good cause relied on preposterous representations and closed their eyes to

16  avoid discovery of the truth.  See *In re Eashai*, 87 F.32 1082, 1090-91 (9th Cir. 1996); *In re*

17  *Apte*, 180 B.R. 223 (9th Cir. BAP 1995); See also CA Civ. Code § 1702 and CA Civ. Code §

18  1710.  Moreover, where a sophisticated party has hints of falsity, its duty of inquiry is heightened

19  and if it fails to investigate or insert protective language in the contract, it willingly assumes the

20  risk that the facts are not as represented.  See *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93

21  [1st Dept 2006], lv denied 8 NY3d 804 [2007] (specifically see *Global Mins. & Metals Corp.* at

22  100.)  In so doing Defendant acted in bad faith because they knew or should have known, inter

23  alia, that (i) Allied Trustee Services, Inc. did not exist and was not identifiable; and (ii) G&P

24  Enterprises LLC had violated the FDCPA and the RFDCPA in the dunning letter sent to Plaintiff

25  in April 2012.  Defendant's actions were unprivileged and malicious.  Defendant had a duty to

26  inquire and willfully and with malice decided not to inquire, even going so far as to exercise

27  control over property of the above-captioned bankruptcy estate.

28

Defendant and their alleged principals and agents were on notice that their actions were impermissible and could incur significant penalties and assessing punitive damages at ten times the amount of compensatory damages is within the constitutional limits. See *Jones v. Wells Fargo Home Mortgage*, Case No. 03-16518, Ad. Proc. No. 06-01093 (Bankr. E.D. La, April 5, 2012, Doc 470), where the Honorable Judge Magner enumerated Wells Fargo's deliberate and consistent practices of charging fees and costs without court approval or notification to the debtor or the trustee, and misapplying plan payments in contravention of the plan requirements. These systemic, willful and routine practices resulted in incorrect amortization of loans and unwitting defaults by debtors. *Moreover, Judge Magner found that Wells Fargo consistently refused to change its practice and would make corrections only when challenged, and then, only with a costly and burdensome fight.* Judge Magner found that Wells Fargo acted with reckless disregard for the automatic stay and that its conduct was reprehensible, clandestine and vexing. Judge Magner's ruling was appealed by Wells Fargo to the Federal District Court Appeals Court for the Eastern District of Louisiana where the opinion was affirmed on March 18, 2013. Defendant has alleged a pattern and practice of conduct eerily similar to that of Wells Fargo Bank. Defendant is a sophisticated party in that they have been an association for 30+ years and have been involved regularly in bankruptcies and litigation.

Plaintiff's Twelfth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 m (**Thirteenth Cause of Action: Negligent Intentional Infliction of Emotional Distress**) Defendant only states that Plaintiff has to show Defendant breached some legal duty owed to Plaintiff and the emotional distress is proximately caused by that breach of duty. Then Defendant goes on to state that Plaintiff fails to plead facts. Plaintiffs facts have been clearly stated in the Adversary Proceeding. See Plaintiffs previous section III B2 l response to Intentional Infliction of Emotional Distress). Plaintiff has provided facts showing that Defendant had a fiduciary relationship or confidential relationship with Plaintiff which does impose a fiduciary duty on defendants. Plaintiff has sufficiently stated that Defendant stepped "beyond all reasonable bounds of decency" when they performed one or more of the following acts (*Ross v. Creel Printing & Pub. Co., Inc.*, (2002) 100 Cal.App.4th 736, 744-745): (i) used

G&P Enterprises LLC as a 3rd party debt collector and trustee violating the statute of frauds; (ii) mailed dunning letters that violated the FDCPA and RFDCPA; (iii) used Plaintiffs personal identifying information for an unlawful purpose; and/or (iv) barred Plaintiff from the use and enjoyment of property of the bankruptcy estate for the sole purpose of attempting to collect pre-petition debts in direct violation of this Courts order for relief dated May 15, 2012. Even if it could be said that Defendants were asserting their legal rights in good faith, they were not privileged to do so in an outrageous manner (*Fletcher v. Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376,395-396). Plaintiff adequately alleges facts sufficient to constitute a cause of action against defendant. Plaintiff's Thirteenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 n (**Fourteenth Cause of Action: Harassment**) Defendant states that Plaintiff stated no facts that the Association knowingly or willfully engaged in a course of conduct that seriously alarmed, annoyed, or harassed Plaintiff that served no legitimate purpose. These facts have been alleged by plaintiff throughout the entire Adversary Proceeding and repeated numerous times in the preceding paragraphs. Plaintiff has stated facts showing malice, a duty to inquire, failure to inquire, and that Defendant closed its eyes so as not to learn the truth. ALT had no contractual or legal right to send the dunning letter through G&P Enterprises LLC nor to attempt to collect pre-petition payments in violation of a court order. Plaintiff's Fourteenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 o (**Fifteenth Cause of Action: Good Faith and Fair Dealing**) Defendant once again references Allied without specifying which "Allied" it is referencing. Plaintiff was clear in the complaint that the use of two different companies with two similar names is unfair and deceptive as it will confuse the least sophisticated consumer. Once again Defendant references the name "Allied" in its use to "assist in collecting delinquent assessments". The CC&R's' reference Allied Trustee Services, Inc., which ceased to exist in 2007. The CC&R's have not been updated to reflect that ALT now uses G&P Enterprises LLC

1   to "assist in collecting delinquent assessments". The ALT Board of Directors seemingly take the

2   CC&R's seriously as they very recently put a change to the CC&R's to a vote in order to allow

3   some members to maintain chickens on their property. And yet the Association takes less lightly

4   the use of the zombie name Allied Trustee Services, Inc. to mail out delinquent assessment

5   letters, perfect liens on real property, notice trustee sales of property and actually foreclose on

6   real property. In this regard see the Adv. Proc. ¶ 41 showing that such provisions requirements

7   must be strictly complied with. Plaintiff has alleged this conduct by ALT since 2007 (Adv. Proc.

8   ¶ 34, 129, 171, etc.). See *Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust*

9   (1985) 168 Cal.App.3d 818, 827, 830, 214 Cal.Rptr. 531; *Miller v. Cote* (1982) 127 Cal.App.3d

10  888, 894, 179 Cal.Rptr. 753; *Anolik v. EMC Mortg. Corp.*, 128 Cal.App.4th 1581 (2005).

11  Plaintiff's Fifteenth Cause of Action is both certain and adequately alleges facts sufficient to

12  constitute a cause of action against Defendant.

13      At section III B 2 p (**Sixteenth Cause of Action: Respondeat Superior**) Defendant once

14  again boxes in Plaintiffs Adversary Proceeding by only referencing paragraphs contained in the

15  Respondeat Superior Cause of Action. Plaintiff is not limited to paragraphs 226 to 237 for

16  stating facts regarding this cause of action. Once again Defendant should review paragraph 226

17  which incorporates by reference all of the above and below paragraphs of the Adversary

18  Proceeding. Plaintiff sufficiently lists facts supporting an agency relationship between ALT and

19  G&P Enterprises LLC. Plaintiff's Sixteenth Cause of Action is both certain and adequately

20  alleges facts sufficient to constitute a cause of action against Defendant.

21      At section III B 2 q (**Seventeenth Cause of Action: Injunctive Relief**) Plaintiff has

22  shown that Defendant cannot police itself sufficiently to keep from violating the law, nor that

23  Defendant will make inquiry despite being given adequate notice of a significant problem.

24  Plaintiff has alleged sufficient preliminary facts showing that it is highly probable that Defendant

25  will continue violating its contractual and legal duties once the automatic stay is dissolved.

26  Plaintiff's Seventeenth Cause of Action is both certain and adequately alleges facts sufficient to

27  constitute a cause of action against Defendant.

28

At section III B 2 r (**Eighteenth Cause of Action: Conspiracy**).  Civil conspiracy is a recognized cause of action in California, and the Eighteenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 s (**Nineteenth Cause of action: Invasion of Privacy / Intrusion into Seclusion**) Defendant states Plaintiff had no expectation of privacy in the ALT common areas. Plaintiff had an expectation that ALT would not intrude into Plaintiffs affairs and seclusion while attempting to use ALT common areas.  Plaintiff's Nineteenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 t (**Twentieth Cause of Action: Quiet Title**) Defendant yet once again ADMITS that ALT has no interest in Plaintiffs real property. ALT seeks to confuse this Court by referencing the statutory lien perfection process for non-judicial foreclosure. Plaintiff has sufficiently alleged Plaintiffs adverse interest in Plaintiffs real property as stated in the Adversary Proceeding paragraphs 28-30, 61, and 254-263.  Defendant's own arguments are inconsistent, are an admission against interest, and violate CA. Evidence Code 623. Plaintiff's Twentieth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section III B 2 u (**Twenty-First Cause of Action: Actual or Constructive Easement**) Defendant states that there is no cause of action for an Actual or Constructive Easement.  To the extent the Court accepts Defendants position Plaintiff should be granted leave to amend.  Plaintiff maintains that a Cause of action for an actual or constructive easement is viable in California.  Plaintiff's Twenty-First Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

## CONCLUSION

Plaintiff's Adversary Proceeding does satisfy the requirements of an adversary proceeding and the Adversary Proceeding sufficiently states claims upon which relief can be granted. Plaintiff respectfully requests that Defendant's motion be denied.

1   Dated: July 8, 2013

2                                              Respectfully submitted,

3

4                                              DANIEL EDSTROM,
                                               Plaintiff and Debtor-in-possession
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28