⑤

| | |
|---|---|
| 1 | DANIEL MAJOR EDSTROM |
| 2 | 2690 BROWN BEAR COURT |
| | COOL, CA  95614 |
| 3 | TEL:  916/207-6706 | FAX:  888/552-2503 |
| | E-Mail: dmedstrom@hotmail.com |
| 4 | |
| 5 | Plaintiff and Debtor-in-Possession |

**FILED**

JUL - 8 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

WLOS

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re DANIEL MAJOR EDSTROM, <br><br> Debtor-in-possession. | CASE NO.: 12-29353-B-11 <br><br> CHAPTER 11 <br><br> A.P. NO. 13-02132-B |
| In re DANIEL MAJOR EDSTROM, <br><br> Debtor-in-possession. | DC NO. DME-2 <br><br> **PLAINTIFFS OPPOSITION TO DEFENDANT G&P ENTERPRISE LLC'S MOTION TO DISMISS;** |
| DANIEL MAJOR EDSTROM, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION A CALIFORNIA CORPORATION; ALLIED TRUSTEE SERVICES A CALIFORNIA CORPORATION, *a Fictitious or Ghost Entity*; G&P ENTERPRISES A CALIFORNIA LIMITED LIABILITY COMPANY; and DOES 1-100, <br><br> Defendants. | Hearing: <br> Date: July 23, 2013 <br> Time: 9:32 a.m. <br> Ctrm.: 32 <br> Dept: B <br><br> Hon. Thomas C. Holman <br> 501 I Street, 6th Floor, Sacramento, <br> California 95814, Tel.: (916) 930-4473 |

-1-
PLAINTIFFS OPPOSITION TO DEFENDANT G&P ENTERPRISE LLC'S MOTION TO DISMISS

Case 13-02132    Filed 07/08/13    Doc 22

# INTRODUCTION

Defendant G&P Enterprises LLC's ("**G&P**" or "**Trustee**") motion to dismiss is a thinly disguised attempt to obtain a summary-judgment style dismissal. The motion should be overruled because the allegations of the Adversary Proceeding control and there are material facts in dispute making this motion, or summary judgment, inappropriate. Further, Plaintiffs statements are not frivolous and have merit.

One of the central points of the Adversary Proceeding related to G&P is the following. G&P has not been authorized by Auburn Lake Trails Property Owners Association ("**ALT**" or "**Association**") in writing as required by the statute of frauds. G&P's communications contain numerous violations of the FDCPA and RFDCPA. G&P is impersonating Allied Trustee Services, Inc. And, among other things, G&P acquired Plaintiffs personal identifying information and used it for an unlawful purpose. G&P's response to Plaintiffs Adversary Proceeding is to file a boilerplate motion in the hopes of a quick dismissal with prejudice.

# FACTUAL BACKGROUND

Plaintiff and his non-filing spouse own the property located at 2690 Brown Bear Court, Cool, CA 95614 with APN # 073-141-03-100 ("**Subject Property**"), see Adv. Proc. ¶ 28. At the time Plaintiff acquired his interest in the Subject Property on or about August 10, 2004, Plaintiff also entered into a contractual relationship with ALT through the Second Restated Declaration of Covenants, Conditions and Restrictions of Auburn Lake Trails ("**CC&R's**") (Adv. Proc. ¶¶ 29-30). The contract with ALT gave Plaintiff an interest in real property to the common areas of Auburn Lake Trails (Adv. Proc. ¶ 30). The CC&R's contract also gave ALT an interest in real property or encumbrance on Plaintiffs Subject Property (Adv Proc. ¶ 29). The CC&R's Collection Policy authorizes the Association to use Allied Trustee Services, Inc. for 3rd party assessments collections as well as to act as a Trustee for the statutory lien perfection process required in order to foreclose (Adv. Proc. ¶ 33). At some point in 2007 Allied Trustee Services, Inc. ceased to exist as they ceased to be registered with the CA Secretary of State (Adv. Proc. ¶ 31). Plaintiff alleges numerous problems with the continued use of the name Allied Trustee

Services, Inc. (Adv. Proc. ¶ 34). ALT and its agent G&P breached contractual provisions of the CC&R's Collection Policy (Adv. Proc. ¶¶ 33-34) ("**Breach**" or "**First Breach**"). This First Breach was the first material breach of the contract and as such, ALT and G&P's right to lawfully enforce the ALT Collections Policy were rendered unenforceable (Adv. Proc. ¶¶ 34, 47, 60, 129 vi, 131 C, 137, 157 n, 194, 197, 208, 223, 249, 251, 257). All of ALT and G&P's attempts to collect a debt were contractually and legally flawed because of the First Breach, and thus Defendant and their alleged agents and trustees had no right to intrude into Plaintiffs affairs. G&P use as a 3rd party debt collector has never been authorized or ratified by the ALT Board of Directors or any ALT member (Adv. Proc. ¶ 35). No party affiliated with ALT has been authorized to send any document, financial information or personal identifying information to G&P (Adv. Proc. ¶ 35).

The Adv. Proc. seeks, among other things, to recover money and property interests from Defendant, which cannot be done as part of any plan of reorganization or by motion ( see Adv. Proc. pages 35 lines 23-28; page 36 lines 1-28; page 39 lines 10-33; etc.). Defendant repeatedly picks and chooses individual statements from Plaintiffs adversary proceeding, while ignoring others, including the many instances Plaintiff seeks damages not available by motion or through a plan of reorganization. In *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173, CA Civ. Code section 3381 defines "damages": "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." The Court concluded that damages, thus broadly defined, "may include a restitutionary element." (*Cortez*, supra, 23 Cal.4th at p. 174.) Further, defendant fails to conform to bankruptcy requirements and procedures, such as not specifying whether or not the Motion they bring forth is a core or non-core proceeding pursuant to 28 USC §157(b), by what authority this court has jurisdiction over Defendants Motion, and whether or not Defendant consents to the authority of this Court (which cannot be determined because movant fails to state whether or not their motion is a core proceeding).

### TYPE OF PROCEEDING AND JURISDICTION

PLAINTIFFS adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K). This court has jurisdiction over PLAINTIFF's case pursuant to 28 USC 1331 based on federal subject matter jurisdiction because this action concerns, inter alia, property of a bankruptcy estate and pursuant to 28 U.S.C. §1334 as this Court has exclusive jurisdiction of all cases under the bankruptcy code (i.e. Title 11), there are exceptions, but they do not apply, "**. . . the District Courts shall have original and exclusive jurisdiction of all cases under Title 11 [i.e. the Bankruptcy Code].**" 28 U.S.C. §1334(a) (emphasis added). "**The District Court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction - (1) of all the property, wherever located, of the Debtor as of the commencement of such case, and of all property of the Estate . . .**" 28 U.S.C. §1334(e)(1) (emphasis added). Daniel Major Edstrom filed a Chapter 11 voluntary Petition on May 15, 2012, case # 12-29353-B-11 in the Sacramento Division of the United States Bankruptcy Court, Eastern District of California ("**Edstrom Bankruptcy**"). The filing of a Petition creates an estate comprised of "all legal and equitable interests of the Debtor in property as of the commencement of the case" [11 U.S.C. §541(a)(1)] which definition must be broadly interpreted because "Congress intended a broad range of property . . . to be included in the Estate." United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983).

A "debt" is a liability on a claim. 11 U.S.C. § 101(12). A "creditor" is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor," 11 U.S.C. § 101(10)(A), and a "claim" is a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A). The Supreme Court has explained that the definition of "claim" is to be construed broadly, and that a "right to payment" means "nothing more, nor less, than an enforceable obligation." *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 559 (1990); *Premier Capital, LLC v. Gavin (In re Gavin)*, 319 B.R. 27, 31 (B.A.P. 1st Cir. 2004). "Absent an overriding federal interest, the existence of a claim in bankruptcy is generally determined by state law." *Securities Exchange Comm'n v. Cross (In re Cross)*, 218 B.R. 76, 78 (B.A.P. 9th Cir. 1998) (analyzing whether plaintiff had standing to bring § 523(a)(2)(A) action against chapter 7 debtor). State law applies in this instance because the underlying transaction is purely commercial in nature and there is no apparent federal interest, overriding or otherwise.

## CONCLUSION

Since Plaintiff's Adversary Proceeding is not frivolous, satisfies the requirements of an adversary proceeding, and sufficiently states claims upon which relief can be granted, Plaintiff respectfully requests that Defendant's motion be denied. To the extent the Court rules Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff requests leave to amend.

Dated: July 8, 2013

Respectfully submitted,

_____
DANIEL EDSTROM,
Plaintiff and Debtor-in-possession