

**FILED**

JUL - 8 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

WLOS

1  DANIEL MAJOR EDSTROM
2  2690 BROWN BEAR COURT
   COOL, CA 95614
3  TEL: 916/207-6706 | FAX: 888/552-2503
   E-Mail: dmedstrom@hotmail.com
4
   Plaintiff and Debtor-in-Possession
5

6

7

8           UNITED STATES BANKRUPTCY COURT

9           EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11                                    )  CASE NO.: 12-29353-B-11
                                      )
12  In re DANIEL MAJOR EDSTROM,       )  CHAPTER 11
                                      )
13     Debtor-in-possession.          )  A.P. NO. 13-02132-B
                                      )
14  ─────────────────────────────    )  DC NO. DME-2
                                      )
15                                    )
    DANIEL MAJOR EDSTROM, and all others )  MEMORANDUM OF POINTS &
16  similarly situated,               )  AUTHORITIES IN SUPPORT OF
                                      )  PLAINTIFFS OPPOSITION TO
17            Plaintiffs,             )  DEFENDANT G&P ENTERPRISE
                                      )  LLC'S MOTION TO DISMISS;
18  v.                                )
                                      )
19  AUBURN LAKE TRAILS PROPERTY       )  Hearing:
    OWNERS ASSOCIATION A CALIFORNIA   )  Date: July 23, 2013
20  CORPORATION; ALLIED TRUSTEE       )  Time: 9:32 a.m.
    SERVICES A CALIFORNIA             )  Ctrm.: 32
21  CORPORATION, a Fictitious or Ghost )  Dept: B
    Entity; G&P ENTERPRISES A         )
22  CALIFORNIA LIMITED LIABILITY      )
    COMPANY; and DOES 1-100,          )  Hon. Thomas C. Holman
23                                    )  501 I Street, 6th Floor, Sacramento,
    Defendants.                       )  California 95814, Tel.: (916) 930-4473
24                                    )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27  ─────────────────────────────    )

28

# Table of Contents

ARGUMENT ..................................................................................................................... 3

  I.   MINIMUM PLEADING REQUIREMENTS ........................................................................ 3

  II.  FIRST MATERIAL BREACH DOCTRINE......................................................................... 3

  III.  DOCTRINE OF INCONSISTENT STATEMENTS OR POSITIONS ..................................... 3

  IV.  AFFIRMATIVE RELIEF................................................................................................ 4

  V.  DEFENDANTS LEGAL ARGUMENTS ............................................................................ 5

CONCLUSION ...................................................................................................................18

## CASES

*Angell v. Superior Court (Verdugo Trustee Service Corp.)* (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657] ----------------------------------------------------------------------------------------------

*City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) -------------------------------12

*Cockerall v. Title Insurance and Trust Company*, 42 Cal.2d 284 (1954)--------------------12

*Daro v. Superior Court (Foy)* (2007) 151 Cal.App.4th 1079, 1093-----------------------12

*Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839-----------10

FDCPA----------------------------------------------------------------------------------------10

*In RE Ruth M. Deamicis*, Document 121, Case #11-11495 Bankr. E.D. Cal. Fresno Division July 26, 2011 (FOR PUBLICATION)--------------------------------------------------------- 9, 13, 15

*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939----------------------------------------------------- 5

*Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933) -----------------------11

*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940 ----------------------4, 9

*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 719-----------10

*Tomczak v. Ortega*, 50 Cal. Rptr. 20, 240 Cal. App. 2d 902 -----------------------------10

*West v. JPMorgan Chase Bank, N.A.*, ___ Cal.App.4th ___ , Mar. 18, 2013 ----------------11

*Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5)------------12

## STATUTES

B&P Code 17200 -------------------------------------------------------------------------------

CA Civ. Code 1558 ------------------------------------------------------------------------10

CA Govt. Code 27201 et seq.------------------------------------------------------------11

Federal Bankruptcy Rule 7001(1) -------------------------------------------------------11

Federal Bankruptcy Rule 7001(2) -------------------------------------------------------- 5

Federal Bankruptcy Rule 7001(7) -------------------------------------------------------- 5

Federal Bankruptcy Rule 7001(8) -------------------------------------------------------- 5

RFDCPA--------------------------------------------------------------------------------------10

**ARGUMENT**

## I.   MINIMUM PLEADING REQUIREMENTS

In discussing the minimum pleading requirement for a complaint (which only requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 7(a)(2), the Supreme Court reaffirmed that more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" is required. *Ashcroft v. Iqbal*, 556 U.S. at 678-679 (2009). A complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that is plausible on its face." Id. It need not be probable that the plaintiff will prevail, but there are sufficient grounds that a plausible claim has been pled.  Plaintiffs have alleged conduct which, if accepted as true, does state a claim to relief that is plausible on its face.  The complaint lists a series of facts followed by the causes of action.

## II.   FIRST MATERIAL BREACH DOCTRINE

Plaintiff clearly states in the Adversary Proceeding that the CC&R's Collections Policy was unenforceable as Allied Trustee Services, Inc. did not exist (Adv. Proc. ¶¶ 15, 31, 33, 34, 37, 43, 47, 49, 60, 82, 96, 103 d and f, 129 iii 1, 138, 157a, 161, 176, 183, 190, 223, 230, 231).  And thus Auburn Lake Trails Property Owners Association ("**ALT**") and their agents (such as Defendant) were in first material breach of contract prior to any action taken (or not taken) by Plaintiff, and thus Plaintiff alleges that (i) the contract Second Restated Conditions, Covenants and Restrictions of Auburn Lake Trails ("**CC&R's**") were unenforceable; and (ii) Defendant ALT nor their agents had no private right of action to enforce the CC&R's (Adv. Proc. ¶¶ 34, 47, 89, 90, 91, 92, 110, 129 ii, 129 xi, 129 xii 2, 131 B, 131 C, 131 I 2, 195, 197, 208, 249, 251, 257).  The CC&R's Collection Policy clearly states that ALT will engage Allied Trustee Services, Inc., which does not exist and is not identifiable.  Nowhere in their response does G&P state that they are the same as Allied Trustee Services, Inc., although they dance around this incredibly lightly.  This omission is fatal to G&P's motion.

## III.   DOCTRINE OF INCONSISTENT STATEMENTS OR POSITIONS

Defendant continually states that no lien exists prior to the time Plaintiff filed the above-captioned bankruptcy. This misconstrues Plaintiffs position that ALT held a lien on Plaintiffs

1 | real property through the CC&R's recorded September 12, 1990. The CC&R's are deed
2 | Covenants, Conditions, and Restrictions that serve as a lien on Plaintiffs real property (a lien
3 | being simply an interest in real property). Without such a lien, Defendant ALT would never
4 | have the authority to place assessments on Plaintiffs, nor to enforce the non-payment of such
5 | assessments (either directly or through their agents). Defendant's position is self-refuting,
6 | illogical and inconsistent from previously published statements, including the 1990 CC&R's
7 | recorded in the Official Records of the El Dorado County Recorder's Office.

8 | ## IV.    **AFFIRMATIVE RELIEF**

9 |     Although Plaintiff is the party filing the adversary proceeding, this is only in response to
10 | the affirmative relief sought by Defendant and their principals. Defendant is the party seeking,
11 | as an agent, to enforce rights through a contractual written agreement containing an interest in
12 | real property. Further, Defendant is the Movant for this motion and bears the burden of proof. It
13 | is Defendants duty to prove up the recitals contained in the instruments they are attempting to
14 | enforce, as well as their duty to show compliance with the statute of frauds, and finally their duty
15 | to show standing, including the condition precedent that they have clean hands[1], and authority
16 | under inquiries for both prudential and Constitutional standing. See *In re Jackson*, ___ B.R. ___,
17 | 2011 WL 2247816 (Bankr. E.D. Cal. June 6, 2011)(Holman, J.); *In re Veal*, 450 B.R. 897 (BAP
18 | 9th Circuit, AZ. June 10, 2011). A rebuttable presumption exists that the preliminary factual
19 | recitals contained in the CC&R's Collection Policy are true. Plaintiff has clearly rebutted these
20 | presumptions by a showing that Allied Trustee Services, Inc. does not exist. Neither Allied
21 | Trustee Services, Inc. in its corporate capacity nor Allied Trustee Services, Inc. in its capacity as
22 | Trustee exists and is identifiable pursuant to CA Civ. Code § 1558 and *In RE Ruth M. Deamicis*,
23 | Document 121, Case #11-11495 Bankr. E.D. Cal. Fresno Division July 26, 2011 (FOR

---

[1] The United States Supreme Court says in *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933): "The meaning and proper application of the maxim are to be considered. As authoritatively expounded, the words and the reasons upon which it rests extend to the party seeking relief in equity. 'It is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have a standing in court he must first show that not only has he a good and meritorious cause of action, but he must come into court with clean hands. He must be frank and fair with the court, nothing about the case under consideration should be guarded, but everything that tends to a full and fair determination of the matters in controversy should be placed before the court.' Story's Equity Jurisprudence (14th Ed.) 98."

1  PUBLICATION)  The burden of proof has shifted upon Defendant to prove that Allied Trustee

2  Services, Inc. does in fact exist or that somehow Defendant has the authority to make use of the

3  name Allied Trustee Services, Inc. as an agent and trustee for ALT.

4  **V.    DEFENDANTS LEGAL ARGUMENTS**

5        Under Section IV A Defendant argues Plaintiffs pleading requirements.    Plaintiff

6  addressed this above, but further states that Plaintiff has listed a pattern of facts and conduct that

7  adequately show Plaintiffs claims are plausible.  Plaintiffs' claims are not frivolous, Defendant

8  simply wants summary judgment while using various forms of rhetoric to attack Plaintiff.

9        Under Section IV B **(First Cause of Action: Violation of Automatic Stay)** of

10  Defendants G&P's Memorandum of Point & Authorities ("**Memorandum**") G&P argues in vain

11  regarding the automatic stay First Cause of Action as Plaintiff did not bring this cause of action

12  against Defendant G&P.

13        In Section IV C **(Second Cause of Action: Objection and Disallowance of Claim)** of

14  Defendants Memorandum G&P states that the complaint does not qualify as an adversary

15  proceeding.  G&P conveniently ignores that (i) Federal Bankruptcy Rule 7001(1) is used to

16  recovery money or property, of which Plaintiff is seeking to recover both property and money

17  (all causes of action related to G&P seek money and/or money damages); (ii) Federal

18  Bankruptcy Rule 7001(2) is used to determine the validity, priority, or extent of a lien or other

19  interest in real property, of which Plaintiff is seeking a determination on Plaintiffs interest in real

20  property (the ALT common areas), and ALT's interest in Plaintiffs real property through Quiet

21  Title (The Twentieth Cause of Action for Quiet Title is not brought against G&P); (iii) Federal

22  Bankruptcy Rule 7001(7) is a proceeding to obtain an injunction or other equitable relief, of

23  which Plaintiff seeks through an Injunctive Relief Cause of Action  starting on page 69 of the

24  Adversary Proceeding; (iv) Federal Bankruptcy Rule 7001(8) is a proceeding to subordinate any

25  allowed claim or interest, of which Plaintiff is seeking Defendants claims be subordinated to the

26  extent they are considered allowed claims (Cause of action for Objection and Disallowance of

27  Claim).  Plaintiff listed two claims on its petition, one for ALT and one for G&P.  G&P filed a

28

1   Proof of Claim (Claim 4-1) on behalf of ALT, which is a combination of both petition claims.

2   Defendant ALT holds two claims, one is an unsecured non-priority claim, and the other claim is

3   an unsecured priority claim.  Debtor-Plaintiff seeks to subordinate both claims to the extent the

4   Court determines both claims are allowed.  Defendant G&P's Initial Communication stated that

5   ALT would not accept any direct payments except those made through G&P.  Therefore Plaintiff

6   considers G&P an agent for both the unsecured non-priority claim of ALT as well as the priority

7   unsecured claim of ALT.

8        Defendant attempts to confuse the court by referencing the lien perfection process, which

9   is only required by statute in order for ALT's agent G&P to foreclose.  Although the statutory

10  lien required by this process has not been perfected, the CC&R's are deed Covenants, Conditions

11  and Restrictions upon Plaintiffs real property, and thus a lien or encumbrance in favor of ALT

12  has always existed on Plaintiffs real property.  Defendant G&P seems to concede that ALT holds

13  no interest in Plaintiffs real property, which would mean Defendant ALT and their agents never

14  had any right to collect any assessments from Plaintiff, and Defendant ALT and their agent have

15  no claim whatsoever against Plaintiff. Defendant goes on to state no lien exists on Plaintiffs

16  property and so Plaintiffs injunctive cause of action is inappropriate.  If this absurd position is

17  true, again, Defendant admits its principal has no authority to place assessments on Plaintiff.  If

18  ALT has no lien, ALT and G&P have no authority.  Defendant's absurd statements are self-

19  refuting.

20       At section IV D (**Third, Fourth and Fifteenth Causes of Action: Breach of Contract,**

21  **Specific Performance and Good Faith and Fair Dealing**) Defendant states no cause of action

22  for breach of contract, specific performance and the implied Covenant of Good Faith and Fair

23  Dealing.  Plaintiff fully lays out the contract between ALT, Plaintiff, and an entity named Allied

24  Trustee Services, Inc.  As such Plaintiff has shown the elements of a contract sufficiently.

25  According to Defendant, Plaintiff fails to state each of the following: (i) the existence of a

26  contract; (ii) Plaintiffs performance or excuse for non-performance; (iii) breach by Defendants;

27  and (iv) damage resulting from Defendant's breach.  Plaintiff has clearly stated a contract (Adv.

28

1  Proc. ¶¶ 29, 33).    Plaintiff has clearly stated Plaintiffs performance or excuse for non-

2  performance (Adv. Proc. ¶ 60).  Plaintiff has clearly stated the breach by Defendant G&P (Adv.

3  Proc. ¶¶ 15, 17, 18, 26, 31, 34-37, 40, 41, 44, 46, 54, 60, 61, 62, 76, 78-82, 85-93).  Plaintiff has

4  clearly stated the resulting damages from Defendants breach (Adv. Proc. ¶¶ 4, 31, 33, 44, 105,

5  139, 140, 148, 151, 183, 210, 220, 224).

6       Defendant fails to make any argument against the Fourth Cause of Action for Specific

7  Performance.

8       Defendant argues the implied covenant of good faith and fair dealing requires (i) a

9  contract existed; (ii) the plaintiff did all, or substantially all, of the significant things the contract

10  required; (iii) the conditions required for the defendants performance occurred; (iv) the defendant

11  unfairly interfered with the plaintiffs right to receive the benefits of the contract; and (v) the

12  plaintiff was harmed by the defendant's conduct.  Plaintiff adequately alleges a contract existed

13  (see Adv. Proc. ¶¶ 29, 33).  Plaintiff adequately alleges Plaintiff did all, or substantially all, of

14  the significant things the contract required (see Adv. Proc. ¶ 60).  Plaintiff adequately alleges the

15  conditions for the defendants performance occurred (see Adv. Proc. ¶¶ 29, 33, 51).    Plaintiff

16  adequately alleges the defendant unfairly interfered with the plaintiffs right to receive the

17  benefits of the contract (see Adv. Proc. ¶¶ 15, 17, 18, 26, 31, 34-37, 40, 41, 44, 46, 54, 60, 61,

18  62, 76, 78-82, 85-93).  Plaintiff adequately alleges he was harmed by defendant's conduct (see

19  Adv. Proc. ¶¶ 4, 31, 33, 44, 105, 139, 140, 148, 151, 183, 210, 220, 224).

20       At section IV E (**Fifth and Sixth Causes of Action: FDCPA and RFDCPA**) Defendant

21  continues the following with the following 5+ year standard and practice, as stated in the

22  Adversary Proceeding ¶ 34:

23       The continued use and incorporation of the non-existent Entity Allied
         Trustee Services, Inc. in the CC&R's Collections Policy[2], while at the same time
24       using the name Allied Trustee Services is not only a standard and practice of the
         defendants, but a scheme and artifice[3] to defraud[4]. The continued use of the non-
25

26

---

27  [2] See California Civil Code 1558, 1441 and 1442
28  [3] **Artifice:** Clever deception; The use of clever maneuvers or tricks; Subtle but base deception; Clever or cunning devices or expedients, esp. as used to trick or deceive others: "artifice and outright fakery".

1   existent entity Allied Trustee Services, Inc. while at the same time using the
2   name Allied Trustee Services (without any mention of G&P Enterprises, LLC),
    is an unfair and deceptive act or practice designed to have the appearance of
3   inserting a separate entity into an existing contract. G&P Enterprises, LLC's use
4   of the name Allied Trustee Services is likely to not only mislead the public, but
    to resemble Allied Trustee Services, Inc. so closely as to tend to deceive.
5   Additionally ALT and the ALT Board of Directors continuing manifestation of
6   Allied Trustee Services, Inc. is a façade. This pretense is cunningly deceitful and
    deliberately designed to confuse not only the least sophisticated consumer, but
7   the average consumer into believing that Allied Trustee Services is in privity of
8   contract with ALT. From the point at which Allied Trustee Services, Inc. ceased
    to exist forward Allied Trustee Services, Inc. was not of sound mind, nor capable
9   of contracting. All actions taken or alleged to be taken from this point forward
10  by Allied Trustee Services, Inc. are ultra vires. Any written contracts, verbal
    contracts, powers of attorney or agency agreements are/were void and/or
11  voidable, unenforceable, and in violation of California Civil Code 1558.
    Additionally, the ALT Collections Policy[5] is void and unenforceable.
12
        Defendant keeps continues their deceit and "unfair and deceptive act or practice" going
13
    by intentionally mis-stating Plaintiff. Defendant statess "The FDCPA claim relies on a factual
14
    error – that the Association is 'hiding behind' and 'impersonating' Allied Trustee Services
15
    [Complaint ¶146]."
16
    In reality paragraph 146 of the Adversary Proceeding states (emphasis added):
17
            "Defendant Auburn Lake Trails Property Owners association is using and
18
        impersonating Allied Trustee Services, Inc. in the collection of its own debts."
19
    In point of fact Plaintiff states that both G&P and ALT are impersonating the non-existent entity
20
    Allied Trustee Services, Inc. (Adv. Proc. ¶¶ 15-17, 31, 33, and others). Every reference by both
21
    Defendants to "Allied Trustee Services" without indicating which specific entity they are
22
    referring to (Allied Trustee Services, Inc. or G&P Enterprises LLC) is, among other things,
23
    ambiguous, unclear, unfair and deceptive. Based individually on Defendant ALT and G&P's
24
    usage of the ambiguous name "Allied Trustee Services", they are each making it clear to this
25
    Court that a triable issue of fact exists. The United States Supreme Court weighs in on this issue
26

27  [4] **Scheme and Artifice to Defraud:** A scheme or artifice to defraud is not capable of precise definition, but
    generally is a plan or trick to deprive another of the intangible right of honest services or obtain, by false or
    fraudulent pretenses, representations, or promises, money or property from someone. It is the deprivation of
28  something of value by trick, chicane, or overreaching.

PLAINTIFFS MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFFS
OPPOSITION TO DEFENDANT G&P ENTERPRISE LLC'S MOTION TO DISMISS

1   in *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933) with the following two

2   quotes in regards to a party that seeks to "set the judicial machinery in motion" or "wishes to

3   obtain some remedy":

4           "He must be frank and fair with the court, nothing about the case under

5           consideration should be guarded, but everything that tends to a full and fair
determination of the matters in controversy should be placed before the court."

6           "It is a principle in chancery, that he who asks relief must have acted in

7           good faith. The equitable powers of this court can never be exerted in behalf of

8           one who has acted fraudulently, or who by deceit or any unfair means has gained
an advantage"

9   Plaintiff has sufficiently stated that the CC&R's Collection Policy references Allied Trustee

10   Services, Inc. and neither G&P nor their principal ALT has even attempted to show that they are

11   Allied Trustee Services, Inc., that they have filed articles of incorporation with the CA Secretary

12   of State, or that they are authorized to act specifically using the name Allied Trustee Services,

13   Inc., and finally that this type of conduct is confusing and violates 15 U.S.C. § 1692 et seq. (Adv.

14   Proc. 87, 145, 147). Specifically unfair and deceptive conduct is covered pursuant to 15 U.S.C.

15   §§ 1692e, 1692e(10), 1692e(14), and 1692f (among others).

16         Defendant G&P states (i) "Plaintiff has not alleged or explained how any act of G&P

17   violated a specific provision of either statute"; (ii) "that G&P is a 'Debt Collector,'; and (iii)

18   "that the obligations imposed by the CC&R's is even a 'debt' as defined in each statute."

19   Apparently Defendant G&P did not read the Adversary Proceeding. For G&P FDCPA violations

20   see Adv. Proc. ¶¶ 61, 62, 68, 74-82, 85-93, 146-147. G&P is a Debt Collector as stated in the

21   Adv. Proc. ¶¶ 35, 66, 69, 70. The Adv. Proc. Defines the obligations imposed by the CC&R's as

22   a debt in the Adv. Proc. ¶ 57. Take note that in the beginning of its motion Defendant

23   complained that Plaintiff failed to provide a short, plain statement, while now Defendant is

24   nitpicking and stating Plaintiff has not provided enough details.

25         Defendant alleges that Plaintiff has not specified which acts or omissions of G&P

26   violated the Rosenthal Act. Pursuant to the RFDCPA, any violation of the FDCPA results in a

27   violation of the RFDCPA specifically because CA Civ. Code 1788.17 states in relevant part:

28

1  "Notwithstanding any other provision of this title, every debt collector
collecting or attempting to collect a consumer debt shall comply with the
2  provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the
remedies in Section 1692k of, Title 15 of the United States Code."
3

4  Defendant's violations, as alleged by Plaintiff above and in the Adversary Proceeding, establish

5  violations of the RFDCPA. Thus Plaintiff's Sixth Cause of Action is both certain and adequately

6  alleges facts sufficient to constitute a cause of action against Defendant.

7      At section IV F (**Seventh Cause of Action: B&P Code § 17200**) Defendant G&P alleges

8  no claim under UCL, and no standing. Defendant's claims are absurd. Defendant wants the

9  entire complaint verbosely restated in each cause of action, including this Seventh Cause of

10 Action.

11     In *West v. JPMorgan Chase Bank, N.A.*, ___ Cal.App.4th ___ , Mar. 18, 2013, the Court

12 of Appeal (Fourth Appellate District, Division Three) summarized the three-way split in

13 authority on "unfair" conduct in UCL consumer actions:

14 Several definitions of "unfair" under the UCL have been formulated. They are:

15   1. "An act or practice is unfair if the consumer injury is substantial, is not outweighed by
any countervailing benefits to consumers or to competition, and is not an injury the
16      consumers themselves could reasonably have avoided." (*Daugherty v. American Honda
Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839.)
17   2. "'[A]n "unfair" business practice occurs when that practice "offends an established
18      public policy or when the practice is immoral, unethical, oppressive, unscrupulous or
substantially injurious to consumers." [Citation.]' [Citation.]" (*Smith v. State Farm
19      Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 719.)
20   3. An unfair business practice means "'the public policy which is a predicate to the action
must be "tethered" to specific constitutional, statutory or regulatory provisions.'"
21      (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940.)
22

23     In this instance, as Plaintiff alleges conduct by Defendant, which, among other things, affects

24 both class members title to their property, Plaintiff has demonstrated that a "present or future

25 property interest" has been diminished, sufficient to support standing under the UCL. *Kwikset
Corp. v. Superior Court* (2011) 51 Cal.4th 310. As stated in the Adv. Proc. ¶¶ 4-10, Plaintiff

26 brings this action with others who are similarly situated, that being classes of ALT members who

27 have been subjected to the conduct specified in the Adversary Proceeding such as Adv. Proc. ¶¶

28 41 and 47.

In this instance, as Plaintiff alleges conduct by Defendant G&P such as (not all inclusive): (i) numerous FDCPA and RFDCPA violations; (ii) sending documents with false statements through the United States Mail (mail fraud); (iii) using Plaintiffs personal identifying information for an unlawful purpose (identity theft); (iv) impersonating Allied Trustee Services, Inc. (impersonation); (v) violation of the statute of frauds. Plaintiff alleges these injuries in fact, and that as a result Plaintiff was damaged. As such, Plaintiff has established standing under the UCL for purposes of a Motion to Dismiss.

Specifically, Plaintiff asserts numerous unfair and deceptive claims pursuant to the UCL, such as, inter alia, Penal Code §530.5 violations[5], CA Civ. Code 1558 violations, 15 U.S.C. §§1692 et seq. violations, CA Civ. Code §§ 1788-1788.32 violations, etc.

Penal Code §115 states the following:

> Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.

As Plaintiff alleges Defendant caused false documents (i.e. Notices of Default and Notices of Trustee's Sale) to be recorded for some ALT members, Plaintiff sufficiently alleges a violation of this provision. Additionally, this allegation sufficiently establishes an unfair or deceptive act or practice, for purposes of §17200, as the recording of these documents (Notice of Default and Notices of Trustee's Sale) is likely to deceive members of the public. Plaintiff alleges this conduct for other ALT members who faced ALT collections through G&P. Plaintiff received a document (the Initial Communication from G&P) through instrumentalities of Interstate Commerce or the mails that contained false statements (mail fraud). Defendant was injured by G&P's conduct when G&P threatened to record a lien on Plaintiffs property without authority, while violating other laws (i.e. FDCPA and RFDCPA), and in violation of the statute of frauds, forcing Plaintiff to alter his position to his detriment by filing the above captioned bankruptcy.

CA Govt. Code 27201 et seq. sets forth the requirement of the recording statutes. Pursuant to *Tomczak v. Ortega*, 50 Cal. Rptr. 20, 240 Cal. App. 2d 902, "no substantial evidence to support such recital" was found and the notice of default and subsequent trustee's deed upon

---

[5] Pursuant to *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, a private right is not required

1  sale were determined as void and of no legal effect for lack of evidence." See: *Wolfe v. Lipsy*

2  (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5); *Angell v.*

3  *Superior Court (Verdugo Trustee Service Corp.)* (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d

4  657]; *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) the court stated: "the purpose

5  of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments

6  are recorded, no notice is given." Plaintiff and all others similarly situated were entitled to valid

7  notice under statute and were denied such valid notice by Defendant.  The California Supreme

   Court said it all in *Cockerall v. Title Insurance and Trust Company*, 42 Cal.2d 284 (1954):

8
9          For the above reasons it appears that plaintiffs failed to prove a valid
       assignment of the note and third trust deed to them. As assignees they stand in
10      the same position as their assignor, the Crestmore Company, and must prove
       their chain of title to the note in question. [10] As was said in *Brown v. Ball*,
11      supra, 123 Cal.App. 758, "... we think that it would be a dangerous innovation to
       hold that on such proof, without more, an assignment purporting to be executed
12      by an agent, as each of these were, could be introduced into evidence. We are
       asked to presume not only that the persons whose names are subscribed actually
13      executed the assignments, but also that they had authority to do so merely
       because they were received through the mail in their present form after having
14      been mailed to the alleged assignors with a request that they be executed." In the
       present case, we would have to assume the position of Russ and Ethyl Green in
15      the chain of title, that the Crestmore Company had complied with the statutory
       provisions relating to the use of a fictitious name, and that P. H. Wierman was a
16      member of the firm with the authority to execute an assignment of the note made
       payable to that firm. Such assumptions, would indeed, constitute a "dangerous
17      innovation."
18
19

20  Plaintiff alleges that no agency agreement in writing exists between ALT and G&P (Adv. Proc.

21  ¶¶ 61-62) allowing G&P to invoke the statutory scheme of non-judicial foreclosure for ALT

22  members (Adv. Proc. ¶¶ 80, 104 f, 104 g, 129 xii 2, 157 l, 183, 188, 239), which includes the

23  statutory lien perfection process (based on an interest in real property).  Plaintiff alleges that the

24  period of time for these defective procedures was from some point in 2007 until (at a minimum)

25  the Adversary Proceeding date (Adv. Proc. ¶¶ 4, 14, 19-20, 31, 33, 36, 44, 45, 60, 96, 129 vi, 131

    C, 137-138, 169, 177, 223, 230, 231, 240, 244-245).

26
27      While Defendant asserts that Plaintiff failed to allege sufficient facts, within the
    Adversary Proceeding, for a UCL claim, Defendant's argument fails.

28

Plaintiff clearly demonstrates that the Defendant G&P lacked authority to (i) use the defective ALT Collections Policy; (ii) use the ambiguous name Allied Trustee Services, Inc. instead of the name G&P Enterprises LLC dba Allied Trustee Services; (iii) mail dunning letters violating the FDCPA and RFDCPA; (iv) record collection notices, trustee sale dates and Trustee's Deed Upon Sale instruments on ALT members properties; and (v) perform invalid non-judicial sales of ALT members properties.

Finally see *Daro v. Superior Court* (Foy) (2007) 151 Cal.App.4th 1079, 1093 ["unlawful" conduct within the meaning of California's unfair competition statutes embraces anything that can properly be called a business practice that is also forbidden by law]. Plaintiff's Seventh Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section IV G (**Eighth Cause of Action: Breach of Fiduciary Duty**) Defendant's points are not relevant as Plaintiff brought no claim against G&P for Breach of Fiduciary Duty.

At section IV H (**Ninth Cause of Action: Fraudulent Misrepresentation**) Defendant alleges that Plaintiff has not alleged fraud with particularity. Defendant states the following elements: (1) the time, place and contents of the alleged misrepresentations; (2) how the statements were fraudulent; (3) the identity of the person making the misrepresentation; (4) how the misrepresentations misled plaintiff; and (5) how the defendant gained from the fraud. The time and place of the alleged misrepresentations from G&P to Plaintiff were the Initial Communication mailed to Plaintiff dated April 17, 2012 (Adv. Proc. ¶¶ 74, 80, 188). The contents of the alleged misrepresentations were specified in the Adv. Proc. ¶¶ 54, 74, 75, 77, 79, 80, 81, 82, 86, 89-92, 176, 183, 188, 250. The statements were fraudulent because, inter alia, the communication violated the statute of frauds, the communication requested an amount due that was not yet due, the communication concealed the fact that it was not sent from Allied Trustee Services, Inc., the communication added numerous fees and charges not authorized by the contract or law, the communication ordered Plaintiff to pay an entity not authorized by the ALT CC&R's, the communication failed to disclose the current amount of the debt,  (Adv. Proc. ¶¶ 54, 61-62, 74-82, 86, 88-92, 93, 96, 159, 176, 178, 180, 183, 188-189, 250). The identity of the person making the misrepresentations is G&P Enterprises LLC, its officers, directors, managers,

employees, agents and/or representatives (Adv. Proc. ¶¶ 24, 38). Plaintiff was misled as shown in the Adv. Proc. ¶¶ 54, 74, 75, 76, 79-83, 86-92, 140, 176, 178-180, 183-185, 188 (not all inclusive). Defendant gained an advantage from the misrepresentation by furthering their unlawful acts, creating a rebuttable presumption of authenticity that the misrepresentations were accurate, the rebuttable presumption that the amounts due were accurate thereby shortening the timeframe within which Plaintiff would be forced to pay the alleged debt, creating a rebuttable presumption for notice requirements, creating line item accounting entries for fees and charges, emotionally crippling Plaintiff, mentally crippling Plaintiff, etc. (Adv. Proc. ¶¶ 26, 47, 52, 76, 89-93, 107, 123, 140, 163, 183-185, 206, 210, 250).

Defendant states "The use of a servicing agent to service or collect a debt is not fraudulent." Plaintiff's Adv. Proc. ¶ 61 contends that the agency agreement has to be in writing. The Adv. Proc. ¶ 62 alleges that no writing satisfying the statute of frauds exists.

At section IV I (**Tenth Cause of Action: Negligence**) Defendant states that the plaintiff must allege: (1) a legal duty to use due care; (2) breach of that duty; (3) the breach as proximate cause of resulting injury; and (4) damages. Plaintiff shows a duty to use due care in the Adv. Proc. Page 1 lines 9 and 10, as well as ¶¶ 183, 205. Plaintiff shows a breach of that duty as the Adv. Proc. contends that: Defendants communications violated the statute of frauds, the communications requested an amount due that was not yet due, the communications concealed the fact that it was not sent from Allied Trustee Services, Inc., the communications added numerous fees and charges not authorized by the contract or law, the communications ordered Plaintiff to pay an entity not authorized by the ALT CC&R's, the communications failed to disclose the current amount of the debt (not all inclusive), as shown in Plaintiffs Adv. Proc. ¶¶ 54, 61-62, 74-82, 86, 88-92, 93, 96, 159, 176, 178, 180, 183, 188-189, 250. Plaintiff shows the breach as the proximate cause of resulting injury in the Adv. Proc. ¶¶ 139, 184, 190-191, 201, 209, 224. Plaintiff was damaged as alleged in the Adv. Proc. ¶¶ 4, 44, 95, 105, 123-124, 129 x, 131 G, 139-140, 183, 185, 193, 196, 210, 220, 224, 236, 245-246, 251.

1    At section IV J (**Eleventh Cause of Action: Constructive Slander of Title**) Defendants

2   claim no lien has been filed and no such thing as constructive slander of title. In fact Plaintiff

3   stopped the statutory lien from being filed by filing the above-captioned bankruptcy (Adv. Proc.

4   ¶¶ 83, 246). As such Plaintiff is seeking a constructive slander of title for himself. However, this

5   claim is brought on behalf of all others similarly situated (Adv. Proc. ¶¶ 4-10). As such Plaintiff

6   alleges that there are class member's with titles to real property that have been slandered (Adv.

7   Proc. ¶ 47). The information regarding these class members and this claim is solely in the

8   custody and control of defendant. Defendants actions were not privileged (Adv. Proc. ¶¶ 111-

9   112, 188, 234). Defendants published false information and impairing title to real or personal

10   property (Adv. Proc. ¶¶ 47, 51, 88, 109, 112, 177, 188-189, 196, 212, 234, 261). Defendants

11   caused damages, including monetary losses (Adv. Proc. ¶¶ 105, 139-140, 183, 192-193).

12   Defendants actions were malicious (Adv. Proc. ¶¶ 111-112, 188, 189, 190, 192, 195, 208, 234).

13    This claim is for <u>constructive</u> slander of title because Plaintiff took defendants at their

14   word that they would file a lien, regardless of Defendants duty to inquire into Plaintiffs research

15   that Allied Trustee Services, Inc. did not exist and that G&P Enterprises LLC communications

16   had violated the FDCPA and RFDCPA. Plaintiff's Eleventh Cause of Action is both certain and

17   adequately alleges facts sufficient to constitute a cause of action against Defendant.

18    At section IV K (**Twentieth and Twenty-First Causes of Action: Quiet Title and**

19   **Actual and/or Constructive Easement**) Defendant G&P's arguments are not relevant. Plaintiff

20   did not bring any cause of action against G&P to Quiet Title or for Actual and/or Constructive

21   Easement.

22    At section IV L (**Twelfth and Thirteenth Causes of Action: Intentional and Negligent**

23   **Infliction of Emotional Distress**) Defendant argues only that Plaintiff has not met the pleading

24   requirements. Plaintiff has brought the pleading requirements and has stated that Defendants

25   conduct was outrageous and intentional (Adv. Proc.¶¶ 49, 84, 112, 189, 190, 195-202, 234).

26   Defendant lists the following elements involving extreme and outrageous conduct: (1) if

27   defendant abuses a relation or position which gives him power to damage the plaintiff's interest;

28

1  (2) if defendant knows the plaintiff is susceptible to injuries through mental distress; OR (3) acts

2  intentionally or unreasonably with the recognition that the acts are likely to result in illness

3  through mental distress. Plaintiffs shows in the Adversary Proceeding that Defendant had a duty

4  which they abused giving them power over Plaintiff (Adv. Proc. Page 1 lines 9 and 10, as well as

5  ¶¶ 183, 205. Defendant contends that: Defendants communications violated the statute of frauds,

6  the communications requested an amount due that was not yet due, the communications

7  concealed the fact that it was not sent from Allied Trustee Services, Inc., the communications

8  added numerous fees and charges not authorized by the contract or law, the communications

9  ordered Plaintiff to pay an entity not authorized by the ALT CC&R's, the communications failed

10 to disclose the current amount of the debt (not all inclusive), as shown in Plaintiffs Adv. Proc. ¶¶

11 54, 61-62, 74-82, 86, 88-92, 93, 96, 159, 176, 178, 180, 183, 188-189, 250. Defendant acted

12 intentionally and/or unreasonably (Adv. Proc. ¶¶ 38, 88, 107, 185, 195, 208, 210, 218, 251, 257,

13 261).

14    Plaintiff's Twelfth and Thirteenth Causes of Action are both certain and adequately

15 allege facts sufficient to constitute causes of action against Defendant.

16    At section IV M (**Nineteenth Cause of Action: Invasion of Privacy, Additionally and**

17 **Alternatively Intrusion into Seclusion**) Defendant states Plaintiff had no expectation of privacy

18 in the ALT common areas. Plaintiff had an expectation that ALT would not intrude into

19 Plaintiffs affairs and seclusion while attempting to use ALT common areas. Plaintiff consented

20 to the CC&R's at a point in time when they were accurate, not in breach, and did not violate CA

21 Civ. Code 1558, and when Allied Trustee Services, Inc. did not violate numerous debt collection

22 provisions. At that point in time (mainly prior to 2007), Allied Trustee Services, Inc. was a

23 viable entity with articles of incorporation that were properly registered with the CA Secretary of

24 State. Plaintiff never consented to Allied Trustee Services, Inc. ceasing its registration with the

25 State of CA and disbanding. Nor did Plaintiff consent to an interloper appearing and filing a

26 fictitious business name statement with a name very similar to, but not the same as, Allied

27 Trustee Services, Inc. Nor has Plaintiff consented to the Association transferring Plaintiffs

28

personal identifying information to the interloper without any authority in writing pursuant to the statute of frauds. Plaintiff's Nineteenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section IV N (**Fourteenth Cause of Action: Harassment**) Defendant states that Plaintiff stated no facts that the Association knowingly or willfully engaged in a course of conduct that seriously alarmed, annoyed, or harassed Plaintiff that served no legitimate purpose. These facts have been alleged by plaintiff throughout the entire Adversary Proceeding and repeated numerous times in the preceding paragraphs. Plaintiff has stated facts showing malice, a duty to inquire, failure to inquire, and that Defendant closed its eyes so as not to learn the truth. G&P had no contractual or legal right to send the dunning letter. Plaintiff's Fourteenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section IV O (**Eighteenth Cause of Action: Conspiracy**). Civil conspiracy is a recognized cause of action in California, and the Eighteenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant. Once again Defendant misconstrues and twists Plaintiffs statements to say or not say what they want. For example see the Adv. Proc. ¶ 49).

At section IV P (**Seventeenth Cause of Action: Injunctive Relief**) Plaintiff has shown that Defendant G&P cannot police itself sufficiently to keep from violating the law, nor that Defendant will make inquiry despite being given adequate notice of, inter alia, unlawful debt collection actions. Plaintiff has alleged sufficient preliminary facts showing that it is highly probable that Defendant will continue violating its contractual and legal duties once the automatic stay is dissolved. Defendant references a preliminary injunction, which Plaintiff specifically is not asking for. Plaintiff is seeking a permanent injunction. No temporary restraining order or preliminary injunction is needed because of the automatic stay. Defendants arguments are irrelevant. Plaintiff's Seventeenth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

1    G&P does not move to dismiss Plaintiffs Sixteenth Cause of Action for Respondeat

2 Superior. As such this cause of action is not part of G&P's motion.

3                                      **CONCLUSION**

4        Plaintiff's Adversary Proceeding does satisfy the requirements of an adversary

5 proceeding and the Adversary Proceeding sufficiently states claims upon which relief can be

6 granted. Plaintiff respectfully requests that Defendant's motion be denied.

7 Dated: July 8, 2013

8

9                                       Respectfully submitted,

10

11                                      DANIEL EDSTROM,
                                        Plaintiff and Debtor-in-possession
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28