Glenn H. Wechsler, State Bar No. 118456
Lawrence D. Harris, State Bar No. 153350
LAW OFFICES OF GLENN H. WECHSLER
1646 N. California Blvd., Suite 450
Walnut Creek, California 94596
Telephone: (925) 274-0200
Email: *larry@glennwechsler.com*

Attorneys for Defendant
G & P ENTERPRISES, LLC, d/b/a
ALLIED TRUSTEE SERVICES

**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>DANIEL MAJOR EDSTROM,<br><br>Debtor and Debtor in Possession. | Case No.: 12-29353-B-11<br>Adv. No.: 13-02132-B<br><br>Chapter 11<br><br>Assigned to: Hon. Thomas N. Holman, U. S. Bankruptcy Judge |
| DANIEL MAJOR EDSTROM,<br><br>Plaintiff,<br><br>vs.<br><br>AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, a California non-profit mutual benefit corporation, et al.,<br><br>Defendants. | **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION OF G & P ENTERPRISES, LLC, D/B/A ALLIED TRUSTEE SERVICES, TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Docket Control No. LDH-1<br><br>Date: July 23, 2013<br>Time: 9:32 a.m.<br>Ctrm: 32<br>Dept: B |

Defendant G & P ENTERPRISES, LLC, d/b/a ALLIED TRUSTEE SERVICES (hereinafter "G&P" or "Defendant") respectfully submits the following Reply to Plaintiff's Opposition to G & P's motion to dismiss for failure to state a claim.

## I. PLAINTIFF'S ERRONEOUS PROCEDURAL ARGUMENTS AND IMPROPER FILINGS

Plaintiff has filed several documents in opposition to G &P's motion to dismiss: (1) an "Opposition" [Docket No. 22]; (2) a "Notice of Plaintiff's Opposition" [Docket No. 23]; (3) a Memorandum of Points and Authorities in support of the Opposition [Docket No. 24]; (4) a Declaration in support of the Opposition [Docket No. 30]; and an "Additional Opposition" [Docket No. 29]. Plaintiff's first error was to treat his opposition as if it were a motion in itself instead of an opposition to a motion. An opposition does not require a "notice of opposition" or its own docket control number.

The declarations in support of the Opposition may not be considered. In considering a motion to dismiss, the court considers only the pleading itself and any exhibits incorporated into the complaint, as well as matters properly subject to judicial notice. Plaintiff's declarations in support of the Opposition are extrinsic to the complaint and cannot be considered. In ruling a motion to dismiss, a court generally cannot consider material outside the complaint [*Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D.Cal.2003)]. Nonetheless, a court may consider exhibits submitted with the complaint [*Van Winkle, supra* at 1162, n. 2], and matters properly subject to judicial notice. In *Skilstaf v. CVS Caremark Corp.* (9th Cir., 2012) 669 F.3d 1005, at p. 1016 (fn. 9) the Court stated that:

> Although, as a general rule, a district court may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion, one exception to this general rule is that a "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri–Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007) (citation and internal quotation marks omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily

examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

The declarations filed in support of the Opposition are extrinsic to the Complaint and cannot be considered.

Plaintiff contends in the "additional" opposition that G & P's motion is defective because (a) it is not supported by a declaration and (b) that no evidentiary support for the motion has been provided [Additional Opposition 2:11-14]. This argument turns the standard for a motion to dismiss on its head. A motion to dismiss tests the sufficiency of the allegations of the complaint, much like a common-law demurrer [*DeSole v. U. S.*, 947 F.2d 1169, 1178 (4th Cir. 1991); *Petrushka v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)]. The sole point of a motion to dismiss is to test whether the plaintiff has stated a claim for which relief can be granted. The determination is whether a claim has been or can be stated *as a matter of law,* assuming the facts alleged to be true. No "evidence" in support of a motion to dismiss is required or even permitted, except for exhibits incorporated into the complaint and matters properly subject to judicial notice.

Lastly, Plaintiff argues that the motion was untimely filed, and submitted a defective "Certification of Service" of a "Proposed Entry of Default and Order re: Default Judgment Procedures" on July 11, 2013 [Docket No. 33]. The request was rejected due to Plaintiff's failure to file a proper request and supporting documents [See Docket Nos. 34-35]. The summons was issued on April 18, 2013 and was served the following day. G & P's motion was filed on May 20, 2013. G & P was free to file a responsive pleading or dispositive motion at any time prior to its default being taken. Plaintiff did not file his request until after G & P had filed its motion to dismiss. The filing of such a motion tolls the time period for filing a responsive pleading, which continues until the court rules on the motion [Fed. R. Bankr. P. 7012(a)]. The request for entry of default was properly denied.

## II. PLAINTIFF HAS ABANDONED SEVERAL OF HIS CLAIMS AGAINST DEFENDANT G & P

None of the claims or causes of action in the Complaint state the party or parties to which they are directed or pled. Therefore, G & P was forced to assume that all causes of action were pled against all defendants, and for that reason moved to dismiss several causes of action which Plaintiff now claims were never pled against G & P in the first place. In the Memorandum, Plaintiff asserts that "G & P argues in vain regarding the automatic stay First Cause of Action *as Plaintiff did not bring this cause of action against Defendant G & P"* [Memorandum 5:9-12]. Plaintiff also contends that he "brought no claim against G&P for Breach of Fiduciary Duty" [Memorandum 13:11-12], and makes the same claim regarding the causes of action for quiet title and actual and/or constructive easement [Memorandum 15:18-21]. This is certainly not apparent from the Complaint, but Plaintiff appears to have either abandoned these four causes of action against G & P, or never intended to bring them. In any event, Plaintiff has not alleged any post-petition acts by G & P and therefore cannot state a claim for violation of the automatic stay; nor has he alleged the basis for any fiduciary duty, or a breach thereof. Plaintiff has also failed to allege an adverse interest or any other basis to quiet title. These claims should be dismissed as to G & P.

## III. PLAINTIFF'S OBJECTIONS TO CLAIMS ARE IMPROPER AND WITHOUT MERIT

Plaintiff's reliance on Fed. R. Bankr. P. 7000(1) in order to defend the propriety of his claim objection is misplaced. When the Rule describes action to "recover money or property," it refers to recovery of property of the estate, not to seeking damages against third parties not in possession estate property. Such damages are not a "recovery" of property, since they were never in the possession of the debtor. Fed. R. Bankr. P. 7000(2) refers to "a proceeding to determine the validity, priority, or extent of a lien or other interest in property." While the Association may hold an interest by virtue of the

CC&R's in the common areas of the development, this is not property of the estate. No lien has been filed or alleged against Plaintiff, or against property of the debtor or the estate. Plaintiff admits that "the statutory lien required by this process has not been perfected." While the CC&R's grant an interest in the sense that the Association has the right to enforce the covenants, that interest is not a "lien." As stated in the Motion, Plaintiff does not contest the amount of the claim, only the legal power and authority of the Association to make the assessments, and of G&P to file the claim on behalf of the Association. These claims are conclusory and of no merit whatsoever. Plaintiff admits the existence of the CC&R's and therefore the Association's right to enforce them. As discussed more fully below, the CC&R's authorize assessment of late charges and other fees and penalties upon default. The motion should be granted.

## IV. PLAINTIFF HAS NOT ALLEGED A CONTRACT OR CONTRACTUAL RELATIONSHIP WITH G & P

Plaintiff contends in the Memorandum that in the Complaint he "fully lays out the contract between ALT, Plaintiff and an entity named Allied Trustee Services, Inc." [Memorandum 6:21-24]. Plaintiff does not allege a contract with G & P, even in the Opposition. There is in fact no such allegation *in the Complaint*. The CC&R's, which are attached to and incorporated into the Complaint, were filed by the Association, and Plaintiff as a homeowner is subject to the CC&R's. Plaintiff has not alleged in the Complaint that G & P is a party to the CC&R's, and that much is clear from a cursory review of the CC&R's [Complaint, Exhibit A]. Plaintiff has admitted the G & P is merely an "agent/affiliate" of the Association [Complaint ¶31]. As Plaintiff has alleged no contract or contractual relationship with G & P, all causes of action arising under contract (the third, fourth and fifteenth causes of action of specific performance, breach of contract and breach of implied covenant of good faith and fair dealing, respectively) must fail. The motion should be granted.

///

## V. PLAINTIFF'S CAUSES OF ACTION FOR UNFAIR COLLECTION PRACTICES FAIL TO ALLEGE ANY STATUTORY VIOLATIONS

Plaintiff cites various paragraphs of the Complaint in defense of the fifth and sixth cause of action under the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Act [Memorandum 8:19-20; 9:17-25]. Plaintiff states that G & P is "nitpicking" when it states in its motion that Plaintiff has not stated a statutory violation, but all of these cited paragraphs fail to do so. The only statutory section which might be slightly relevant is 15 U.S.C. §1692e(10), which provides that "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff continues to maintain that the Association "is using and impersonating Allied Trustee Services, Inc. in the collection of its own debts" [Memorandum 8:16-17, citing Complaint ¶146]. See also ¶70: "... they are using the name Allied Trustee Services, Inc. in the collection of debts." Plaintiff has not alleged how the use of "Inc." after the name could be deceptive or misleading, if it was indeed being used. Immediately after receiving the "Initial Communication" from Allied, Plaintiff sent a letter *directly to the Association* disputing the debt, and the Association responded, confirming that the "Initial Communication" had been sent under the Association's authority [Complaint, Exhibits 7 & 8].

However, it is clear from Plaintiff's own exhibits attached and incorporated into the Complaint that G & P is not misrepresenting itself as "Allied Trustee Services, Inc." G & P has filed "fictitious business name" statements under the name of "Allied Trustee Services" in 2007 and 2012 [See Request for Judicial Notice, Docket No. 11]. The "Initial Communication" dated April 17, 2012, which is attached to the Complaint as Exhibit 6, is on the letterhead of "Allied Trustee Services." Fed. R. Civ. P. 10(c), adopted by Fed. R. Bankr. P. 7010, provides that "a copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Plaintiff's allegations are undercut by his own exhibits, and therefore he has not in fact alleged any misrepresentation or deceptive practice. The

motion should be granted.

## VI. PLAINTIFF FAILS TO ALLEGE ANY STATUTORY VIOLATIONS OR UNFAIR OR DECEPTIVE BUSINESS PRACTICES, OR AN "INJURY IN FACT"

Plaintiff calls the arguments in G & P's motion relating to the Cal. Bus. & Prof. Code §17200 cause of action "absurd," and relies on the *Kwikset* case [*Kwikset Corp. v. Superior Court* (2010) 51 Cal.4th 310]. That case actually undermines Plaintiff's case. Plaintiff contends that "a 'present or future property interest' has been diminished, sufficient to support standing under the UCL" [Memorandum 10:23-24]. Plaintiff has not alleged any such thing, and that is the wrong test. In *Kwikset*, the California Supreme Court discussed the history of Prop. 64, which limited standing in UCL claims, and found that an "economic injury" is necessary to plead an "injury in fact" [*Kwikset, supra* at pp. 323-324]. In that case, the Court found standing because the record reflected that the plaintiffs had purchased products based upon misrepresentations by the seller. Plaintiff has alleged no similar "economic injury" or "injury in fact," but complains that "G & P threatened to record a lien on Plaintiff's property…" [Memorandum 11:21-24]. Obviously, a "threatened" act is cannot be an injury in fact. Furthermore, this cause of action attempts to dovetail or "piggyback" onto the other causes of action to state an "unlawful, or unfair, or fraudulent" practice, and all of such causes of action are defective for the reasons stated above. Plaintiff attempts to make claims relating to other borrowers or homeowners for the first time in the Memorandum. This is not a class action. These types of frivolous, speculative claims are just the sort of claims that Prop. 64 was enacted to prevent. Plaintiff has not been damaged or harmed, or suffered any economic injury. The motion should be granted.

## VII. THE FRAUD CLAIMS FAIL, AS THERE WAS NO MISREPRESENTATION OR ANY DAMAGE ALLEGED

Plaintiff contends that the "Initial Communication" was fraudulent because it "violated the statute of frauds, … requested an amount that was not yet due, … concealed the fact that it was not sent from

Allied Trustee Services, Inc., … added numerous fees and charges not authorized by contract or law,… ordered Plaintiff to pay an entity not authorized by the ALT CC&R's [and] failed to disclose the current amount of the debt" [Memorandum 13:21-26]. A letter or notice is not subject to the Statute of Frauds. The claims regarding "concealment" are the same defective claims regarding the use of the name "Allied Trustee Services" discussed above. The amount of the debt was disclosed in an "Itemized Statement" attached to the Initial Communication. Even if the disputed fees and charges were unauthorized, they are *de minimus*, and their inclusion would not be a misrepresentation. The CC&R's provide for assessment of late fees and other penalties upon default [CC&R's, Exhibit A, §9(a), (c)(1)]. There has been no misrepresentation, and Plaintiff has alleged no reliance or damages. The fraud claims fail, and the motion should be granted.

## VIII. PLAINTIFF ALLEGES NO DUTY OR BREACH OF DUTY

The negligence claim is also defective. It relies on the same allegations and claims discussed above in relation to the fraud claims. Plaintiff has not alleged that G & P owes it any common law duty at all. The breaches alleged are all either statutory violations or intentional acts. Plaintiff has not alleged duty, proximate cause or damages. The claim is derivative of the fraud claims and allegations of statutory violations, each of which is defective in its own right. The negligence claim has no independent vitality. The motion should be granted.

## IX. THERE IS NOT SUCH THING AS A "CONSTRUCTIVE" SLANDER OF TITLE

Plaintiff truly ventures into the realm of implausibility in defending this particular cause of action. He contends that he "took defendants at their word that they would file a lien" in spite of the fact that he "stopped the statutory lien from being filed by filing the above-captioned bankruptcy" [Memorandum 15: 2-3, 13-14]. He also claims to be bringing this cause of action on behalf of other claimants, although this is not a class action. These claims are silly and preposterous. No lien was in fact filed, so there can

be no slander of title. There is no such thing as a "constructive" slander of title. The motion should be granted.

## X. PLAINTIFF HAS NOT ALLEGED ANY "EXTREME" OR "OUTRAGEOUS" CONDUCT

Plaintiff relies on the same allegations in the Complaint as for the defective fraud cause of action, and contends without any supporting authority that an emotional distress claim is proper if a defendant "abuses a relation or position which gives him power to damage plaintiff's interest." This is a claim of breach of fiduciary duty, which has not been pled against G & P. Plaintiff has not alleged any such "relation" of trust or any abuse of that "relation." Plaintiff makes the same defective claims regarding the Statute of Frauds, the authority of Allied, and the late charges and fees itemized in the Initial Communication discussed above in relation to the fraud claims [Memorandum 16:5-13]. The Initial Communication was pursuant to, and authorized by, the CC&R's, and was not "outrageous" or "extreme." To be outrageous, the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community" [*Garamendi v. Golden Eagle Ins. Co.*, 128 Cal.App.4th 452, 480 (2005)]. This has not been alleged. The motion should be granted.

## XI. THE CLAIMS OF INVASION OF PRIVACY ARE MERELY A REPACKAGING OF THE OTHER DEFECTIVE CLAIMS

Plaintiff has not properly alleged an expectation of privacy, or that his privacy was violated by the Initial Communication. In the Opposition, Plaintiff merely restates his nonsensical arguments about Allied, calling it an "interloper." Any rational person would assume that an entity performing the same function and with the same name, less the "Inc." at the end, would be the same entity or a successor thereto. In any event, as discussed above, Plaintiff contacted the Association upon receipt of the Initial Communication, so there was no confusion over Allied's role, or any prejudice or harm. None of this has any relevance to a right of privacy or a purported invasion of privacy. The motion should be

granted.

## XII. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

Plaintiff already has the benefit of the automatic stay, and no further injunctive relief, either in the form of a preliminary or permanent injunction, is necessary during the pendency of the Chapter 11 case. Other than the fact of the automatic stay, Plaintiff has alleged no grounds for injunctive relief of any kind. No imminent threat of any further enforcement action has been alleged. The Association stated in writing that it would not pursue any further actions while the case is pending [Complaint ¶100]. Plaintiff does not require, and is not entitled to further injunctive relief. The motion should be granted.

## XIII. CONCLUSION

Plaintiff was cautioned in a related adversary proceeding that he was subject to Rule 11 and should refrain from making frivolous claims. He has not absorbed that lesson, and many of the claims in the complaint and opposition are transparently baseless and without merit. The Complaint goes on for 81 pages with twenty causes of action, all over a dunning letter for delinquent condominium assessments totaling less than $1,200. Even if any of the claims regarding the "Initial Communication" were true, nothing ever came of it, due to the bankruptcy filing. The Association has confirmed in writing that is knows of the filing and will not violate the stay. This adversary proceeding is an abuse of process. The case should be dismissed with prejudice.

DATED: July 16, 2013

LAW OFFICES OF GLENN H. WECHSLER

By: */s/Lawrence D. Harris*
LAWRENCE D. HARRIS

G:\Larry\Allied\Edstrom\Reply.MTD