Bradley J. Epstein (CA State Bar No. 171567)
Sam Y. Chon (CA State Bar No. 197246)
ANGIUS & TERRY LLP
3001 Lava Ridge Court, Ste 130
Roseville, CA 95661
Telephone: (916) 567-1400
Facsimile: (916) 567-1401
Email: schon@angius-terry.com

Attorneys for Defendant
AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>DANIEL MAJOR EDSTROM,<br><br>Debtor and Debtor in Possession.<br>_____<br><br>DANIEL MAJOR EDSTROM,<br><br>Plaintiff,<br>vs.<br><br>AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, a California non-profit mutual benefit corporation, et al.,<br><br>Defendants.<br>_____ | Case No.:   12-29353-B-11<br>Adv. No.:   13-02132-B<br><br>Docket Control No. ATL-1<br><br>Chapter 11<br><br>Assigned to: Hon. Thomas C. Holman,<br>U. S. Bankruptcy Judge<br><br>**DEFENDANT ASSOCIATION'S REPLY TO PLAINTIFF'S OPPOSITION TO ASSOCIATION'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Date:    July 23, 2013<br>Time:    9:32 a.m.<br>Ctrm:    32, 6th Floor<br>Dept:    B |

///

///

DEFENDANT ASSOCIATION'S REPLY TO PLAINTIFF'S OPPOSITION TO ASSOCIATION'S MOTION TO DISMISS– PAGE 1 OF 5
Adv. No.: 13-02132-B

Defendant AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION ("Association" or "Defendant") hereby replies to Plaintiff Edstrom's Opposition to Association's Motion to Dismiss For Failure to State a Claim, or In the Alternative For More Definite Statement as follows:

1. Dismissal of Plaintiff's complaint is appropriate because Plaintiff's opposition is just as confusing, rambling, and unintelligible as the complaint; and

2. Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the complaint and thus, leave to amend should be denied.

## POINTS AND AUTHORITIES

**1. Dismissal of Plaintiff's complaint is appropriate because Plaintiff's opposition is just as confusing, rambling, and unintelligible as the complaint.**

Dismissal is appropriate when the operative pleading is patently verbose, confusing, and rambling. *Desardounin v. UPS, Inc.* (D. Conn. 2003) 285 F. Supp. 2d 153, 157. Plaintiff's opposition to Association's motion to dismiss consists of 21 pages of confusing, rambling, and unintelligible arguments. Instead of responding to the arguments raised in Association's motion to dismiss, Plaintiff cites numerous irrelevant and inapplicable legal authorities. None of the cases cited in Plaintiff's opposition addresses the issue of pleading deficiency.

In order to survive a motion to dismiss, the facts alleged must state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F3d 1035, 1041. A plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general allegations,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1954. Plaintiff's rambling, confusing, and conclusory arguments fail to show that the complaint alleged facts sufficient to state a cause of action against the Association:

- Plaintiff's first cause of action for violation of the automatic stay fails to state any cognizable claim against the Association. Plaintiff did not allege any post-petition act in violation of the automatic stay. In response to Plaintiff's bankruptcy notice, Association informed Plaintiff that all proceedings against Plaintiff and his property would be suspended. No lien has been filed against Plaintiff or against property of the debtor or the estate.

- Plaintiff's second cause of action fails to state any cognizable claim against the Association

because Plaintiff's complaint does not qualify as an adversary proceeding. Plaintiff fails to apply Rule 7001 (1) – (10) enumerated list of proceedings qualifying as adversary proceedings under bankruptcy law to the case at hand.

- Plaintiff's third cause of action for breach of contract fails to state any cognizable claim against the Association because the allegations are wholly confusing and unintelligible.
- Plaintiff's fourth cause of action for specific performance fails to state any cognizable claim against the Association because a claim for specific performance is not a separate cause of action. Plaintiff's request to "amend the Adversary Proceeding to move specific performance to the remedy portion of the Breach of Contract claim" shows that Plaintiff is wasting judicial resource.
- Plaintiff's fifth cause of action for violation of Fair Debt Collection Practices Act fails to state any cognizable claim against the Association because Plaintiff fails to allege any provisions of the FDCPA violated by the Association.
- Plaintiff's sixth cause of action for violation of the Rosenthal Act fails to state any cognizable claim against the Association because Plaintiff fails to state any acts or omissions of the Association allegedly in violation of the Act.
- Plaintiff's seventh cause of action for violation of California Business and Professions Code Section 17200 fails to state any cognizable claim against the Association because Plaintiff fails to state any act or business practice of the Association in violation of the Code. Plaintiff's opposition recites numerous irrelevant and inapplicable laws.
- Plaintiff's eighth cause of action for breach of fiduciary duty fails to state any cognizable claim against the Association because Plaintiff's allegations are conclusory.
- Plaintiff's ninth cause of action for fraudulent misrepresentation fails to state any cognizable claim against the Association because Plaintiff's rambling allegations do not state with particularity the circumstances constituting fraud or mistake.
- Plaintiff's tenth cause of action for negligence fails to state any cognizable claim against the Association because Plaintiff's allegations are conclusory and fails to show any breach of duty and resulting damage from the alleged breach.
- Plaintiff's eleventh cause of action for slander of title fails to state any cognizable claim against the Association because Plaintiff's so-called "constructive" slander of title is not a cognizable

legal theory.

- Plaintiff's twelfth cause of action for intentional infliction of emotional distress, thirteenth cause of action for negligent infliction of emotional distress, fourteenth cause of action for harassment, fifteenth cause of action for violation of implied covenant of good faith and fair dealing, sixteenth cause of action for respondeat superior, seventeenth cause of action for injunctive relief, eighteenth cause of action for conspiracy, nineteenth cause of action for invasion of privacy, twentieth cause of action for quiet title, and finally, twenty-first cause of action for actual or constructive easement all fail to state any cognizable claim against Association because the allegations are conclusory, confusing, and unintelligible.

In conclusion, dismissal of Plaintiff's complaint with prejudice is appropriate because Plaintiff's frivolous pleading and motion practice are wasting the court's time and unfairly forcing Association to incur unnecessary legal expenses. Judicial resources will continue to be wasted if leave to amend is allowed.

2. **Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the complaint and thus, leave to amend should be denied.**

Leave to amend should be denied where it is absolutely clear that *pro se* plaintiff is incapable of pleading new facts that would overcome the deficiencies of the complaint. *Lucas v. Dept. of Corrections* (9th Cir. 1995) 66 F.3d 245, 248. It is absolutely clear that Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the complaint.

For example, in his opposition, Plaintiff seems to argue that the complaint qualifies as an adversary proceeding under Rule 7001(1) because Plaintiff alleges violation of the automatic stay and various causes of action under California state law and that "Plaintiff seeks monetary damages which cannot be obtained by motion or property in a plan of reorganization." (Plaintiff's Opposition at page 9, lines 20-21.) Plaintiff fails to apply Rule 7001 (1) – (10) enumerated list of proceedings qualifying as adversary proceedings under bankruptcy law to the case at hand. Plaintiff's opposition is a regurgitation of the same confusing arguments and allegations contained in the complaint. Plaintiff is incapable of identifying relevant issues and incapable of applying relevant laws. Plaintiff makes nonsensical circular arguments in the hope that the court will find one of those arguments to be plausible and grant a

"sympathy" leave to amend. The bankruptcy court's adversary proceeding is not the proper venue for venting personal ill feelings.

## CONCLUSION

In conclusion, as evidenced by Plaintiff's long and unintelligible complaint and Plaintiff's opposition consisting of repetitious conclusory arguments and inapplicable laws, and regurgitation of the same allegations in the complaint, it is absolutely clear that Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the complaint. Thus, leave to amend should be denied.

Respectfully Submitted.

Dated: July 16, 2013          ANGIUS & TERRY, LLP

By: __/s/ Sam Y. Chon__
       SAM Y. CHON

Attorneys for Defendant Auburn Lake Trails
Property Owners Association