# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Adversary Title :** | Edstrom v. Auburn Lake Trails Property Owners Association et | **Case No :** | 12–29353 – B – 11 |
| | | **Adv No :** | 13–02132 – B |
| | | **Date :** | 7/23/13 |
| | | **Time :** | 09:32 |
| **Matter :** | [9] – Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [LDH–1] Filed by Defendants Allied Trustee Services, G&P Enterprises (ltas) | | |
| **Judge :** | Thomas Holman | | |
| **Courtroom Deputy :** | Sheryl Arnold | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | B | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Defendant's Attorney – Lawrence Harris for G&P Enterprises. LLC
**Respondent(s) :**
   Plaintiff – Daniel Major Edstrom

Disposition After Oral Argument (formerly Tentative Ruling): The motion is granted in part. The complaint commencing this adversary proceeding is dismissed as to all claims for relief and all defendants with leave to amend. The plaintiff debtor is ordered pursuant to Fed. R. Civ. P. 12(e) to file and serve a first amended complaint that is consistent with this ruling and which shall not exceed forty (40) pages in length, not including any attached exhibits, and which shall be filed and served on or before August 23, 2013. If the plaintiff fails to file an amended counterclaim by the foregoing date, the the movant may submit to the court a proposed order dismissing all claims set forth in the complaint. Except as so ordered, the motion is denied.

Moving defendant G&P Enterprises, LLC ("G&P") seeks dismissal of this adversary proceeding pursuant to Fed. R. Civ. P. Rules 8(a) and (d), 9(b) and 12(b)(6).

Rules 8 and 12(e)

Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). Typically, relief under Rule 12(e) is appropriate when the plaintiff's complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Gay–Straight Alliance Network v. Visalia Unified Sch. Dist., 262 F.Supp.2d 1088, 1099 (E.D. Cal. 2001). The remedy provided by Rule 12(e) is also appropriate where a pleading "approaches the other extreme of being overly prolix or complex." 2 James Wm. Moore et al., Moore's Federal Practice paragraph 12.36(1) (3d Ed.2011); see also Anderson v. Board of Trustees, 77 F.3d 364, 367 (11th Cir. 1996); Caldwell v. Roseville Joint Unified School Dist., 2005 WL 1561539 at * 2 (E.D. Cal. June 30, 2005)(more definite statement appropriate where complaint does not comply with requirements of Rule 8(a)).

The Federal Rules of Civil Procedure use a simplified, "notice pleading" standard that is designed to give a party fair notice of his opponent's claims. To that end, Fed. R. Civ. P. 8(a) provides that "[a] pleading which

sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(emphasis added). Fed. R. Civ. P. 8(d)(1) also requires allegations to be "simple, concise, and direct." Pleading which conform to the foregoing standards provide the framework for later stages of the proceeding, where other procedural devices such as discovery, pretrial conferences, and the rules governing summary judgment motions are used to ascertain the factual details relevant to claims to relief and to winnow those factual details to those that are not merely relevant but also material. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." U.S. ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

The complaint in this case falls into the latter category of a claim that is overly prolix or complex. The complaint is 80 pages long, exclusive of exhibits, and is comprised of 265 paragraphs of factual allegations. Twenty–seven pages of the complaint are devoted to general, background allegations, all of which are incorporated by reference into the twenty–one claims for relief set forth in the remaining 53 pages of the complaint. The complaint also includes 165 pages of exhibits. Although the complaint contains a list of the included exhibits which follow the complaint, the exhibits themselves are not clearly numbered or labeled in a fashion which would allow the court or the defendants to navigate them. The complaint is anything but short or concise. This contributes to a great deal of confusion on the part of the court and the defendants and prevents the court and the parties from efficiently moving this adversary proceeding beyond the pleading stage to a point where the factual accuracy of the parties' allegations can be tested.

Therefore, the court orders the plaintiff to file a more definite statement. The court does not address G&P's arguments under Fed. R. Civ. P. 9 and 12(b)(6) or its jurisdictional arguments at this time. The court will consider the sufficiency of the plaintiff's allegations if and when G&P moves to dismiss after the plaintiff files the amended complaint.

In drafting the amended complaint, with respect to each enumerated claim for relief the plaintiff alleges he must clearly and succinctly identify each alleged fact which he believes supports the claim. If the plaintiff alleges that the defendants have violated a state or federal statute, the plaintiff should identify the each statute and the specific subsection(s) of each statute which he believes were violated, and the specific facts which support the claim of a violation. Finally, the plaintiff should not include legal argument in the amended complaint. Legal argument is properly presented in support of or opposition to motions such as the instant motion to dismiss.

The court will issue a minute order.