1   Glenn H. Wechsler, State Bar No. 118456
    Lawrence D. Harris, State Bar No. 153350
2   LAW OFFICES OF GLENN H. WECHSLER
    1646 N. California Blvd., Suite 450
3   Walnut Creek, California  94596
    Telephone: (925) 274-0200
4   Email: *larry@glennwechsler.com*

5   Attorneys for Defendant
    G & P ENTERPRISES, LLC, d/b/a
6   ALLIED TRUSTEE SERVICES

7

8                  **IN THE UNITED STATES BANKRUPTCY COURT**

9           **IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11                          **SACRAMENTO DIVISION**

12

13  In re:                              )   Case No.:    12-29353-B-11
                                        )   Adv. No.:    13-02132-B
14  DANIEL MAJOR EDSTROM,               )
                                        )   Docket Control No. LDH-2
15      Debtor and Debtor in Possession. )
                                        )   Chapter 11
16  _____    )
                                        )   Assigned to: Hon. Thomas C. Holman,
17  DANIEL MAJOR EDSTROM,               )                U. S. Bankruptcy Judge
                                        )
18                    Plaintiff,        )   **MOTION TO DISMISS FIRST**
                                        )   **AMENDED COMPLAINT FOR FAILURE**
19  vs.                                 )   **TO STATE A CLAIM; MEMORANDUM**
                                        )   **OF POINTS AND AUTHORITIES;**
20  AUBURN LAKE TRAILS PROPERTY         )   **REQUEST FOR JUDICIAL NOTICE**
    OWNERS ASSOCIATION, a California    )
21  non-profit mutual benefit corporation, )  **[FRCP §§8(A) & (D); 9(B); 12(B)(6)]**
    et al.,                             )
22                                      )   Date:        October 29, 2013
                                        )   Time:        9:32 a.m.
23                    Defendants.       )   Ctrm:        32
                                        )   Dept:        B
24                                      )
                                        )
25  _____    )

26

27

28  MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM;
    MEMORANDUM OF POINTS AND AUTHORITIES - Page 1 of 14
    Adv. No.: 13-02132-B

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant G & P ENTERPRISES, LLC, d/b/a ALLIED TRUSTEE SERVICES (hereinafter "G&P" or "Defendant") respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss the First Amended Complaint filed herein by Debtor/Plaintiff on August 25, 2013 ("Complaint") [Docket No. 58].

## I.    INTRODUCTION

This is the second motion to dismiss filed by Defendant G&P.   The Court granted the prior motion without reaching the substantive issues, ruling that the complaint was essentially too rambling and confusing to understand, and ordering the Plaintiff to file a more definite statement [Civil Minutes, Docket No. 44].    While the amended Complaint is somewhat less prolix and verbose than the original, it alleges no new facts and is no more substantive than the original.    All of Plaintiff's claims fail because he has not stated any statutory violations or unlawful or fraudulent acts.   Just as in the original Complaint, Plaintiff has only alleged the sending of a pre-petition "dunning letter" seeking to collect past-due assessments imposed by his homeowners' association.   This action is not improper, and all collection activities ceased once Plaintiff gave notice of the Chapter 11 bankruptcy filing.   Plaintiff's arguments regarding use of the fictitious business name "Allied Trustee Services" are frivolous and nonsensical.    Any reasonable person would understand that "Allied Trustee Services" and "Allied Trustee Services, Inc." are one and the same entity.   Plaintiff has not been damaged, as no lien has been filed and no enforcement actions have been undertaken beyond that initial correspondence.   Plaintiff has been admonished by the Court in related adversary proceedings not to make "frivolous" claims. Nonetheless, all the claims in this case are frivolous and without any merit whatsoever.   The motion should be granted, and the case dismissed with prejudice.

///

## II.    STATEMENT OF FACTS

Plaintiff DANIEL MAJOR EDSTROM ("Plaintiff") is the Debtor herein and the co-owner (together with his non-filing spouse Teresa Anne Edstrom) of certain real estate described in the Complaint and commonly known as 2690 Brown Bear Court, Cool, California ("Property") [Complaint ¶18].   The Property is subject to a deed of trust relating to the financing for the purchase ("Deed of Trust"), but this action is not concerned with the mortgage loan or any foreclosure proceedings relating thereto.  The Property is part of a common interest development (Auburn Lake Trails) and is subject to the Second Restated Declaration of Covenants, Conditions and Restrictions of Auburn Lake Trails ("CC&R's"), which was recorded in the El Dorado County real estate records on September 12, 1990 [Complaint ¶19].   The CC&R's created the Auburn Lake Trails Property Owners Association ("Association"), which is responsible for maintaining the common areas of the development, collecting assessments, and otherwise enforcing the provisions of the CC&R's.   Defendant G&P is a servicing agent for the Association [Complaint ¶24].    G&P is a California limited liability company doing business as Allied Trustee Services, and is the successor to "Allied Trustee Services, Inc."  As reflected on the official website of the California Secretary of State, Defendant was organized under California law on January 7, 2007, at the same time that Plaintiff alleges that the former "Allied Trustee Services, Inc." was dissolved [Complaint ¶2].   Defendant G & P has periodically filed Fictitious Business Name Statements in the name of "Allied Trustee Services" in the records of Placer County, the situs of Defendants' principal place of business [Request for Judicial Notice, Business Entity Detail, Fictitious Business Name Statements].

Plaintiff alleges that Defendant G&P and Association sent Plaintiff a "dunning letter" or "Collection Letter" on April 17, 2012 [Complaint ¶¶1, 35].   Plaintiff makes various claims about the content of the "Collection Letter" and G&P's authority to issue it, which claims will be dealt with below.

No action was taken beyond this "Collection Letter" due to Plaintiff's bankruptcy filing.    Plaintiff alleges that "at some point prior to Plaintiff's filing the petition" the Association (but not G&P) "denied Plaintiff access to his property by shutting off his and his family's access to the premises by cancelling the access codes…" [Complaint ¶¶7, 39].   The Chapter 11 case was filed on May 15, 2012, and Plaintiff sent a letter to the Association (but not to G&P) on the same day, advising the Association of the bankruptcy filing [Complaint ¶33].   Access to the Property through the gates was restored on June 13, 2012, one month after the Chapter 11 filing [Complaint ¶41].   Plaintiff has not alleged any post-petition acts by either G&P or the Association.   Plaintiff has not alleged any violation of the stay, or any threatened acts in violation of the stay.

**III.    PROCEDURAL BACKGROUND**

This adversary proceeding relates to a Chapter 11 case [Case No. 12-29353-B-11] filed on May 12, 2012.  The case is pending, and no plan of reorganization has been confirmed.   The proposed Plan was filed on October 30, 2012 [Docket No. 80].  Plaintiff's motion to approve the Disclosure Statement was denied on December 5, 2012 [Docket No. 105], and Plaintiff has not filed an amended disclosure statement, or taken any other action towards confirming the Plan.

The Chapter 11 case is the third bankruptcy case filed by the Debtor, either individually or jointly with his wife and co-obligor.  The first case was a Chapter 13 case filed by Debtor and his wife Teresa Anne Edstrom ("Teresa") on April 13, 2009 [Case No. 09-26891].   This first case was dismissed on July 2, 2009 for failure to file a Chapter 13 Plan, debtor schedules and other required papers.  Little more than a month later, Plaintiff and Teresa filed a new case, this time under Chapter 7 [Case No. 09-36647].  The Chapter 7 Case was dismissed on November 5, 2009 for failure to attend the §341 meeting. Following the dismissal of these prior bankruptcy cases, Plaintiff turned to the Superior Court, filing two new actions, which were ultimately dismissed.

Debtors have filed three actions or adversary proceedings in this single-asset Chapter 11 case, all relating to the same real property. Adv. No. 12-2546 was a removal of a pending state court case filed in the El Dorado County Superior Court on March 24, 2011 [*Edstrom v. NDEx West LLC, et al.*, Case No. PC 20100352]. The notice of removal was filed on August 31, 2012. This was a "wrongful foreclosure" case filed to enjoin pending foreclosure proceedings against the Property and other related relief. In that case, Defendant NDEx West, the foreclosure trustee under Plaintiff's Deed of Trust, filed a motion for summary judgment. The motion was dismissed as moot on April 30, 2013, as NDEx West and other defendants had been dismissed from the removed action pursuant to demurrer proceedings *five months before the removal*. The Court found Plaintiff's arguments that the prior dismissal was not effective to be "frivolous" and admonished Plaintiffs as follows:

> The plaintiffs should be aware that even though they are pro se, Fed. R. Bankr. P. 9011, including Rule 9011(b)(2)'s requirement that the legal contentions contained in their pleadings are warranted by existing law, applies to them and subjects them to the same standards as an attorney. *Bus. Guides v. Chromatic Commc'ns Ent.*, 498 U.S. 533 (1991)(interpreting Civil Rule 11, which is substantially similar to Rule 9011).... Under Rule 9011(c), if the bankruptcy court determines that an attorney or pro se party has filed a frivolous paper or has filed a paper for an improper purpose as set forth under Rule 9011(b)(1) or (b)(2), it may impose an appropriate sanction. *In re Brooks Hamilton*, 400 B.R. 238, 249 (9th Cir.BAP 2009).

[Minute Order of April 30, 2012 (Docket No. 117)].

The other adversary proceeding, Adv. No. 12-2555, was an attempted defective "removal" to the Bankruptcy Court of a case that had filed in the El Dorado County Superior Court on December 14, 2009. The case had been removed by the defendants in that case to the District Court [Case No. PC20090773; Dist. Court Case No. 2010-00105]. Plaintiffs attempted unsuccessfully to "remove" it to the Bankruptcy Court. This action also related to the same Property, and was against the same parties – NDEx West and the lenders or beneficiaries of the Deed of Trust. The operative complaint contained causes of action for TILA and RESPA violations. This case was dismissed without prejudice based on

the improper removal on September 7, 2012.

## IV.  LEGAL ARGUMENT

### A.  Plaintiff has not met the minimum standard of "plausibility" required to pass beyond the pleading stage.

Fed. Rule of Civ. Proc. 12(b)(6) provides for dismissal if the plaintiff "fails to state a claim upon which relief can be granted."  The traditional standard for such motions is that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* 335 U.S. 41, 45-46 (1957).   The modern rule is that a properly pled complaint must at least be "plausible on its face" and plaintiffs must "nudge their claims across the line from conceivable to plausible... [A] formulaic recitation of the elements of a cause of action will not do..." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)].

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. [1]  A claim is properly dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law.[2]  Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." [3]  "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[4]  A motion to dismiss admits all well pleaded facts, but does not admit facts which the court will judicially notice as not being true.  *Interstate Natural Gas Co. v. Southern California Gas Co.* (9th Cir. Cal. 1953) 209 F.2d 380, 384.

---

1 *Cairns v. Franklin Mint Co.,* 27F.Supp.3d 1013, 1023 (C.D. Cal. 1998).
2 *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988); *King v. California,* 784 F.2d 910, 913 (9th Cir. 1986).
3 *Associated Gen. Contractors v. Metro. Water Dist.,* 159 F.3d 1178, 1181 (9th Cir.)(citation omitted).
4 *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. ***Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.***

[*In re: Gilead Sciences* (9th Cir. 2008) 536 F.3d 1049, 1055].

The Supreme Court has described the applicable pleading standards as follows:

First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. ***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*** Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, ***but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.*** Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

[*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009), 173 L. Ed.2d 868]

When it is clear from currently available evidence (the exhibits to the complaint and documents of which the court may take judicial notice) that the plaintiff cannot state a claim as a matter of law, discovery would be futile and pointless, and the case should be dismissed at the pleading stage.    The Complaint does not include "a short and plain statement" of the basis for relief and therefore violates Fed. Rule Civ. Proc. 8(a); and is not "simple, concise and direct" and therefore violates Fed. Rule Civ. Proc. 8(d).    The allegations consist almost entirely of argumentative and unsupported legal conclusions rather than proper factual allegations.   In granting the prior motions to dismiss, the Court found that the original complaint was "overly prolix or complex" [Civil Minutes, Docket No. 44].   While the amended complaint is half as long as the original, and now contains only six claims or causes of action, no additional facts are alleged, and the remaining claims are still fatally defective.   The complaint, and all the claims set forth therein against Defendant G & P, should be dismissed *with prejudice*.

///

**B. Plaintiff has not alleged any post-petition act in violation of the automatic stay.**

Plaintiff's first cause of action for "willful violation of the automatic stay" must fail, as the Complaint fails to allege any post-petition act by G&P.   The stay does not come into existence until the case is filed.  The Chapter 11 case was filed on May 15, 2012.  The automatic stay applies to (a) "the commencement or continuation ... of a judicial, administrative or other action or proceeding against the debtor... to recover a claim against the debtor"; (b) any act to "obtain possession of property of the estate"; (c) or any act "to create, perfect, or enforce any lien against property of the estate."  [11 U.S.C. §362(a)(1)(3) & (4)].  The only action alleged to have been taken by G&P was the "Collection Letter" on April 17, 2012, obviously a pre-petition act.  The only post-petition act alleged is the purported denial of access to the premises, which Plaintiff alleges was committed by the Association, not by G&P. Plaintiff has not alleged any act by G&P which would violate the stay, and all the alleged actions by G&P are pre-petition.   The motion should be granted.

**C. Plaintiff has not filed an objection to G&P's proof of claim, and objection through an adversary proceeding is unnecessary and improper.**

The proper procedure for objection to a claim is simply to file an objection, and to notice a hearing on the objection [Fed. R. Bankr. P. 3007(a)].  The filing of an objection initiates a "contested matter" [Fed. R. Bankr. P. 9014].  An objection is only considered an adversary proceeding if it is joined with a demand for relief challenging the validity, priority, or extent of an interest in property [*In re: Mathiason* (8th Cir. 1994) 16 F.3d 234].  In this case, no lien relating to the Association's assessments under the CCR's was ever filed, so there is no challenge of an interest in property of the estate. Objection to the claim through this adversary proceeding is improper.  Furthermore, the alleged bases for the objection [Complaint ¶¶140(a) – (t) and 143] are conclusory, baseless and without merit.  G&P is a corporate entity in good standing and is doing business as Allied Trustee Services, and is authorized to do so.  Plaintiff does not contest the amount of the claim, only the claim itself and the legal power and

authority of the Association to make the assessments, and of G&P to file the claim on behalf of the Association. These objections have no factual basis and are simply a laundry list of possible legal theories without any supporting facts. The motion should be granted.

**D. No violations of the Fair Debt Collection Practices Act or California's Rosenthal Act have been alleged.**

The Complaint contains two related causes of action under the FDCPA [15 U.S.C. §1692 *et seq.*] and California's Rosenthal Act [Cal. Civil Code §§1788 *et seq.*]. The FDCPA claim relies on a factual error – that the Association is "hiding behind" and "impersonating" Allied Trustee Services [Complaint ¶98]. This is not an allegation against G & P. Plaintiff alleges that "he was confused because [the Collection Letter] was not sent by "Allied Trustee Services, Inc." but was instead sent by "Allied Trustee Services" [Complaint ¶3, Exhibit A]. Frankly, it is difficult to take this allegation seriously. If Plaintiff was indeed confused, there was no damage or prejudice resulting from this "confusion." Plaintiff simply has not explained or alleged how the use of a fictitious business name that is identical to the former name, except for the deletion of the "Inc." at the end, could possibly be confusing or deceptive, or cause any damage, especially since the collection activities ceased immediately upon notice of the bankruptcy filing. The claim under the Rosenthal Act makes no factual allegations at all, other than to state in conclusory fashion that "the foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the RFDCPA" [Complaint ¶103]. This is merely a "formulaic recitation of the elements of a cause of action" [*Twombly, supra* at 555].

Plaintiff has not alleged or explained how any act of G&P violated a specific provision of either statute, or that G&P is a "debt collector," or that the obligations imposed by the CC&R's is even a "debt" as defined in each statute. There are no allegations of the particular acts prohibited by the RFDCPA or the FDCPA, such as improper threats [Cal. Civil Code §1788.10, 15 U.S.C. §1692d], obscene or profane language [Cal. Civil Code §1788.11, 15 U.S.C. §1692d], communication with third

parties [Cal. Civil Code §1788.12, 15 U.S.C. §1692c(b)], misrepresentations [Cal. Civil Code §1788.13,

15 U.S.C. §1692e] or communications simulating legal or judicial process [Cal. Civil Code §1788.16, 15

U.S.C. §1692e]. Each of these claims fail, and the motion should be granted.

### E. Plaintiff's claim under Cal. Bus. & Prof. Code §§17200 et seq. fails, as Plaintiff lacks standing and has not alleged any unlawful, unfair or fraudulent act.

Plaintiff has failed to state a claim under California's "unfair competition law" [Cal. Bus. &

Prof. Code § 17200] ("UCL"). Since Cal. Bus. & Prof. Code §17200 is written in the disjunctive, it

establishes three varieties (or "prongs") of unfair competition—acts or practices which are unlawful, or

unfair, or fraudulent. See, e.g., *Bernardo v. Planned Parenthood Federation of America*, (2004) 115

Cal.App.4th 322; and *Shvarts v. Budget Group, Inc.*, (2000) 81 Cal.App.4th 1153. Unlawful acts or

practices should always be alleged in terms of the specific law or laws violated, making clear that

violation of law is a basis of the claim. See, e.g., *People v. McKale*, (1979) 25 Cal.3d 626; and *Silicon

Knights, Inc. v. Crystal Dynamics, Inc.*, (N.D. Cal. 1997) 983 F.Supp. 1303. When a plaintiff brings a

claim under the "unlawful" prong of the UCL, he must assert the violation of some other statute. Where

a plaintiff cannot state a claim under the "borrowed" law, he cannot state a UCL claim either [*Rubio v.

Capital One Bank (USA), N. A.* (C.D.Cal. 2008) 572 F.Supp.2d 1157, 1168].

Fraudulent acts or practices must be set forth with specificity as to the misrepresentation or

misleading conduct. See, e.g., *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, (1998) 19 Cal. 4th 26;

and *Committee on Children's Television, Inc. v. General Foods Corp.*, (1983) 35 Cal.3d 197. To the

extent any of the claims are based on fraud, they fail to comply with the requirement of Fed. R. Civ. P.

9(b) to plead fraud "with particularity." Under federal law, at a minimum, a complaint must allege (1)

the time, place and contents of the alleged misrepresentations, (2) how the statements were fraudulent,

(3) the identity of the person making the misrepresentations, (4) how the misrepresentations misled the

plaintiff, and (5) how the defendant gained from the fraud [See *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)].    Unfair acts or practices should be alleged in accordance with a statutory basis or else the nature of the anti-competitive conduct should be described.  See, e.g., *Perdue v. Crocker National Bank*, (1985) 38 Cal. 3d 913; and *Gregory v. Albertson's, Inc.*, (2002) 104 Cal.App.4th 845; *Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4[th] 612, 619.

Plaintiff has not even come close to meeting the pleading requirements set forth in the authorities cited above.  Other than incorporating the other causes of action, there is no independent basis for the UCL claim.  Plaintiff merely recites various state and federal statutes and alleges violations without any supporting facts [Complaint ¶¶106, 108, 113-116, 118].  Merely making a "formulaic recitation" of the elements of a claim will not suffice.  [*Bell Atl. Corp. v. Twombly, supra* at 555].    All of the claims of unlawful or unfair conduct as to G & P are based on the corporate name change, and as stated before, the change could not be deceptive and certainly violated no statutes.    Plaintiff was not damaged or prejudiced by the change, and all collection activity ceased.    No liens or enforcement actions were commenced.    The allegations are conclusory and without merit, and are merely a restatement of the same claims alleged in Plaintiff's other baseless causes of action.    Plaintiff has not properly alleged an "unlawful, unfair or fraudulent" practice.  Furthermore, Plaintiff lacks standing to bring this claim.

> Proposition 64, an initiative measure approved at the November 2, 2004 General Election, restricted the standing of private persons to bring UCL actions. Prior to Proposition 64, the UCL authorized "any [private] person" to sue on behalf of the "general public" by granting standing to "any person acting for the interests of itself, its members or the general public." (Former § 17204.) This broad grant of standing proved too tempting to some unethical private lawyers who brought "frivolous [UCL] lawsuits against small businesses even though [the lawyers had] no client or evidence that anyone [had been] damaged or misled." (Voter Information Guide, Gen. Elec. (Nov. 2, 2004) argument in favor of Prop. 64, p. 40.)    Proposition 64 was designed to counter this abuse of the UCL. The proposition, among other things, amended Business and Professions Code section 17204 and added a provision to section 17203. ***Now, under section 17204, standing for a private person under the UCL is limited to a "person who has suffered injury in fact and has lost money or property as a result of the unfair***

*competition."* [*McAdams v. Monier, Inc.* (2010) 182 Cal.App.4th 174, 188]

The statute was amended by popular referendum to include this standing requirement for the specific purpose of preventing suits over just such speculative claims as are asserted here.    Plaintiff has not alleged any "injury in fact" and instead complains about acts which are "imminent" or "threatened." In *Kwikset Corp. v. Superior Court* (2010) 51 Cal.4th 310 at 324, the California Supreme Court discussed the history of Prop. 64, and found that an "economic injury" is necessary to plead an "injury in fact."    In this case, there have been no liens filed or other enforcement actions, and the Property has not been sold.    There has been no "economic injury" and therefore no "injury in fact."  Plaintiff lacks standing to bring this claim.    The motion should be granted.

**F.  Plaintiff has not alleged any fiduciary relationship with G&P.**

The Court in *Pierce v. Lyman*, (1991) 1 Cal.App.4th 1093, 1101, held that "In order to plead a cause of action for breach of fiduciary duty, there must be shown ***the existence of a fiduciary relationship***, its breach, and damage proximately caused by that breach.    ***The absence of any one of these elements is fatal to the cause of action***." Thus, breach of fiduciary duty claim relies on the existence of a fiduciary duty. (5 Witkin California Procedure 3rd ed. (1985) Pleading, § 666, pp. 116-117.).  Plaintiff has not alleged any fiduciary relationship with G&P, and in fact all of the allegations in the fifth claim for "breach of fiduciary duty" relate to the Association rather than G&P.   As there can be no breach of fiduciary duty without a fiduciary relationship, the claim fails, and the motion should be granted.

**G.  "Respondeat Superior" is not a claim or cause of action.**

The doctrine of "respondeat superior" is simply a legal theory for imposing liability for acts of others, but not an independent basis for damages or equitable relief.    The sixth cause of action consists entirely of legal conclusions, stating that G&P is an agent of the Association [Complaint ¶¶137-138].

"An agent is one who represents another, called the principal, in dealings with third persons." [1 Witkin, Summary of Cal.Law (8th ed. 1973) Agency and Employment, § 2, p. 645]. The principal is liable for the torts of the agent under the doctrine of *respondeat superior*. However, for this liability to be imposed on the innocent principal, the agent's tort must have been committed during the course and scope of his employment. (Id., at § 155, p. 754.) [*Schultz Steel Co. v. Hartford Accident & Indem. Co.* (1986) 187 Cal.App.3d 513, 518]. While a principal may be liable for the acts of his agent, the reverse is not true. An agent is not responsible for the acts of the principal, as the agent does not control the principal. Even if G&P is an agent of the Association, it would not be liable for the Association's acts under the theory of *respondeat superior*. The motion should be granted.

**H. Plaintiff has again failed to state a claim, and further amendments would be futile.**

For the reasons stated above, Plaintiff cannot succeed under the facts alleged and "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley, supra*. The Complaint is not "plausible on its face." *Twombly, supra*. Accordingly, the entire complaint fails to state a claim on which relief can be granted, and Plaintiff could not state a claim even if granted leave to further amend the complaint. A court does not abuse its discretion by denying leave to amend when a pleader has been given ample opportunity to state a claim, and further amendment would be futile [*Schreiber Dist. Co. v. Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 1393, 1401; *Chang v. Chen* (9th Cir. 1996) 80 F.3d 1293, 1301; *Klamath-Lake Pharmaceutical Ass'n. v. Klamath Med. Svc. Bureau* (9th Cir. 1983) 701 F.2d 1276, 1293; *Zucco Partners, LLC v. Digimarc Corp.* (9th Cir. 2009) 552 F.3d 981, 1007]. Plaintiffs have alleged no new facts that would mandate a ruling different from the prior order of dismissal. The motion should be granted and this case should be dismissed *with prejudice*.

///

1

**V.      CONCLUSION**

2

For the reasons stated above, Plaintiff has failed to state any cause of action against Defendant

3

G&P, and cannot do so, even if granted leave to amend.  Such an amendment would be futile.    All

4

claims pled against G&P, and the entire Complaint, should be dismissed *with prejudice*.

5

6

DATED: September 5, 2013              LAW OFFICES OF GLENN H. WECHSLER

7

8

By:   */s/Lawrence D. Harris*
      LAWRENCE D. HARRIS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

G:\Larry\Allied\Edstrom\Motion to Dismiss.FAC

27

28

MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES - Page 14 of 14
Adv. No.: 13-02132-B