Bradley J. Epstein (CA State Bar No. 171567)
Sam Y. Chon (CA State Bar No. 197246)
ANGIUS & TERRY LLP
3001 Lava Ridge Court, Ste 130
Roseville, CA 95661
Telephone: (916) 567-1400
Facsimile: (916) 567-1401
Email: schon@angius-terry.com

Attorneys for Defendant
AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>DANIEL MAJOR EDSTROM,<br><br>Debtor and Debtor in Possession.<br><br>―――――――――――――――――<br>DANIEL MAJOR EDSTROM,<br><br>Plaintiff,<br>vs.<br><br>AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, a California non-profit mutual benefit corporation, et al.,<br><br>Defendants. | Case No.:   12-29353-B-11<br>Adv. No.:    13-02132-B<br><br>Docket Control No. ATL-2<br><br>Chapter 11<br><br>Assigned to: Hon. Thomas C. Holman, U. S. Bankruptcy Judge<br><br>**DEFENDANT ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:   October 29, 2013<br>Time:   9:32 a.m.<br>Ctrm:   32, 6th Floor<br>Dept:   B |

///

///

DEFENDANT ASSOCIATION'S MOTION TO DISMISS– PAGE 1 OF 6
Adv. No.: 13-02132-B

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION ("Association" or "ALT") respectfully submits the following Points and Authorities in support of its motion to dismiss Plaintiff Edstrom's First Amended Complaint. This is ALT's second motion to dismiss. At the previous motion to dismiss Plaintiff's Complaint hearing on July 23, 2013, the court required Plaintiff to file a "simple, concise, and direct" statement showing that the pleader is entitled to relief. The court also required Plaintiff to identify each statute and the specific subsection(s) of each statute which he believes were violated, and the specific facts which support the claim of a violation. Finally, Plaintiff was directed to avoid legal arguments in his amended complaint.

Plaintiff's First Amended Complaint should be dismissed, with prejudice, because there is no difference between the amended complaint and the original complaint. Plaintiff's First Amended Complaint is still rambling and contains legal arguments. Plaintiff fails to identify specific subsection(s) of each statute which he believes were violated and still fails to state specific facts which support the claim of a violation. Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the pleading and thus, leave to amend should be denied.

## POINTS AND AUTHORITIES

**1. Dismissal of Plaintiff's First Amended Complaint is appropriate because it is rambling and contains legal arugments and red herrings.**

In order to survive a motion to dismiss, the facts alleged must state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F3d 1035, 1041. A plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general allegations,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1954. Plaintiff's rambling conclusory arguments and red herrings fail to show that the amended complaint alleged facts sufficient to state a cause of action against ALT.

Plaintiff's First Amended Complaint is 27 pages long even though Plaintiff did not allege any new facts. The 27-page long amended complaint essentially rephrases same facts in many different ways with no explanation as to how any federal or state law was allegedly violated. The amended complaint

alleges legal conclusions and red herrings regarding "mail fraud," "impersonation," "identity theft," "wrongful conversion of payments," "alter-ego," "conspiracy," "whistleblower," etc. There is no factual link to any specific federal or state law subsections supporting the alleged legal conclusions. Therefore, dismissal of Plaintiff's First Amended Complaint is appropriate.

2.  **Dismissal of Plaintiff's First Amended Complaint is appropriate because it does not qualify as an adversary proceeding since no lien has been filed.**

Federal Bankruptcy Rule 7001 provides which actions qualify as adversary proceedings. Plaintiff's First Amended Complaint is not one of the qualifying actions because no lien has been filed against Plaintiff-Debtor or his property. ALT is an unsecured creditor and the pre-petition amounts owed to ALT will most likely be discharged in the bankruptcy proceeding. Plaintiff is simply taking advantage of the bankruptcy system to avoid his assessment obligations as long as possible. Judicial resource is wasted and will continued to be wasted if Plaintiff continues to use the bankruptcy adversary proceeding to argue his so-called "mail fraud," "impersonation," "identity theft," "wrongful conversion of payments," "alter-ego," "conspiracy," and "whistleblower" theories. In conclusion, Plaintiff's First Amended Complaint should not be adjudicated in this bankruptcy court and dismissal with prejudice is appropriate.

3.  **The First Cause of Action Fails to State Any Claim Against ALT.**

Plaintiff's first cause of action for violation of the automatic stay fails to state any cognizable claim against ALT. In relevant parts, the automatic stay under §362, 11 U.S.C. applies to the following post-petition acts:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . .;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

The Chapter 11 was filed on May 15, 2012. On or about May 23, 2012, ALT received Plaintiff's

notice of bankruptcy. On or about June 12, 2012, ALT informed Plaintiff that all proceedings against Plaintiff and his property would be suspended due to the automatic stay and any and all proceedings were suspended immediately thereafter. No lien has been filed against Plaintiff or against property of the debtor or the estate. No foreclosure actions have taken place.

Plaintiff alleges that restricted access to the automatic gates for approximately one month frustrated the automatic stay order. Plaintiff fails to cite any specific subsection(s) of 11 U.S.C. §362 which supports Plaintiff's allegation. Instead of explaining how this alleged post-petition act constitutes violation of the automatic stay, Plaintiff's first cause of action rambles on regarding how Plaintiff is a "whistleblower" without explaining how this whistleblower theory ties into the alleged violation of the automatic stay. Consequently, Plaintiff's first cause of action is rambling, confusing, and conclusory.

Plaintiff did not allege any post-petition act in violation of the automatic stay. Plaintiff is simply alleging "restricted access" concept in order to draw an unwarranted deduction of fact or unreasonable inference of some kind of violation. However, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Interstate Natural Gas Co. v. Southern California Gas Co.* (9th Cir. 1953) 209 F.2d 380, 384. Therefore, Plaintiff's first cause of action lacks sufficient facts and a cognizable legal theory.

4. **The Second Cause of Action Fails to State Any Claim Against ALT.**

Plaintiff's second cause of action fails to state any cognizable claim against ALT because it is conclusory and lacks any cognizable legal theory. Plaintiff alleges that ALT is impersonating Allied Trustee Services, Inc. Plaintiff appears to expect that the court will read between the lines of rambling allegations and then draw an inference that ALT is somehow impersonating Allied Trustee Services, Inc. However, conclusory allegations of unwarranted inferences are not sufficient to defeat a motion to dismiss. Plaintiff must explain how the defendants are allegedly in violation of "numerous and multiple violations of the FDCPA." Again, Plaintiff fails to explain - - there is no application of any fact to the alleged FDCPA violations.

5. **The Third Cause of Action Fails to State Any Claim Against ALT.**

Plaintiff's third cause of action fails to state any cognizable claim against ALT because it is conclusory. Plaintiff fails to explain how the defendants are allegedly in violation of "numerous and multiple violations of the RFDCPA." There is no application of any fact to the alleged RFDCPA

DEFENDANT ASSOCIATION'S MOTION TO DISMISS– PAGE 4 OF 6
Adv. No.: 13-02132-B

violations.

6. <u>**The Fourth Cause of Action Fails to State Any Claim Against ALT.**</u>

Plaintiff's fourth cause of action fails to state any cognizable claim against ALT because it is conclusory and lacks sufficient facts supporting any cognizable legal theory. Plaintiff fails to explain how the defendants have allegedly engaged in unfair, deceptive, untrue, and/or misleading adverting. Plaintiff fails to explain how his identity theft and impersonation theories have any relevance to this adversary proceeding. Plaintiff fails to identify specific subsection(s) of each statute which he believes were violated and still fails to state specific facts which support the claim of a violation.

Also, Plaintiff's fifth cause of action contains incomplete and run on sentences alleging various unwarranted legal theories with no factual support.

Further, Plaintiff rambles on and on about "unfair advantage over consumers," "rightful owners," and "numerous liens against Auburn Lake Trails Property Owners Association members" and then concludes that the defendants are in violation of Business & Professions Code §17200. Plaintiff fails to allege any specific misrepresentation or misleading conduct constituting alleged violation under §17200. *Quelimane Co., Inc. v. Stewart Title Guarantee Co.*, (1998) 19 Cal. 4th 26. It is unclear what injury is allegedly suffered by Plaintiff or the so-called "rightful owners." It is impossible to respond to Plaintiff's rambling allegations.

7. <u>**The Fifth Cause of Action Fails to State Any Claim Against ALT.**</u>

Plaintiff's fifth cause of action fails to state any cognizable claim against ALT because it is conclusory. Plaintiff generally explains the theory of fiduciary duty, but fails to apply the theory to any specific fact relevant to this adversary proceeding. Plaintiff generalizes that "due to the longstanding mismanagement and misuse and misappropriation of member property and funds, the association is insolvent and/or incapable of remaining since they have acted outside the scope of their duties . . . ." Plaintiff rambles on about how the defendants should return misappropriated funds to the rightful owners and further rambles on about a duty to inquire whether Allied Trustee Services, Inc. had valid errors and omissions insurance. The allegations and arguments are confusing and lack coherence. There is no explanation or specific fact as to why or how there was a violation of fiduciary duty. It is impossible to determine how these leaping allegations lead to any fiduciary duty violation. It is unclear what specific fiduciary duty is allegedly violated. Plaintiff's fifth cause of action lacks sufficient facts and a

DEFENDANT ASSOCIATION'S MOTION TO DISMISS– PAGE 5 OF 6
Adv. No.: 13-02132-B

cognizable legal theory. Plaintiff's conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *Interstate Natural Gas Co. v. Southern California Gas Co.* (9th Cir. 1953) 209 F.2d 380, 384.

### 8. The Sixth Cause of Action Fails to State Any Claim Against ALT.

Plaintiff's sixth cause of action fails to state any cognizable claim against ALT. Plaintiff alleges that there is an agency relationship between ALT and G&P and that's it. Plaintiff seeks no relief under this cause of action. Plaintiff does not allege violation of any law. Plaintiff's sixth cause of action fails to state any cognizable legal theory.

### 9. Objection and Disallowance of Claim is Improper.

Plaintiff's objection and disallowance of claim is improper because Plaintiff's amended complaint does not qualify as an adversary proceeding. An objection is considered an adversary proceeding if it is joined with a demand for relief challenging the validity, priority, or extent of an interest in property. In this case, there is no validity, priority, or extent of an interest in property issue since ALT did not file any lien. Plaintiff simply lists 20 (a-t) different types of possible legal concepts taken out of a law textbook. Plaintiff's objection is rambling, conclusory, and a waste of judicial resource.

## CONCLUSION

As evidenced by Plaintiff's rambling and conclusory First Amended Complaint, it is clear that Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the pleading. Thus, dismissal of Plaintiff's First Amended Complaint with prejudice is appropriate. Otherwise, Plaintiff's frivolous pleading and motion practice will continue to waste the court's time and unfairly force the Association to incur unnecessary legal expenses.

Respectfully Submitted.

Dated: September 6, 2013                    ANGIUS & TERRY, LLP

                                            By: /s/ Sam Y. Chon
                                                SAM Y. CHON

                                            Attorneys for Defendant Auburn Lake Trails
                                            Property Owners Association

1  Bradley J. Epstein (CA State Bar No. 171567)
   bepstein@angius-terry.com
2  Sam Y. Chon (CA State Bar No. 197246)
   scendejas@angius-terry.com
3  ANGIUS & TERRY LLP
   3001 Lava Ridge Court, Suite 130
4  Roseville, CA 95661
   Telephone:  (916) 567-1400
5  Facsimile:  (916) 567-1401

6  Attorneys for Defendant
   Auburn Lake Trails Property Owners Association
7

8

9              UNITED STATES BANKRUPTCY COURT

10          EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

11 | IN RE DANIEL MAJOR EDSTROM | ) | Case No.: 12-29353-B-11
   |                            | ) | Adv. Proc. No.: 13-02132-B
12 |           Debtor,          | ) |
   |                            | ) | Docket Control No.  ATL-1
13 | DANIEL MAJOR EDSTROM       | ) |
   |                            | ) | Chapter 11
14 |                            | ) |
   |           Plaintiff,       | ) | **CERTIFICATE OF SERVICE**
15 | v.                         | ) |
   |                            | ) | Hearing date: October 29, 2013
16 | AUBURN LAKE TRAILS PROPERTY| ) | Time:  9:32 a.m.
   | OWNERS ASSOCIATION, a California non- | ) | Courtroom: 32, 6th Floor
17 | profit mutual benefit corporation; et al. | ) | Department: B
18 |                            | ) | Hon. Thomas C. Holman
19 |           Defendants.      | ) |
20 |                            | ) |

21

22      I, Denise M. Tacdol, declare that:

23      I am employed in the County of Placer, State of California, I am over the age of 18 and
        am not a party to the within action; my business address is 3001 Lava Ridge Court, Ste. 130,
24      Roseville, CA 95661.

25
        On July 16, 2013, I served the within:
26
        Defendant Association's Motion to Dismiss Plaintiff's First Amended Complaint.
27
28  X   (By E-Mail) through the Court's ECF Program;

    X   (By Mail – Federal) I placed such envelope with postage thereon fully prepaid in the

ANGIUS & TERRY LLP
3001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

**CERTIFICATE OF SERVICE**
1

1     United States mail at Roseville, CA.

2 X   (By Mail – State) I am readily familiar with the practice for the collection and processing
3     of correspondence for mailing with the United States Postal Service; it is deposited with
    the United States Postal Service on the same date in the ordinary course of business at the
4     business address show above; I am aware that on motion of the party served, service is
5     presumed invalid if the postal cancellation date or postage meter dates is more than one
    day after the date of deposit for mailed contained in this declaration.

6

7 X   Executed on September 6, 2013, at Roseville, California.

8 X   (State) I declare under the penalty of perjury under the laws of the State of California that
    the foregoing is true and correct.

9

10 X   (Federal) I declare that I am employed in the office of a member of the Bar at whose
    direction this service was made.

                                      Denise M. Tacdol

INTERESTED PARTIES:

David S. Silber
240 Commercial Street, Ste. A
Nevada City, CA 95959
*Representing: Daniel Major Edstrom*

Glenn H. Wechsler
Lawrence D. Harris
Law Offices of Glenn H. Wechsler
1646 N. California Blvd., Ste. 450
Walnut Creek, CA 94596
*Representing: G&P L Enterprises, LLC, dba Allied Trustee Services*

NGIUS & TERRY LLP
01 Lava Ridge Court
Ste. 130
oseville, CA 95661
(916) 567-1400

**CERTIFICATE OF SERVICE**

2