1  DAVID S. SILBER SBN 176377
2  ATTORNEY AT LAW
   240 Commercial St. Suite A
3  Nevada City, CA 95959
   (530) 265-9529
4  (530) 687-0306 FAX
   david.silber@live.com
5  Attorney for Plaintiff and
6  Debtor-in-Possession

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10                              **SACRAMENTO DIVISION**

11

12  In re DANIEL MAJOR EDSTROM,        )   CASE NO.: 12-29353-B-11
                                       )
13      Debtor-in-possession.          )   CHAPTER 11
                                       )
14                                     )   A.P. NO. 13-02132-B
                                       )
15  ─────────────────────────────      )   DC NO. LDH-2
                                       )
16  **DANIEL MAJOR EDSTROM, and all others** )
    **similarly situated,**            )   **MEMORANDUM OF POINTS &**
17                                     )   **AUTHORITIES IN SUPPORT OF**
              **Plaintiffs,**          )   **PLAINTIFFS OPPOSITION TO**
18                                     )   **DEFENDANT G&P ENTERPRISES**
    v.                                 )   **LLC'S MOTION TO DISMISS**
19                                     )   **PLAINTIFFS FIRST AMENDED**
    **AUBURN LAKE TRAILS PROPERTY**    )   **COMPLAINT;**
20  **OWNERS ASSOCIATION A CALIFORNIA**)
    **CORPORATION; ALLIED TRUSTEE**    )
21  **SERVICES A CALIFORNIA**          )   Hearing:
    **CORPORATION,** *a Fictitious or Ghost* )   Date: October 29, 2013
22  *Entity*; **G&P ENTERPRISES A**    )   Time: 9:32 a.m.
    **CALIFORNIA LIMITED LIABILITY**   )   Ctrm.: 32
23  **COMPANY; and DOES 1-100,**       )   Dept: B
                                       )
24  Defendants.                        )
                                       )   Hon. Thomas C. Holman
25                                     )   501 I Street, 6th Floor, Sacramento,
                                       )   California 95814, Tel.: (916) 930-4473
26                                     )
                                       )
27  ─────────────────────────────

28

# Table of Contents

ARGUMENT ................................................................................................................................. 3
    I.    MINIMUM PLEADING REQUIREMENTS ............................................................... 3
    II.   FIRST MATERIAL BREACH DOCTRINE ............................................................... 3
    III.  DOCTRINE OF INCONSISTENT STATEMENTS OR POSITIONS ..................... 4
    IV.  AFFIRMATIVE RELIEF ............................................................................................ 4
    V.   DEFENDANTS LEGAL ARGUMENTS ................................................................... 5
CONCLUSION ........................................................................................................................... 15

CASES

*Alkan v. Climortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004) ------------------------------11
*Angell v. Superior Court (Verdugo Trustee Service Corp.)* (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657] ---------- 14
*Ashcroft v. Iqbal*, 556 U.S. at 678-679 (2009)------------------------------------------------------------- 3
*Baker*, 677 F.2d at 778----------------------------------------------------------------------------------9, 10
*City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) ----------------------------------------14
*Cockerall v. Title Insurance and Trust Company*, 42 Cal.2d 284 (1954) --------------------------14
*Daro v. Superior Court* (Foy) (2007) 151 Cal.App.4th 1079, 1093---------------------------------15
*Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839 ---------------12
FDCPA --------------------------------------------------------------------------------------------- 11, 13, 14
*Harvey*, 509 F. Supp. at 1221----------------------------------------------------------------------------10
*Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)) --------------------------------------------------------10
*In re Jackson*, ___ B.R. ___, 2011 WL 2247816 (Bankr. E.D. Cal. June 6, 2011)(Holman) ------- 5
*In RE Ruth M. Deamicis*, Document 121, Case #11-11495 Bankr. E.D. Cal. Fresno Division July 26, 2011 (FOR PUBLICATION) -------------------------------------------------------------------- 5
*In re Veal*, 450 B.R. 897 (BAP 9th Circuit, AZ. June 10, 2011) ----------------------------------- 5
*In RE Yellowstone Mountain Club LLC*, USBC, D. Montana, February 25, 2011 Memorandum of Decision of the Hon. Ralph B. Kirscher --------------------------------------------------------- 6
*Irwin v. Mascott*, 112 F. Supp. 2d 937, 958 (N.D. Cal. 2000) ---------------------------------------- 9
*Irwin*, 112 F. Supp. 2d at 953----------------------------------------------------------------------------9, 10
*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939 ----------------------------------------------------------13
*Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933) ---------------------------- 5
*Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1450 (D. Nev. 1994) ------------------10
*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310 --------------------------------------------12
*McCabe v. Crawford*, 272 F. Supp. 2d 736, 744 (N.D. Ill. 2003)-----------------------------------10
*Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142, 1146-47------------------------10
*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940 -------------------------------12
*Smith v. Financial Collection Agencies*, 770 F. Supp. 232, 235 (D. Del. 1991)-------------------10
*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 719 ---------------12
*Tomczak v. Ortega*, 50 Cal. Rptr. 20, 240 Cal. App. 2d 902 ---------------------------------------14
*West v. JPMorgan Chase Bank, N.A.*, ___ Cal.App.4th ___ , Mar. 18, 2013 ----------------------12
*Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5)--------------------------14

STATUTES

15 U.S.C. § 1692e(14)-----------------------------------------------------------------------------------11
15 U.S.C. § 1692g(a)(3) --------------------------------------------------------------------------------10
15 U.S.C. § 1692g(a)(4) --------------------------------------------------------------------------------10
15 U.S.C. §§ 1692g(a)(4)&(5)-------------------------------------------------------------------------10

| | |
|---|---|
| 15 U.S.C. §1692e(10) | 8 |
| 15 U.S.C. §1692e(11) | 8 |
| 15 U.S.C. §1692e(2)(A) | 7 |
| 15 U.S.C. §1692e(4) | 7 |
| 15 U.S.C. §1692e(5) | 7 |
| 15 U.S.C. §1692e(9) | 7 |
| 15 U.S.C. §1692f(1) | 8 |
| 15 U.S.C.A. § 1692g(a) | 9 |
| 1692g | 8, 9, 10 |
| 1692g(a)(4) | 9, 10 |
| 1692g(a)(4) and (5) | 10 |
| B&P Code 17200 | 12 |
| CA Civ. Code § 1558 | 5 |
| CA Civ. Code 1558 | 13 |
| CA Govt. Code 27201 et seq. | 14 |
| F.R.B.P. Rule 3001 | 6 |
| F.R.B.P. Rule 3001(a) | 6 |
| F.R.B.P. Rule 3001(a), 3001(b), 3001(c), and 3001(f) | 7 |
| F.R.B.P. Rule 3001(b) | 6 |
| F.R.B.P. Rule 3001(c)(1); (iii) | 6 |
| F.R.B.P. Rule 9011(b) | 7 |
| Penal Code §530.5 | 13 |
| RFDCPA | 11 |

# ARGUMENT

## I. MINIMUM PLEADING REQUIREMENTS

In discussing the minimum pleading requirement for a complaint (which only requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 7(a)(2), the Supreme Court reaffirmed that more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" is required. *Ashcroft v. Iqbal*, 556 U.S. at 678-679 (2009). A complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that is plausible on its face." Id. It need not be probable that the plaintiff will prevail, but there are sufficient grounds that a plausible claim has been pled. Plaintiffs have alleged conduct which, if accepted as true, does state a claim to relief that is plausible on its face.

## II. FIRST MATERIAL BREACH DOCTRINE

Plaintiff clearly states in the Adversary Proceeding that the CC&R's Collections Policy was unenforceable as Allied Trustee Services, Inc. did not exist (Adv. Proc. ¶¶ 2, 3, 5, 12, 24, 25, 44, 47, 48, 49, 51, 53, 56, 57, 61, 64, 81, 98, 107, 108, 109, 110, 120, 140, 141 and 143). And thus Auburn Lake Trails Property Owners Association ("ALT") was in first material breach of

contract prior to any action taken (or not taken) by Plaintiff, and thus Plaintiff alleges that the contract CC&R's were unenforceable and Defendant ALT and their agent G&P Enterprises LLC ("G&P") had no private right of action to enforce the CC&R's (Adv. Proc. ¶¶ 140 and 141). The CC&R's Collection Policy clearly states that ALT will engage Allied Trustee Services, Inc., which does not exist and is not identifiable. Nowhere in their response does G&P state that G&P Enterprises LLC dba Allied Trustee Services is the same as Allied Trustee Services, Inc. This omission is fatal to G&P's motion.

### III. DOCTRINE OF INCONSISTENT STATEMENTS OR POSITIONS

Defendant continually states that no lien exists prior to the time Plaintiff filed the above-captioned bankruptcy. This misconstrues Plaintiffs position that ALT held a lien on Plaintiffs real property through the CC&R's recorded September 12, 1990. The CC&R's are deed Covenants, Conditions, and Restrictions that serve as a lien on Plaintiffs real property (a lien being simply an interest in real property). Without such a lien, Defendant would never have the authority to place assessments on Plaintiffs, nor to enforce the non-payment of such assessments. Defendant's position is self-refuting, illogical and inconsistent from Defendant and their principals previously published statements, including the 1990 CC&R's recorded in the Official Records of the El Dorado County Recorder's Office and is an admission against interest that Plaintiff owes no assessments to ALT and G&P. Further Defendant's position violates California Evidence Code 623: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it."

### IV. AFFIRMATIVE RELIEF

Although Plaintiff is the party filing the adversary proceeding, this is only in response to the affirmative relief sought by Defendant. Defendant is the party seeking to enforce rights through an alleged contractual written agreement (which Defendants deny is connected with Plaintiffs real property) containing an interest in real property. Further, Defendant is the Movant

1  for this motion and bears the burden of proof.  It is Defendants duty to prove up the recitals
2  contained in their instruments, documents and claims, as well as their duty to show statutory
3  compliance with the statute of frauds and the requirements for filing a Proof of Claim, their duty
4  to show they (or the Court) has jurisdiction over their claim and their motion, and finally their
5  duty to show standing, including the condition precedent that they have clean hands[1], and
6  authority under inquiries for both prudential and Constitutional standing . See *In re Jackson*, ___
7  B.R. ___, 2011 WL 2247816 (Bankr. E.D. Cal. June 6, 2011)(Holman); *In re Veal*, 450 B.R. 897
8  (BAP 9th Circuit, AZ. June 10, 2011).  A rebuttable presumption exists that the preliminary
9  factual recitals contained in the CC&R's Collection Policy are true.  Plaintiff has clearly rebutted
10 these presumptions by alleging that Allied Trustee Services, Inc. does not exist and has been
11 rebutted by Defendants who state that no HOA lien exists on Plaintiffs real property.  Defendant
12 failed to attach the CC&R's contract to POC 4-1, failed to use the required Proof of Claim form,
13 and failed to sign POC 4-1 with a declaration, thereby providing no evidence whatsoever.
14 Neither Allied Trustee Services, Inc. in its corporate capacity nor Allied Trustee Services, Inc. in
15 its capacity as Trustee exists and is identifiable pursuant to CA Civ. Code **§** 1558 and *In RE Ruth*
16 *M. Deamicis*, Document 121, Case #11-11495 Bankr. E.D. Cal. Fresno Division July 26, 2011
17 (FOR PUBLICATION)  The burden of proof has shifted upon Defendant to prove that Allied
18 Trustee Services, Inc. does in fact exist or that somehow G&P Enterprises LLC has the authority
19 to make use of the name Allied Trustee Services, Inc. as an agent and as trustee.  Defendant
20 never states they are Allied Trustee Services, Inc., they just continue the uncertain use of Allied
21 Trustee Services hoping for a quick dismissal.

**V.     DEFENDANTS LEGAL ARGUMENTS**

---

[1] The United States Supreme Court says in *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933): "The meaning and proper application of the maxim are to be considered. As authoritatively expounded, the words and the reasons upon which it rests extend to the party seeking relief in equity. 'It is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have a standing in court he must first show that not only has he a good and meritorious cause of action, but he must come into court with clean hands. He must be frank and fair with the court, nothing about the case under consideration should be guarded, but everything that tends to a full and fair determination of the matters in controversy should be placed before the court.' Story's Equity Jurisprudence (14th Ed.) 98."

At section I page 2 lines 19-20 G&P the following admission against interest for the very first time "Any reasonable person would understand that 'Allied Trustee Services' and 'Allied Trustee Services, Inc.' are one and the same entity." This incredible admission shows a triable issue of fact now exists. There is no entity registered with the California Secretary of State authorized to use the name Allied Trustee Services, Inc

At section IV B (**First Cause of Action: Violation of Automatic Stay**) is brought against ALT only and not against G&P.

At section IV C (**Objection and Disallowance of Claim**) Defendant states again that the complaint is not an adversary proceeding. This is not true and has already been discussed previously. The adversary proceeding seeks relief not afforded by motion or by a plan of reorganization. Further Plaintiff seeks to equitably subordinate the claims of ALT because of ALT's conduct. Equitable subordination can be granted by Bankruptcy Courts, see *In RE Yellowstone Mountain Club LLC*, USBC, D. Montana, February 25, 2011 Memorandum of Decision of the Hon. Ralph B. Kirscher, referencing the May 12, 2009 partial and interim order equitably subordinating Credit Suisse's claim (Proof of Claim 633-1 filed March 16, 2009).

By way of a few examples, the Objection and Disallowance of Claim is not spurious: (i) Defendants Proof of Claim is invalid on its face as it is not using the correct Proof of Claim form required by F.R.B.P. Rule 3001(a). This means the correct form has not been filled out properly and the form is statutorily deficient; (ii) Further, the claim appears to be based on writings, but no such writings (contracts, agency agreements, power of attorneys, appointment of trustee's, fictitious business name statements, etc.) are attached to the Claim violating F.R.B.P. Rule 3001(c)(1); (iii) The entire claim is hearsay as it was not signed with a declaration as required by the appropriate Official Form; (iv) the claim was not signed by the creditor or the creditor's authorized agent pursuant to F.R.B.P. Rule 3001(b); (v) As such Plaintiff is unable to ascertain the nature and viability of Defendants claim specifically because it is Defendant who has failed to state a claim (Defendants are the parties seeking affirmative relief by filing a Proof of Claim); and (vi) Defendant lacks standing because the claim is incomplete, violates F.R.B.P. Rule 3001

1  (specifically F.R.B.P. Rule 3001(a), 3001(b), 3001(c), and 3001(f)) and because the signer
2  violated F.R.B.P. Rule 9011(b). See Adv. Proc. ¶ 140.

3  Plaintiff's Objection and Disallowance of Claim is both certain and adequately alleges
4  sufficient facts constituting an objection and disallowance of claim against Defendant.
5  Defendant fails to address Plaintiffs objections and disallowance therefore waiving any
6  opposition to these objections in their motion to dismiss.

7  At section IV D (**Second Cause of Action: FDCPA**) Defendant states that Plaintiff
8  failed to state a claim against Defendant G&P.  Plaintiff clearly allege that the dunning letter
9  dated April 17, 2012 (see First Amended Adv. Proc. Exhibit "A") allegedly authorized by ALT
10 and sent by G&P Enterprises, LLC to Plaintiff has an excessive number of statutory violations of
11 the FDCPA.  Plaintiff alleges violations of:

   i.   15 U.S.C. §1692e(2)(A) False or misleading representations: The false representation of the character, amount, or legal status of any debt.  See Adv. Proc. ¶¶ 1, 13, 37, 75, 89, 140j, 141, 145.

   ii.  15 U.S.C. §1692e(4) False or misleading representations: The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. See Adv. Proc. ¶¶ 49, 54, 55, 56, 63, 141.

   iii. 15 U.S.C. §1692e(5) False or misleading representations: The threat to take any action that cannot legally be taken or that is not intended to be taken. See Adv. Proc. ¶¶ 49, 54, 55, 56, 63, 141.

   iv.  15 U.S.C. §1692e(9) False or misleading representation: The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.  See Adv. Proc. ¶¶ 1, 3, 6, 13, 36, 68.

v.   15 U.S.C. §1692e(10) False or misleading representation: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. See Adv. Proc. ¶¶ 14, 36, 44, 48, 66, 75, 77, 78, 89, 98, 106, 115, 123, 141.

vi.  15 U.S.C. §1692e(11) False or misleading representation: The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. See Adv. Proc. ¶ 69.

vii. 15 U.S.C. §1692f(1) Unfair Practices: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. See Adv. Proc. ¶¶ 1, 13, 37, 75, 89, 140j, 141, 145.

viii. 15 U.S.C. §1692g(a)(1) Notice of debt; contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the amount of the debt. See Adv. Proc. ¶¶ 1, 13, 37, 75, 89, 140j, 141, 145.

ix.  15 U.S.C. §1692g(a)(3) Notice of debt; contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a

debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. See Adv. Proc. ¶ 71.

  x. 15 U.S.C. §1692g(a)(4) Notice of debt; contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. See Adv. Proc. ¶ 71.

  xi. 15 U.S.C. §1692g(a)(5) Notice of debt; contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. See Adv. Proc. ¶ 71.

15 U.S.C.A. § 1692g(a). "The FDCPA is a strict liability statute and thus does not require a showing of intentional conduct on the part of the debt collector." *Irwin v. Mascott*, 112 F. Supp. 2d 937, 958 (N.D. Cal. 2000). "Validation requirements are strictly construed under the least sophisticated consumer standard." *Irwin*, 112 F. Supp. 2d at 953 (citing *Baker*, 677 F.2d at 778) (internal quotation marks ommitted); see also *Smith v. Financial Collection Agencies*, 770

F. Supp. 232, 235 (D. Del. 1991) ("Generally, a validation notice will comport with section 1692(g) if the content of the notice complies with the literal terms of the statute. At a minimum, this requires that the validation notice is actually included with either the initial communication or within five days of the initial communication, ... and if included, that it contains all the information dictated by the statute.").

In interpreting the FDCPA, words and phrases must be given their natural and ordinary meaning. See *Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142, 1146-47 (9th Cir. 1998) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)).

Defendant violated subsection (a)(3) by failing to inform the debtor of his right to dispute any portion of the debt. See 15 U.S.C. § 1692g(a)(3); *Baker*, 677 F.2d at 778; *McCabe v. Crawford*, 272 F. Supp. 2d 736, 744 (N.D. Ill. 2003); *Harvey*, 509 F. Supp. at 1221.

The letter's failure to include the statements required by section 1692g(a)(4) and (5) further violates the statute. See 15 U.S.C. §§ 1692g(a)(4)&(5); *Irwin*, 112 F. Supp. 2d at 953. Section 1692g(a)(4) requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4).

"The language of section 1692g is clear that notice of debt must contain the enumerated disclosures; it does not require that a debtor must actually be misled by a failure to do so." *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1450 (D. Nev. 1994).

G&P states the letter is authorized by contract. A dispute clearly exists as to whether or not the letter violates the FDCPA and the RFDCPA and whether or not ALT was authorized to transfer Plaintiffs personal identifying information and financial information to G&P Enterprises LLC. Further Defendants insist that an adversary proceeding is inappropriate and these claims should be resolved through motions and plan confirmation. However, this ignores the fact that

Plaintiff seeks monetary damages and the disallowance or subordination of the claims, which Plaintiff cannot grant to himself by motion or through a plan of reorganization. Plaintiff cannot arbitrarily award himself damages, money or property in a plan of reorganization. Further, because Allied Trustee Services, Inc. does not exist, Plaintiffs Adversary Proceeding contends that ALT and its agents are impersonating and otherwise acting unfairly and deceptively, and thus using a different name to collect a debt (Adv. Proc. ¶¶ 12, 14, 35, 47-49, 51-53, 56, 57, 62, 64, 98). When a creditor uses a different name to collect a debt, they subject themselves to the provisions of the FDCPA and/or RFDCPA. 15 U.S.C. § 1692e (14) states the following in regards to a 3rd party debt collector: "Do not use a business, company or organization other then the true name of the debt collector's business, company or organization." Allied Trustee Services, Inc. does not exist and is not identifiable, and yet ALT uses this name when it attempts to collect a debt. Plaintiff's Second Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section IV D (**Third Cause of Action: RFDCPA**) Defendant alleges that Plaintiff has not specified which acts or omissions of ALT violated the Rosenthal Act. Pursuant to the RFDCPA, any violation of the FDCPA results in a violation of the RFDCPA specifically because CA Civ. Code 1788.17 states in relevant part:

> "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

The FDCPA does not preempt the RFDCPA. See *Alkan v. Climortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004). "Instead, California has simply incorporated by reference the text of certain federal provisions into the [RFDCPA], rather than copying Defendant's violations, as alleged by Plaintiff above and in the Adversary Proceeding, establish violations of the RFDCP Thus Plaintiff's Third Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

Case 13-02132    Filed 10/16/13    Doc 71

At section IV E (**Fourth Cause of Action: B&P Code § 17200**) Defendant argues that Plaintiff fails to state any cognizable claim against ALT. Plaintiff specifically alleges deceptive business practices by advertising false information in a newsletter publication published by ALT (Adv. Proc. ¶¶ 14, 46, 81, 106, 108, 123). Specifically the advertisements have stated that ALT will refer collections to Allied Trustee Services, Inc. when in fact that entity did not exist and ALT was referring collections to G&P Enterprises, LLC. Because ALT was in fact sending out collection letters by and through G&P Enterprises, LLC, ALT was using unfair conduct and deceptive business practices to collect on a debt (pursuant to CA. Business and Professions Code § 17200), and used unfair and deceptive actions to collect on a debt (15 U.S.C. § 1692e(10))

In *West v. JPMorgan Chase Bank, N.A.*, ___ Cal.App.4th ___ , Mar. 18, 2013, the Court of Appeal (Fourth Appellate District, Division Three) summarized the three-way split in authority on "unfair" conduct in UCL consumer actions:

Several definitions of "unfair" under the UCL have been formulated. They are:

1. "An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." (*Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839.)
2. "'[A]n "unfair" business practice occurs when that practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." [Citation.]' [Citation.]" (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 719.)
3. An unfair business practice means "'the public policy which is a predicate to the action must be "tethered" to specific constitutional, statutory or regulatory provisions.'" (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940.)

In this instance, as Plaintiffs allege conduct by Defendants, which, among other things, affects title to Plaintiffs properties, Plaintiffs have demonstrated that a "present or future property interest" has been diminished, sufficient to support standing under the UCL. *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, specifically because the named Plaintiff brings this action with others who are similarly situated.

Plaintiff asserts numerous unfair and deceptive claims pursuant to the UCL, such as, inter alia, Penal Code §530.5 violations[2], CA Civ. Code 1558 violations, FDCPA violations, RFDCPA violations, etc.

Penal Code §115 states the following:

> Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.

Penal Code §530.5(a) states the following:

> Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense, and upon conviction therefor, shall be punished by a fine, by imprisonment in a county jail not to exceed one year, or by both a fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170.

Note that Penal Code §530.5(a) was modified in 2001 to include "with or without the consent of that person".

As Plaintiff alleges Defendant caused false documents (i.e. Notices of Default and Notices of Trustee's Sale) to be recorded, Plaintiff sufficiently alleges a violation of this provision. Additionally, this allegation sufficiently establishes an unfair or deceptive act or practice, for purposes of §17200, as the recording of these documents (Notice of Default and Notices of Trustee's Sale) is likely to deceive members of the public. Plaintiff alleges this conduct for other ALT members who faced ALT collections. Plaintiff received a document that contained false statements and deceptive statements through instrumentalities of Interstate Commerce or the mails (the dunning letter) (Adv. Proc. ¶¶ 1, 3, 6, 13, 35-37, 62, 68). This resulted in the Plaintiffs personal identifying information being used to violate FDCPA, RFDCPA and B&P Code §17200 provisions. Defendant authorized recording a slander of title

---

[2] Pursuant to *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, a private right is not required

against Plaintiff forcing Plaintiff to alter his position to his detriment by filing the above captioned bankruptcy (Adv. Proc. ¶ 72).

CA Govt. Code 27201 et seq. sets forth the requirement of the recording statutes. Pursuant to *Tomczak v. Ortega*, 50 Cal. Rptr. 20, 240 Cal. App. 2d 902, "no substantial evidence to support such recital" was found and the notice of default and subsequent trustee's deed upon sale were determined as void and of no legal effect for lack of evidence." See: *Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. Quieting Title 34(5); *Angell v. Superior Court (Verdugo Trustee Service Corp.)* (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657]; *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments are recorded, no notice is given." Plaintiff and all others similarly situated were entitled to valid notice under statute and were denied such valid notice by Defendant.  The California Supreme Court said it all in *Cockerall v. Title Insurance and Trust Company*, 42 Cal.2d 284 (1954):

> For the above reasons it appears that plaintiffs failed to prove a valid assignment of the note and third trust deed to them. As assignees they stand in the same position as their assignor, the Crestmore Company, and must prove their chain of title to the note in question. [10] As was said in *Brown v. Ball*, supra, 123 Cal.App. 758, "... we think that it would be a dangerous innovation to hold that on such proof, without more, an assignment purporting to be executed by an agent, as each of these were, could be introduced into evidence. We are asked to presume not only that the persons whose names are subscribed actually executed the assignments, but also that they had authority to do so merely because they were received through the mail in their present form after having been mailed to the alleged assignors with a request that they be executed." In the present case, we would have to assume the position of Russ and Ethyl Green in the chain of title, that the Crestmore Company had complied with the statutory provisions relating to the use of a fictitious name, and that P. H. Wierman was a member of the firm with the authority to execute an assignment of the note made payable to that firm. Such assumptions, would indeed, constitute a "dangerous innovation."

Plaintiff clearly demonstrates that the Defendants lacked authority to (i) use the defective ALT Collections Policy; (ii) use G&P Enterprises LLC instead of Allied Trustee Services, Inc.; (for mailing dunning letters violating the FDCPA and RFDCPA); (iv) record collection notices, trustee sale dates and Trustee's Deed Upon Sale instruments; and (v) perform invalid non-judicial sales of ALT members properties.

Finally see *Daro v. Superior Court* (Foy) (2007) 151 Cal.App.4th 1079, 1093 ["unlawful" conduct within the meaning of California's unfair competition statutes embraces anything that can properly be called a business practice that is also forbidden by law]. Plaintiff's Fourth Cause of Action is both certain and adequately alleges facts sufficient to constitute a cause of action against Defendant.

At section IV F (**Fifth Cause of Action: Breach of Fiduciary Duty**) this claim was not brought against G&P.

At section IV G (**Sixth Cause of Action: Respondeat Superior**) Plaintiff establishes that ALT is accountable for any and all of G&P's actions and is directed at ALT as the principal and G&P as the agent.

## CONCLUSION

Plaintiff's Adversary Proceeding does satisfy the requirements of an adversary proceeding and the Adversary Proceeding sufficiently states claims upon which relief can be granted. Further, Debtors Objection and Disallowance of a Claim can only be brought by Adversary Proceeding as Plaintiff is seeking monetary damages which cannot be brought by motion. Plaintiff respectfully requests that Defendant's motion be denied.

Dated: October 15, 2013

Respectfully submitted,

 /s/ David S. Silber
DAVID S. SILBER, ESQ,
[Proposed] Attorney for Debtor-in-possession