```
Bradley J. Epstein (CA State Bar No. 171567)
Sam Y. Chon (CA State Bar No. 197246)
ANGIUS & TERRY LLP
3001 Lava Ridge Court, Ste 130
Roseville, CA 95661
Telephone: (916) 567-1400
Facsimile: (916) 567-1401
Email: schon@angius-terry.com

Attorneys for Defendant
AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION
```

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.: 12-29353-B-11 |
| | Adv. No.: 13-02132-B |
| DANIEL MAJOR EDSTROM, | Docket Control No. ATL-2 |
| Debtor and Debtor in Possession. | Chapter 11 |
| | Assigned to: Hon. Thomas C. Holman, U. S. Bankruptcy Judge |
| DANIEL MAJOR EDSTROM, | |
| Plaintiff, | **DEFENDANT ASSOCIATION'S REPLY TO PLAINTIFF'S OPPOSITION TO ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, a California non-profit mutual benefit corporation, et al., | |
| | Date: October 29, 2013 |
| Defendants. | Time: 9:32 a.m. |
| | Ctrm: 32, 6th Floor |
| | Dept: B |

///

///

DEFENDANT ASSOCIATION'S REPLY TO PLAINTIFF'S OPPOSITION TO ASSOCIATION'S MOTION TO DISMISS— PAGE 1 OF 4
Adv. No.: 13-02132-B

Defendant AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION ("Association" or "Defendant") hereby replies to Plaintiff's Opposition to Association's Motion to Dismiss Plaintiff's First Amended Complaint For Failure to State a Claim as follows:

1. Dismissal of Plaintiff's first amended complaint is appropriate because Plaintiff's opposition is just as confusing and rambling as the first amended complaint; and

2. Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the first amended complaint and thus, leave to amend should be denied.

## POINTS AND AUTHORITIES

**1. Dismissal of Plaintiff's first amended complaint is appropriate because Plaintiff's opposition is just as confusing and rambling as the first amended complaint.**

Dismissal is appropriate when the operative pleading is patently verbose, confusing, and rambling. *Desardounin v. UPS, Inc.* (D. Conn. 2003) 285 F. Supp. 2d 153, 157. The fact that Plaintiff needs 17 pages of arguments to explain whether or not Plaintiff's first amended complaint has met the minimal pleading requirements proves how confusing Plaintiff's first amended complaint is. The fact that Plaintiff needs to cite 32 irrelevant case laws and 38 different sections of various statues, rules, and/or regulations to explain the hidden meanings buried under various causes of action alleged in Plaintiff's first amended complaint proves how confusing Plaintiff's first amended complaint is.

Plaintiff's opposition papers consists of circular and repeated arguments already contained in the first amended complaint and adds more confusion by referencing all kinds of irrelevant case laws, statutes, rules, and/or regulations hoping that one of them will somehow make sense eventually. For example, at page 6 of Plaintiff's opposition, Plaintiff states that "Federal Bankruptcy Rule 7001(1) is used to recover money or property, of which Plaintiff seeking to recover . . . ." and repeats 7001(2) – 7001(8) the same way by repeatedly adding the phrase "of which Plaintiff is seeking to . . . ." A plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general allegations,' and

expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1954.

Plaintiff's opposition is a desperate attempt to create something out of nothing. On or about May 23, 2012, ALT received notice of Plaintiff's bankruptcy petition. On June 12, 2012, ALT wrote a letter to Plaintiff to inform him that all proceedings against Plaintiff and his property would be suspended. No actions were taken thereafter and ALT filed no lien against the bankruptcy estate.

Plaintiff argues at page 16, lines 14-18, that ALT should be punished for its "conduct" and the punishment would be to equitably subordinate ALT's claims. Plaintiff, again, fails to explain which specific conduct of ALT is subject to subordination. Plaintiff fails to explain which claim of ALT is being sought to be subject to the equitable subordination punishment. It is unclear which of the 32 case laws and 38 statutes, regulations, and/or rules referenced by Plaintiff actually or purports to support Plaintiff's equitable subordination theory. Plaintiff's opposition papers are just as confusing as Plaintiff's first amended complaint and they both contain nothing more than rambling arguments trying to create something out of nothing.

It is also impossible to understand how various Penal Code sections, B&P Code sections, and CA Govt. Code sections play any role in this case. Plaintiff's first amended complaint contains rambling arguments and non-viable causes of action in order to pass the pleading stage. It is impossible for Plaintiff to respond to rambling arguments buried under 32 irrelevant case laws and 38 different sections of various statues, rules, and/or regulations.

2. **Plaintiff is abusing the bankruptcy process to avoid his responsibility for the post-petition obligations.**

There is no doubt that Plaintiff is abusing the bankruptcy process to avoid his responsibility for the post-petition association dues. Most, if not all, of the homeowners associations have CC&Rs and/or collection policies governing the associations' operations and budget. The very existence of

the CC&Rs in it of itself is not a "lien" in the context of this adversary proceeding. If that is so, any and all associations with recorded CC&Rs would automatically be in violation of the automatic stay whenever one or more of its members file a bankruptcy petition even if the associations took no action.

In this case, no lien exists to collect the pre-bankruptcy delinquent dues. Plaintiff, however, continues to argue that ALT has a lien to collect the pre-petition debts by virtue of having a set of recorded CC&Rs when the association was created in 1990. Plaintiff's unreasonable argument is indicative of his desperate attempt to avoid his responsibilities for the post-petition association dues.

Plaintiff did not allege any post-petition act in violation of the automatic stay. Plaintiff is simply raising a temporary restricted access argument in order to draw an unwarranted deduction of fact or unreasonable inference of some kind of violation. "Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Interstate Natural Gas Co. v. Southern California Gas Co.* (9th Cir. 1953) 209 F.2d 380, 384.

## CONCLUSION

None of the 32 cases and/or 38 different sections of various statues, rules, and/or regulations referenced in Plaintiff's opposition support Plaintiff's rambling arguments. Plaintiff is incapable of pleading new facts that would overcome the deficiencies of the first amended complaint. Thus, leave to amend should be denied.

Respectfully Submitted.

Dated: October 22, 2013             ANGIUS & TERRY, LLP


By:  /s/ Sam Y. Chon
     SAM Y. CHON

Attorneys for Defendant Auburn Lake Trails
Property Owners Association

DEFENDANT ASSOCIATION'S REPLY TO PLAINTIFF'S OPPOSITION TO ASSOCIATION'S MOTION TO DISMISS— PAGE 4 OF 4
Adv. No.: 13-02132-B

```
 1  Bradley J. Epstein (CA State Bar No. 171567)
    bepstein@angius-terry.com
 2  Sam Y. Chon (CA State Bar No. 197246)
    scendejas@angius-terry.com
 3  ANGIUS & TERRY LLP
    3001 Lava Ridge Court, Suite 130
 4  Roseville, CA 95661
    Telephone: (916) 567-1400
 5  Facsimile: (916) 567-1401
 6  Attorneys for Defendant
    Auburn Lake Trails Property Owners Association
 7
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

| | |
|---|---|
| IN RE DANIEL MAJOR EDSTROM<br><br>Debtor,<br><br>DANIEL MAJOR EDSTROM<br><br>Plaintiff,<br>v.<br><br>AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, a California non-profit mutual benefit corporation; et al.<br><br>Defendants. | Case No.: 12-29353-B-11<br>Adv. Proc. No.: 13-02132-B<br><br>Docket Control No. ATL-1<br><br>Chapter 11<br><br>**CERTIFICATE OF SERVICE**<br><br>Hearing date: October 29, 2013<br>Time: 9:32 a.m.<br>Courtroom: 32, 6th Floor<br>Department: B<br><br>Hon. Thomas C. Holman |

I, Denise M. Tacdol, declare that:

I am employed in the County of Placer, State of California, I am over the age of 18 and am not a party to the within action; my business address is 3001 Lava Ridge Court, Ste. 130, Roseville, CA 95661.

On July 16, 2013, I served the within:

DEFENDANT ASSOCIATION'S REPLY TO PLAINTIFF'S OPPOSITION TO

ASSOCIATION'S MOTION TTO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

ANGIUS & TERRY LLP
3001 Lava Ridge Court
Ste. 130
Roseville, CA 95661
(916) 567-1400

CERTIFICATE OF SERVICE
1

1    X    (By E-Mail) through the Court's ECF Program;

2    X    (By Mail – Federal) I placed such envelope with postage thereon fully prepaid in the United States mail at Roseville, CA.

4    X    (By Mail – State) I am readily familiar with the practice for the collection and processing of correspondence for mailing with the United States Postal Service; it is deposited with the United States Postal Service on the same date in the ordinary course of business at the business address show above; I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter dates is more than one day after the date of deposit for mailed contained in this declaration.

8    X    Executed on <u>October 22, 2013</u>, at Roseville, California.

9    X    (State) I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11    X    (Federal) I declare that I am employed in the office of a member of the Bar at whose direction this service was made.

_____
Denise M. Tacdol

INTERESTED PARTIES:

David S. Silber
240 Commercial Street, Ste. A
Nevada City, CA 95959
*Representing: Daniel Major Edstrom*

Glenn H. Wechsler
Lawrence D. Harris
Law Offices of Glenn H. Wechsler
1646 N. California Blvd., Ste. 450
Walnut Creek, CA 94596
*G&P L Enterprises, LLC, dba Allied Trustee Services*

NGIUS & TERRY LLP
01 Lava Ridge Court
Ste. 130
oseville, CA 95661
(916) 567-1400

CERTIFICATE OF SERVICE
2