1   Glenn H. Wechsler, State Bar No. 118456
    Lawrence D. Harris, State Bar No. 153350
2   LAW OFFICES OF GLENN H. WECHSLER
    1646 N. California Blvd., Suite 450
3   Walnut Creek, California  94596
    Telephone: (925) 274-0200
4   Email:  *larry@glennwechsler.com*

5   Attorneys for Defendant
    G & P ENTERPRISES, LLC, d/b/a
6   ALLIED TRUSTEE SERVICES

7

8               **IN THE UNITED STATES BANKRUPTCY COURT**

9

10        **IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

11                      **SACRAMENTO DIVISION**

12

13

14  In re:                                )   Case No.:    12-29353-B-11
                                          )   Adv. No.:    13-02132-B
15  DANIEL MAJOR EDSTROM,                 )
                                          )   Chapter 11
16      Debtor and Debtor in Possession.  )
                                          )   Assigned to:  Hon. Thomas N. Holman,
17  _____ )                 U. S. Bankruptcy Judge
                                          )
18  DANIEL MAJOR EDSTROM,                 )   **REPLY TO PLAINTIFF'S OPPOSITION**
                                          )   **TO MOTION OF G & P ENTERPRISES,**
19              Plaintiff,                )   **LLC, D/B/A ALLIED TRUSTEE**
    vs.                                   )   **SERVICES, TO DISMISS FIRST**
20                                        )   **AMENDED COMPLAINT FOR FAILURE**
    AUBURN LAKE TRAILS PROPERTY           )   **TO STATE A CLAIM**
21  OWNERS ASSOCIATION, a California       )
    non-profit mutual benefit corporation,)   Docket Control No. LDH-2
22  et al.,                               )
                                          )   Date:      October 29, 2013
23              Defendants.               )   Time:      9:32 a.m.
                                          )   Ctrm:      32
24  _____ )   Dept:      B

25

26

27

28
    REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT - Page 1 of 9
    ADV. PROC. NO. 13-02132-B

Defendant G & P ENTERPRISES, LLC, d/b/a ALLIED TRUSTEE SERVICES (hereinafter "G&P" or "Defendant") respectfully submits the following Reply to Plaintiff's Opposition to G & P's motion to dismiss Plaintiff's First Amended Complaint ("Complaint") for failure to state a claim.

## I.   PLAINTIFF'S EVIDENTIARY AND  PROCEDURAL OBJECTIONS SHOULD BE OVERRULED

As he did in opposing the motions to dismiss his original complaint, Plaintiff has filed several documents in opposition to G &P's motion to dismiss: (1) an "Opposition" [Docket No. 69]; (2) a Memorandum of Points and Authorities ("Memorandum") in support of the Opposition [Docket No. 71]; and (3) a Declaration in support of the Opposition [Docket No. 70].   These papers in opposition were not filed timely.   L. R. 9014-1(f)(1)(B) requires opposition to "served and filed with the Court by the responding party at least fourteen (14) days preceding the date or continued date of the hearing."   The opposition papers were filed on October 16, 2013, twelve (12) days before the hearing, and were received by electronic filing on the following day.

A motion to dismiss tests the sufficiency of the allegations of the complaint, much like a common-law demurrer [*De Sole v. U. S.*, 947 F.2d 1169, 1178 (4th Cir. 1991)].   In considering a motion to dismiss, the court considers only the pleading itself and any exhibits incorporated into the complaint, as well as matters properly subject to judicial notice.   Extrinsic matters such as declarations may not be considered [*U. S. v. Corinthian Colleges* (9th Cir., 2011) 655 F.3d 984, 998-999].   Plaintiff's declaration in support of the Opposition is extrinsic to the pleading and cannot be considered.

Furthermore, Plaintiff's "Objections to Evidence" [Opposition 4:24 – 5:6] are without merit, because a motion to dismiss addresses the sufficiency of the pleading itself, and in determining such a motion the Court does not consider or weigh extrinsic evidence.   The only issue is whether the plaintiff has alleged facts that properly state a cognizable claim as a matter of law.   It should be noted that the Complaint contains, after the Sixth Cause of Action, an "Objection and Disallowance of Claim," and in

1  the Opposition Plaintiff objects to "Defendants' use of Proof of Claim 4-1." Plaintiff has put the Proof of

2  Claim in dispute by including this "objection" in the Complaint.  Defendant G&P is not "using" the

3  Proof of Claim, but only has attacked the objection as being procedurally improper.

4      In Section IV of the Memorandum, Plaintiff makes additional procedural claims.  He objects to

5  Defendant G&P's "standing" [Opposition 5:7-17].  He states that:

> "Defendant is the movant for this motion and bears the burden of proof.  It is
> Defendants' duty to prove up the recitals contained in their instruments,
> documents and claims, as well as their duty to show statutory compliance with the
> statute of frauds and the requirements for filing a Proof of Claim, their duty to
> show they (or the Court) has jurisdiction over their claim and their motion and
> finally their duty to show standing, including the condition precedent that they
> have clean hands, and authority under inquiries for both prudential and
> constitutional standing" [Memorandum 4:27 – 5:6].

In the same vein, Plaintiff states that "Defendant has no Article III standing as they have not

shown that they have been harmed" [Opposition 5:9, 5:14].  These arguments are confusing and

unintelligible, and Plaintiff has it backwards.  The burden is not on a defendant under a Rule 12(b)(6)

motion to "prove" anything other than to show that the Complaint fails to state a claim for which relief

can be granted.   As for the "standing" argument, Plaintiff seems to be saying that Defendant G&P is

not the "real party in interest," a requirement that only applies to a plaintiff.  Fed. R. Civ. P. 17(a)

(incorporated in Fed. R. Bank. P. 7017) provides that "an action must be prosecuted in the name of the

real party in interest."  G&P is not the plaintiff and is not prosecuting the case.   Similarly, G&P need

not show that it was "harmed."  G&P is a defendant and has not filed a cross-claim or counter-claim.

These objections are without merit and should be overruled.

## II.    PLAINTIFF'S CLAIMS OF "INCONSISTENCY" ARE ERRONEOUS

In Section III of the Memorandum, Plaintiff argues that Defendant Auburn Lake Trails Property

Owners Association (the "Association") had a "lien" on the subject Property merely by virtue of the

CC&R's recorded in September 1990.  Plaintiff contends that G&P's position that no lien was filed for

delinquent assessments "is self-refuting, illogical and inconsistent… and is an admission against interest that Plaintiff owes no assessments to ALT and G&P" [Memorandum 4:13-18]. First, a motion is not a pleading [Fed. R. Civ. P. 7(a) & (b)], and statements and arguments made in a motion do not constitute judicial admissions [*American Title Ins. Co. v. Lacelaw Corp.* (9th Cir. 1988) 861 F.2d 224, 226]. Second, Plaintiff is confusing the recording of the CC&R's, a prepetition act, with the recording of a lien for delinquent assessments, which never occurred.   The CC&R's are not a "lien" or a contract, but rather are an equitable servitude that runs with the land [Cal. Civil Code §1354]. These claims are either the result of confusion or an attempt to obfuscate the true facts. G&P did not state in the motion that the CC&R's were never recorded, only that no lien for delinquent assessments was ever recorded. These claims are without merit, and there is no inconsistency.

### III.  PLAINTIFF HAS NOT STATED ANY PROPER BASIS FOR OBJECTION TO THE PROOF OF CLAIM FILED BY G&P ON BEHALF OF THE ASSOCIATION

Plaintiff has not addressed the arguments in the motion that inclusion of an objection to claims in an adversary proceeding is procedurally improper. Fed. R. Bank. P.  3007(a) provides for a written objection to be filed and served with a notice of hearing. Fed. R. Bank. P.  3007(b) provides that an objection must be by adversary proceeding only if it seeks relief as provided in Fed. R. Bank. P.  7001. The only relevant grounds for disallowance of the claim is under 11 U.S.C. §502(b)(1): "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Plaintiff makes only conclusory and legally defective claims that G&P lacked authority to file the Proof of Claim, based upon the same theory upon which the entire adversary complaint is based, namely that G&P's use of the name "Allied Trustee Services" was somehow deceptive or improper.   As set forth in the motion in detail, these claims are completely without merit.

In the Memorandum, Plaintiff cites various objections to the Proof of Claim. First, he asserts that it was filed on the wrong form. The claim was filed on the official form authorized by the Bankruptcy Rules, and Plaintiff has not explained why the form is not the "correct" form, what information is missing from the claim, if any, and how Plaintiff is or was prejudiced or harmed. Next, Plaintiff contends that supporting documents are missing from the claim ("contracts, agency agreements, powers of attorney, appointments of trustee, fictitious business name statements, etc.") [Memorandum 6:18-22]. This is not required by the applicable rule, which only requires that when a claim is "based on a writing," that writing should be attached to the Proof of Claim [Rule 3001(c)(1)]. None of these items are the basis for the claim. Rather, the claim is based on the CC&R's, a recorded document that was attached to Plaintiff's original (although not the amended) complaint. Plaintiff's other arguments attacking the Proof of Claim restate his theories the G&P lacked authority to sign the claim form, that it lacks "standing" and is based on hearsay [Memorandum 6:22 – 7:2]. No "declaration" is required when filing a proof of claim, and the rules of evidence do not apply. For the reasons stated above and in the Motion itself, Plaintiff's arguments attacking G&P's authority to act for the Association are baseless and without merit. The motion should be granted.

## IV.    PLAINTIFF HAS NOT PROPERLY ALLEGED FACTS SUPPORTING THE CAUSES OF ACTION FOR UNFAIR DEBT COLLECTION PRACTICES

The Court, in granting the prior motion to dismiss, ordered the Plaintiff to "identify each statute and the specific subsection(s)… and the specific facts which support the claim." In the Memorandum, Plaintiff alleges various violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Act ("RFDCPA") [Memorandum 7:7 – 9:22, sections (i) through (xi)]. Each of these allegations fails to allege facts to support a statutory violation. For instance, in subsection (i) Plaintiff alleges "false and misleading representations," based on allegations in the Complaint that the

"Initial Communication" sought "to collect an amount not yet due," that "the amount of the claim was excessive" and "failed to disclose the amount of the debt."   These are all conclusory allegations or belied by Plaintiff's own exhibits.  The "Initial Communication" (attached and incorporated into the Complaint as Exhibit A) contains an itemized statement of the amounts due.  Plaintiff has not explained or alleged why the amount is "not yet due" or "excessive."  Subsection (ii) cites six paragraphs of the Complaint to support a claim of a misrepresentation that nonpayment will result in "arrest or imprisonment… or the seizure, garnishment, attachment, or sale of any property."  There is no such statement in Exhibit A, or in the cited paragraphs of the Complaint.  In subsection (iv), Plaintiff alleges a "written communication … falsely represented to be … authorized, issued or approved by any court, official, or agency of the United States or any state…".  Again, there is no such statement in Exhibit A, or in the cited paragraphs of the Complaint.

Similarly, Plaintiff contends that there was no warning that "a debt collector is attempting to collect a debt" (subsection (vi)), in spite of the fact of a "Notice Required by the Fair Debt Collection Practices Act" attached to Exhibit A, which states that "this communication is for the purpose of collecting a debt, and any information obtained from the owner(s) will be used for that purpose." Plaintiff has not disputed any particular item or charge itemized in the "Itemized Statement" attached to the "Initial Communication," or that the particular charges are not authorized by the CC&R's.  The claim that the amounts are not "expressly authorized by the agreement creating the debt" (subsection (vii)) is unsupported by the allegations of the Complaint.

Finally, Plaintiff makes claims that an additional notice was required to be sent five days after the Initial Communication "unless the following information is contained in the initial communication…" (subsections viii – xi)).  Plaintiff has not alleged there is any information missing from the Initial Communication, and it includes both an itemized statement of the amount due and the

"Notice Required by the Fair Debt Collection Practices Act" advising the recipient of his rights under the FDCPA.   Furthermore, Plaintiff notified the Association of the bankruptcy filing immediately upon receipt of the Initial Communication, and the Association acknowledged receiving notice of the filing, and that no further communications or attempts to collect the delinquent assessments would be made during the pendency of the bankruptcy case.   Plaintiff is trying to turn a harmless error in the Association's Collection Policy (inclusion of "Inc." after the name of "Allied Trustee Services") into a misleading and deceptive act *by G&P*.   As stated in the motion, no reasonable person could be confused by the error, nor can the error be ascribed to G&P.   Plaintiff does not allege any separate violations in support of its claim under the RFDCPA.   Both claims, under the state and federal statutes, are defective, and fail to state a claim as a matter of law.   The motion should be granted.

## V.   PLAINTIFF LACKS STANDING TO BRING A CLAIM UNDER CAL. BUS. & PROF. CODE §§17200 ET SEQ., AND HAS NOT ALLEGED AN "UNLAWFUL, UNFAIR, OR FRAUDULENT ACT"

Plaintiff has failed to address the standing argument in G&P's motion.   He cites the same *Qwikset* case cited in G&P's motion [*Kwikset Corp. v. Superior Court* (2010) 51 Cal.4th 310] but does not address the holding of the case.   As stated in the motion, *Kwikset* stands for the proposition that an "economic injury" is required to establish standing to state a cause of action under statute.   Cal. Bus. & Prof. Code §17204 requires that plaintiff allege that he has lost "money or property" and suffered "injury in fact" [*McAdams v. Monier, Inc.* (2010) 182 Cal.App.4th 174, 188].   Under *Kwikset*, an "injury in fact" means an "*economic* injury."   While Plaintiff has alleged that G&P lacked authority to send any dunning letters or collection notices, it has not alleged any damage, prejudice, harm or "economic injury."   Instead, Plaintiff asserts that a "'present or future property interest' has been diminished," but does not explain how.   Plaintiff has not alleged any recording other than the CC&R's, or that any third person even knew of the collection notice.   The mere fact that a homeowners' association has sent a

collection notice does not impair or "diminish" a property interest.

Plaintiff's claims of statutory violations are conclusory and without merit.    Penal Code §115 clearly does not apply, as Plaintiff has not alleged that G&P "knowingly procure[d] or offer[ed] any false or forged instrument...".    Penal Code §530.5(a) prohibits use of "personal identifying information... for any unlawful purpose."    No such falsity, forgery or "unlawful purpose" has been properly alleged.    No further "consent" was required for collection notices to be issued, as such notices are authorized by the CC&R's themselves.    Plaintiff also contends in the Opposition that "Defendant caused false documents (i.e. Notices of Default and Notices of Trustee's Sale) to be recorded ... the recording of these documents (Notices of Default and Notices of Trustee's Sale) is likely to deceive members of the public."    Plaintiff also alleges that Defendants "lacked authority to ... (vi) record collection notices, trustee sale dates and Trustee Deed Upon Sale instruments; and (v) perform invalid non-judicial sales of ALT members properties" [Opposition 14:25-28].    These are perplexing claims, as there are no such allegations in the Complaint.    All that is alleged is that a collection notice was sent to Plaintiff; no liens were recorded and no foreclosure proceeding was commenced.    All of the discussion concerning statutory violations due to faulty foreclosure notices or other recordings [Opposition 14:2 – 15:4] is irrelevant, because no such recordings have been alleged.    Plaintiff has not alleged an unlawful, unfair or fraudulent act, and lacks standing to bring a claim under the statute.    The motion should be granted.

## VI.    CONCLUSION

In spite of the Court granting Plaintiff leave to make a more definite statement of his claims, he has failed to add anything of substance.    All of the claims are either conclusory, are negated by Plaintiff's own exhibits, or are incorrect as a matter of law.    Plaintiff has been admonished in another adversary proceeding not to file "frivolous" pleadings but has not learned from that experience.    There

1  are no facts to support Plaintiff's claims, which are baseless in the extreme.  For the reasons stated

2  above, Plaintiff cannot succeed under these facts and these theories and "it appears beyond doubt that

3  the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,*

4  *supra.*     The Complaint is not "plausible on its face." *Twombly, supra.*   Accordingly, the entire

5  complaint fails to state a claim on which relief can be granted, and Plaintiff could not state a claim even

6  if granted leave to amend the complaint or to refile the complaint.  A court does not abuse its discretion

7  by denying leave to amend when a pleader has been given ample opportunity to state a claim, and

8  further amendment would be futile [*Schreiber Dist. Co. v. Serv-Well Furniture Co.* (9th Cir. 1986) 806

9  F.2d 1393, 1401; *Chang v. Chen* (9th Cir. 1996) 80 F.3d 1293, 1301; *Klamath-Lake Pharmaceutical*

10  *Ass'n. v. Klamath Med. Svc. Bureau* (9th Cir. 1983) 701 F.2d 1276, 1293; *Zucco Partners, LLC v.*

11  *Digimarc Corp.* (9th Cir. 2009) 552 F.3d 981, 1007].   Plaintiff has alleged no new facts that would

12  mandate a ruling different from the prior order of dismissal.  The motion should be granted and this case

13  should be dismissed *with prejudice.*

16  DATED: October 22, 2013          LAW OFFICES OF GLENN H. WECHSLER

                                     By:  */s/Lawrence D. Harris*
                                            LAWRENCE D. HARRIS

21  G:\Larry\Allied\Edstrom\Reply.FAC

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT - Page 9 of 9
ADV. PROC. NO. 13-02132-B